IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>                    Plaintiff,<br><br>        vs.<br><br>Joseph M. Arpaio,<br><br>                    Defendant. | 2:16-CR-01012-1-SRB<br><br>**ORDER TO SHOW CAUSE** |

This Order is entered pursuant to 18 U.S.C. § 401 and Rule 42 of the Federal Rules of Criminal Procedure.  On October 11, 2016, the Government stated its intention to prosecute Joseph M. Arpaio for contempt under 18 U.S.C. § 401(3) based on the Order Re Criminal Contempt entered by United States District Judge G. Murray Snow on August 19, 2016, in the *Melendres* matter.  *See Melendres v. Arpaio*, no. 2:07-cv-02513 (D. Ariz. Aug. 19, 2016), Order Re Criminal Contempt, ECF No. 1792.  For the reasons set forth below, the Court issues this Order to Show Cause as to whether Joseph M. Arpaio should be held in criminal contempt for willful disobedience of Judge Snow's preliminary injunction of December 23, 2011, entered in *Melendres*. *See Melendres*, Order, ECF No. 494.

The essential facts constituting the charged criminal contempt are as follows:

In December 2011, prior to trial in the *Melendres* case, Judge Snow entered a

preliminary injunction prohibiting Sheriff Arpaio and the Maricopa County Sheriff's Office ("MCSO") from enforcing federal civil immigration law or from detaining persons they believed to be in the country without authorization but against whom they had no state charges. *See Melendres*, Order, ECF No. 494. The preliminary injunction also ordered that the mere fact that someone was in the country without authorization did not provide, without more facts, reasonable suspicion or probable cause to believe that such a person had violated state law. *See id.* Judge Snow noted that Sheriff Arpaio admitted he knew about the preliminary injunction upon its issuance and thereafter. (Doc. 1677 ¶ 15.) Sheriff Arpaio's attorney stated to the press that the Sheriff disagreed with the Order and would appeal it, but would also comply with it in the meantime. (*Id.* ¶ 14.) Sheriff Arpaio's attorney and members of his command staff repeatedly advised him on what was necessary to comply with the Order.

Almost immediately after the court entered its original October 2, 2013 injunctive order, (Doc. 606), Judge Snow had to amend and supplement the order and enter further orders because: (1) the Sheriff refused to comply in good faith with the order's requirement that he engage in community outreach, (Doc. 670; *see also* Doc. 1677 ¶¶ 368, 368 n.13), and (2) the Sheriff and his command staff were mischaracterizing the content of the order to MCSO deputies and to the general public, (Doc. 680; *see also* Doc. 1677 ¶ 367). Within one month of those revisions, the Defendants disclosed to the court the arrest, suicide, and subsequent discovery of misconduct of Deputy Ramon "Charley" Armendariz who had been a significant witness at the trial of the underlying

matter. Among other things, the disclosure of Armendariz's misconduct eventually resulted in the determination that the Sheriff had intentionally done nothing to implement the court's 2011 preliminary injunctive order; and the Sheriff was not investigating the allegations of misconduct in good faith—especially those that pertained to him or to members of his command staff.

The MCSO continued to stop and detain persons based on factors including their race, (*id.* at ¶ 161), and frequently arrested and delivered such persons to ICE when there were no state charges to bring against them, (*id.* ¶¶ 157–61). Judge Snow concluded that Sheriff Arpaio did so based on the notoriety he received for, and the campaign donations he received because of, his immigration enforcement activity. (*Id.* ¶¶ 58–60.) Since Sheriff Arpaio had previously taken some of his arrestees to the Border Patrol when ICE refused to take them, he determined that referral to the Border Patrol would serve as his "back-up" plan for all similar circumstances going forward. (*Id.* ¶¶ 40–41.) Sheriff Arpaio's failure to comply with the preliminary injunction continued even after the Sheriff's appeal to the Ninth Circuit Court of Appeals was denied. (*Id.* ¶¶ 42–44.) When Plaintiffs accused Sheriff Arpaio of violating the Order, he falsely told his lawyers that he had been directed by federal agencies to turn over persons whom he had stopped but for whom he had no state charges. (*Id.* ¶¶ 50–52.) Nevertheless, Sheriff Arpaio's lawyer still advised him that he was likely operating in violation of the preliminary injunction. (*Id.* ¶ 53.) Although Sheriff Arpaio told counsel on multiple occasions either that the MCSO was operating in compliance with the Order, or that he would revise his practices so that

the MCSO was operating in compliance with the Order, he continued to direct his deputies to arrest and deliver unauthorized persons to ICE or the Border Patrol. (*Id.* ¶¶ 55–57.) After exhausting "all of its other methods to obtain compliance," Judge Snow referred Sheriff Arpaio's intentional and continuing non-compliance with the court's preliminary injunction to another Judge to determine whether he should be held in criminal contempt. (Order Re Criminal Contempt at 12.)

**THEREFORE**, the Court issues a notice to show cause as to whether Joseph M. Arpaio should be held in criminal contempt for willful disobedience of Judge Snow's preliminary injunction of December 23, 2011.

**IT IS FURTHER ORDERED** that Trial for this matter is set for **December 6, 2016 at 9:00 a.m.** in the Sandra Day O'Connor U.S. Courthouse, 401 W. Washington Street, Courtroom 502, Phoenix, Arizona 85003.

Dated this 25th day of October, 2016.

_____
Susan R. Bolton
United States District Judge

- 4 -