**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

United States of America,

Plaintiff,

v.

Joseph M. Arpaio,
Steven R. Bailey,
Michele Iafrate, and
Gerard Sheridan

Defendants.

No. CR-16-01012-PHX-SRB

**ORDER**

At issue are Defendants' Memoranda Re: Statute of Limitations (Docs. 34, 35, 37, & 38).[1]

## I. BACKGROUND

This case arises from Judge G. Murray Snow's Order Re Criminal Contempt directing this Court to determine whether Defendants Joseph M. Arpaio, Steven R. Bailey, Michele Iafrate, and Gerard Sheridan should be held in criminal contempt for their conduct during their civil case. (Doc. 1, Aug. 19, 2016 Order at 31-32.) This order addresses the criminal contempt referral of Sheriff Arpaio and Chief Deputy Sheridan involving the non-disclosure of 50 Montgomery hard drives and the criminal contempt referral of Chief Deputy Sheridan, Captain Bailey, and Ms. Iafrate involving the

---

[1] Each Defendant filed a separate memorandum briefing the applicable statute of limitations. The briefs all raise similar arguments, so the Court will refer to one brief throughout.

concealment of 1,459 IDs. (Order at 6-7, 10, 15, 18-19, 27.) These aspects of Judge Snow's civil contempt proceeding have a long history which the Court briefly summarizes here. In the underlying civil suit, Judge Snow appointed a Monitor to oversee various Maricopa County Sheriff's Office internal affairs investigations. Defendants were required to turn over various related materials to the Monitor. Judge Snow ordered Sheriff Arpaio to oversee preservation and production of the Montgomery materials, which he did not do. (Order at 6-7.) Chief Deputy Sheridan also did not produce the 50 Montgomery hard drives. (Order at 15.) The Monitor discovered the hard drives in July 2015. (Order at 16.) Chief Deputy Sheridan also concealed 1,459 IDs that were found during the course of an internal affairs investigation and ordered Captain Bailey to suspend the investigation. (Order at 10, 18.) Chief Deputy Sheridan consulted Ms. Iafrate about whether they had to disclose the IDs to the Monitor, and she told them not to disclose the IDs. (Order at 19, 27.) Captain Bailey told the Monitor that they had not found any new IDs. (Order at 20, 25.) The Monitor was informed about the IDs on July 22, 2015. (*Id.*) Judge Snow held a hearing on July 24, 2015, wherein each Defendant testified regarding their participation in the concealment of the IDs and/or the Montgomery materials.

Judge Snow issued his Order Re Contempt on August 19, 2016 directing this Court to determine whether Sheriff Arpaio, Chief Deputy Sheridan, Captain Bailey, and Attorney Iafrate should be held in criminal contempt. (Doc. 1, Order at 32.) Judge Snow's order set forth three categories of contumacious conduct: Defendant Arpaio's violation of the court's preliminary injunction, Defendants Arpaio and Sheridan's participation in the non-disclosure of the Montgomery hard drives, and Defendants Sheridan, Bailey, and Iafrate's concealment of the IDs. (*See* Order at 1-2.) The Court held a status conference on October 11, 2016. (Doc. 24, Minute Entry.)

At the status conference, the Government asserted that there were two statutes governing criminal contempt, 18 U.S.C. § 401 and 18 U.S.C. § 402. (Doc. 27, Rep.'s Tr. of Status Conference at 5.) Section 401 addresses disobedience of court orders. (*Id.*)

Section 402 addresses a subset of that conduct, conduct that also constitutes a criminal offense. (*Id.*) The Government argued that Sheriff Arapio's contumacious conduct of violating Judge Snow's preliminary injunction order is punishable under Section 401, but because non-disclosure of the Montgomery hard drives and concealment of the IDS also constitute obstruction of justice, a separate crime, this contumacious conduct is punishable under Section 402. (*Id.* at 6.) Contumacious conduct subject to Section 401 does not have a statute of limitations; however conduct subject to Section 402 has a one-year statute of limitations, which the Government claimed had run. 18 U.S.C. § 3285; (Rep.'s Tr. of Status Conference at 7-8.) The Court directed counsel to file briefs regarding the statute of limitations and possible tolling of the statute as relevant to the Government's position on the charges arising from the Montgomery hard drives and the IDs. (Doc. 24, Minute Entry.) The parties entered into an agreement tolling the statute of limitations that day awaiting a determination of the issue by the Court. (*Id.*) The Court now considers whether the statute of limitations applicable to contumacious conduct under 18 U.S.C. § 402 has run.

## II. LEGAL STANDARD AND ANALYSIS

Defendants argue that a criminal contempt prosecution related to the non-disclosure of Montgomery materials and the IDs cannot be brought because 18 U.S.C. § 3285 sets a one year statute of limitations for contumacious conduct punishable under Section 402, which expired prior to Judge Snow's order. (Doc. 34, Mem. Regarding Expiration of Statute of Limitations under 18 U.S.C. § 3285 at 2-3.) "No proceeding for criminal contempt within section 402 of this title shall be instituted against any person, corporation or association unless begun within one year from the date of the act complained of." 18 U.S.C. § 3285. Defendants Arpaio and Sheridan's contumacious conduct arose from their actions regarding the Montgomery hard drives and Defendants Sheridan, Bailey, and Iafrate's contumacious conduct arose from concealment of the IDs. At latest, their conduct ceased on July 24, 2015 when they were called to the hearing before Judge Snow because at that time the Monitor had possession of the undisclosed

evidence. Judge Snow's order was not issued until August 19, 2016, more than three weeks after the statute of limitations expired. Additionally, there is no basis for tolling the statute of limitations because any potentially excludable time periods occurred prior to the July 24, 2015 hearing. Therefore, the Court cannot proceed with criminal contempt charges against Defendants Arpaio and Sheridan for their conduct regarding the non-disclosure of the Montgomery hard drives or against Defendants Sheridan, Bailey, and Iafrate for their conduct regarding concealment of the IDs.

## III. CONCLUSION

Because 18 U.S.C. § 3285 provides a one year statute of limitations for criminal contempt that is also a crime and the contumacious conduct at issue ended more than one year ago, the Court dismisses Defendants Sheridan, Bailey, and Iafrate from the criminal contempt proceedings and will proceed against Defendant Arpaio only for those allegations of criminal contempt in the Order to Show Cause (Doc. 36).

**IT IS ORDERED** dismissing Defendants Sheridan, Bailey, and Iafrate.

Dated this 13th day of December, 2016.

Susan R. Bolton
United States District Judge