RAYMOND N. HULSER
Chief
Public Integrity Section, Criminal Division
U.S. Department of Justice

JOHN D. KELLER
Illinois State Bar No. 6293104
VICTOR R. SALGADO
DC Bar No. 975013
Trial Attorneys
Public Integrity Section, Criminal Division
U.S. Department of Justice
1400 New York Ave, NW, 12th floor
Washington, D.C. 20005
Tel: (202) 514-1412
John.Keller2@usdoj.gov
Victor.Salgado@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>v.<br><br>Joseph M. Arpaio,<br><br>    Defendant. | No. CR-16-01012-PHX-SRB<br><br>**GOVERNMENT'S BRIEF IN SUPPORT OF REQUEST FOR BENCH TRIAL** |

There is no constitutional right to a jury trial for criminal contempt charges resulting in a sentence of imprisonment of six months or less. On October 11, 2016, during an initial status conference, the parties discussed whether the right to a jury trial applied in this criminal contempt proceeding. Trial is now set for April 4, 2016. The government thus provides this brief in support of its request that the Court agree to a maximum sentence of six months' imprisonment and proceed with a bench trial.

In *Muniz v. Hoffman*, 422 U.S. 454 (1975), the Supreme Court held that "a sentence of as much as six months in prison, plus normal periods of probation, may be imposed without a jury trial; [] but imprisonment for longer than six months is constitutionally impermissible unless the

contemnor has been given the opportunity for a jury trial." *Muniz*, 422 U.S. at 475.[1] In *United States v. Rylander*, 714 F.2d 996 (9th Cir. 1983), the Ninth Circuit squarely addressed contempt offenses and confirmed that "[w]here no maximum penalty is specified, a contemnor may be sentenced to up to six months' imprisonment and fined as much as $500 without a jury trial." *Rylander*, 714 F.2d at 1005. Thus, for contempt prosecuted under 18 U.S.C. § 401, if a defendant is sentenced to six months' imprisonment or less and/or a fine of $500 or less, there is no right to a jury trial.

A sentence of six months in prison would serve the interests of justice in this case if the defendant is convicted. The government thus requests that the Court proceed with a bench trial in this matter.[2]

                                    Respectfully Submitted,

                                    RAYMOND N. HULSER
                                    Chief, Public Integrity Section

                              By: */s/ John D. Keller*
                                  John D. Keller
                                  Victor R. Salgado
                                  Trial Attorneys
                                  United States Department of Justice
                                  Public Integrity Section
                                  1400 New York Ave. NW

---

[1] In *Cheff v. Schnackenberg*, 384 U.S. 373, 380 (1966) and *Bloom v. State of Illinois*, 391 U.S. 194 (1968), the Supreme Court overturned a long line of precedent under which criminal contempt had been held exempt from the Sixth Amendment's guarantee of the right to trial by jury. *See Bloom*, 391 U.S. at 196 ("These cases construed the Due Process Clause and the otherwise inclusive language of Article III and the Sixth Amendment as permitting summary trials in contempt cases because at common law contempt was tried without a jury and because the power of courts to punish for contempt without the intervention of any other agency was considered essential."). In *Muniz*, the Supreme Court summarized its prior holdings in *Cheff*, *Bloom*, and several subsequent decisions.

[2] Due to the widespread publicity associated with this case, the parties would need sufficient time to address procedural issues such as proposed juror questionnaires, the procedure for completion of the questionnaires, and voir dire regarding pre-trial publicity should the Court determine that the right to a jury trial applies in this case.

Washington, DC  20005
(202) 514-1412
John.Keller2@usdoj.gov
Victor.Salgado@usdoj.gov

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on today's date, I electronically filed the foregoing via the CM/ECF system which will provide notice to counsel of record for the defendant.

                                        /s/ *John D. Keller*
                                        John D. Keller
                                        Trial Attorney