A. Melvin McDonald, Bar #002298
Joseph J. Popolizio, Bar #017434
Justin M. Ackerman, Bar #030726
JONES, SKELTON & HOCHULI, P.L.C.
40 North Central Avenue, Suite 2700
Phoenix, Arizona 85004
Telephone: (602) 263-1700
Fax: (602) 200-7847
Melmcdonald2@gmail.com
jpopolizio@jshfirm.com
jackerman@jshfirm.com

Attorneys for Defendant Joseph M. Arpaio

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| United States of America, | NO. 2:16-CR-01012-SRB |
|---|---|
| Plaintiff, | **DEFENDANT JOSEPH ARPAIO'S RESPONSE TO GOVERNMENT'S MOTION REQUESTING A BENCH TRIAL** |
| v. | |
| Joseph M. Arpaio, Steven R. Bailey, Michelle Iafrate, and Gerard Sheridan, | **AND** |
| | **DEFENDANT JOSEPH ARPAIO'S CROSS MOTION REQUESTING JURY TRIAL** |
| Defendants. | |

Defendant Joseph M. Arpaio hereby responds to the Government's Brief in Support of Request for Bench Trial. [Doc. 61]. Defendant Arpaio requests that this Court deny the Government's request for bench trial and asks that this case be decided by a jury of his peers.

While Defendant Arpaio acknowledges that there is no constitutional right to a jury trial for defendants charged with "petty" offenses where the maximum sentence does not exceed six months imprisonment, "[t[he right to a trial by jury is a great constitutional right," and is "only in exceptional cases and for specified causes [should] a party…be deprived of it." *Town of Grand Chute v. Winegar,* 82 U.S. 373, 375 (1872). Until *Schick* was decided in 1904, a jury trial was the exclusive method in determining

guilt in all federal criminal court cases. *Singer v. U.S.*, 380 U.S. 24, 32, 85 S.Ct. 783 (1965). This is a case that justifies a jury trial. Put simply, this is a case that requires a jury of Defendant Arpaio's peers, a cross-section of the community, to decide whether he was right or wrong because there is a premise that "laymen" not "specialists" are better in determining right or wrong, or guilt or innocence in federal courts. *See U.S. ex rel. Toth v. Quarles*, 350 U.S. 11, 18, 76 S.Ct. 1, 6 (1955).

The Government argues that Defendant Arpaio does not have a constitutional right to a jury trial if the Court agrees to a punishment of no more than six months in prison; in other words, a "petty offense." *See Baldwin v. New York*, 399 U.S. 66, 90 S.Ct. 1886 (1970). However, whether an offense is "petty" can also depend on the nature of the crime itself, not just the potential punishment. *District of Columbia v. Colts*, 282 U.S. 63, 73, 51 S.Ct. 52 (1930). Moreover, even the authority cited by the Government, including *Muniz v. Hoffman* and *United States v. Rylander*, specifically acknowledge that the federal district court has full discretion to grant a jury trial notwithstanding the fact that the punishment may be no more than six months in prison.

In addition, while the Government asks the Court to agree to a maximum sentence of six months in prison and proceed with a bench trial, there are other significant factors and equities that favor a jury trial. First, Defendant Arpaio was the Sheriff of Maricopa County for 24 years. He served his country as a federal agent for 31 years, retiring from federal service as the special agent in charge of the DEA for the District of Arizona. He is an elected official. He serves the people of Maricopa County, and this year, became the longest serving Sheriff in Maricopa County history. His alleged actions and decisions had an impact on the County, and to a significant degree, the State. What he chose to do as an elected official while serving as the Sheriff of Maricopa County was frequently made public. He was elected by the citizens of Maricopa County to an unprecedented six terms. His office has been subject to public scrutiny, just like his actions. Now, he is facing allegations that his actions, or the actions he made as Sheriff of Maricopa County, violated the Court's Preliminary Injunctive Order. Whether these

actions were intentional or justified, should also be decided by a jury of his peers, not this Court. Many of the actions of the referring judge will become an issue in the case, calling into question the objectives and motives of Judge Snow. A public official's actions and motives should and must be decided by an impartial jury of the elected official's peers.

Second, this case has been pending in United States District Court since October 11, 2016, and the referral to file criminal charges was made by a distinguished colleague of this Court, Judge Murray Snow. Prior to, and now currently, there are several pleadings and arguments made in favor of, or against, Judge Snow's recusal. These pleadings are public and have been extensively reported on by the media. Because this case is well known to the public, media, and subsequently, all the judges in the United States District Court in the District of Arizona, including the Phoenix division of the court, a trial by jury avoids any appearance of bias or impropriety. Stated another way, in a case of this magnitude, with allegations of a publicly elected official intentionally defying a Court's order, it is better to have a group of people—a jury of Defendant Arpaio's peers—decide the case, rather than a single judicial officer. This would eliminate *any* appearance of impropriety, the parties making arguments against impropriety, or even the allegation of impropriety.

For the reasons set forth above, Defendant Arpaio respectfully asks that the Court not only deny the Government's request to proceed with bench trial, but also grant Defendant Arpaio's counter- request for a jury trial.

RESPECTFULLY SUBMITTED this 27th day of December 2016.

JONES, SKELTON & HOCHULI, P.L.C.

By: /s/ A. Melvin McDonald
A. Melvin McDonald
Joseph J. Popolizio
Justin M. Ackerman
40 North Central Avenue, Suite 2700
Phoenix, Arizona 85004
Attorneys for Defendant Joseph M. Arpaio

**CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of December 2016, I electronically filed the foregoing filing with the Clerk of Court through the CM/ECF System which will send notification of such filing to the attorneys of record for the defendants.

/s/ Diana Weeks