**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| United States of America,<br><br>       Plaintiff,<br><br>v.<br><br>Joseph M. Arpaio,<br><br>       Defendant. | No. CR-16-01012-001-PHX-SRB<br><br>**ORDER** |

At issue are the Government's Brief in Support of Request for Bench Trial ("Gov.'s Mot.") (Doc. 61) and Defendant's Cross-Motion Requesting Jury Trial ("Def.'s Mot.") (Doc. 62).

**I.   BACKGROUND**

This case comes to the Court by way of a criminal contempt referral from Judge Snow. (Doc. 1, Order Re Criminal Contempt.) On October 11, 2016, the Court held a Status Conference where the Government asked the Court to limit Defendant's potential penalty to no more than six months in prison and requested a bench trial. (Doc. 27, Rep.'s Tr. of Proceedings Status Conference 9:5-16.) Defendant indicated that he wanted time to research the question of whether he was entitled to a jury trial. (*Id.* 15:19-16:2.) The Court declined to resolve the issue at the Status Conference. (*Id.* 38:19-39:15.) On October 25, 2016 the Court issued an Order to Show Cause setting forth the essential facts constituting the charged criminal contempt. (Doc. 36.) The Government submitted its Brief in Support of Request for Bench Trial on December 15, 2016, Defendant submitted a Cross-Motion Requesting Jury Trial on December 27, 2016, and briefing concluded on January 9, 2017. (*See* Docs. 61, 62, 63, 66, 69.) The Court heard argument

on January 25, 2017. (*See* Doc. 71, Minute Entry.) The Court now rules on the Government's Request for Bench Trial and Defendant's Cross-Motion Requesting Jury Trial.

## II.   LEGAL STANDARD AND ANALYSIS

The Government argues that there is no constitutional right to a jury trial for criminal contempt charges if the possible sentence of imprisonment is no greater than six months. (Gov.'s Mot. at 1.) Defendant concedes that there is no constitutional right to a jury trial when the maximum sentence of imprisonment cannot exceed six months, but argues that the Court should, in its discretion, grant a jury trial. (Def.'s Mot. at 1.)[1] Defendant argues that the Court should grant a jury trial because "the objectives and motives of Judge Snow" will be called into question and "a trial by jury avoids any appearance of bias or impropriety" on the part of any of the judges in the District of Arizona. (*Id.* at 2-3.) A defendant charged with criminal contempt does not have a constitutional right to a jury trial where the conviction can result in a sentence of imprisonment not longer than six months. *See Muniz v. Hoffman*, 422 U.S. 454, 475-76 (1975); *United States v. Rylander*, 714 F.2d 996, 1005 (9th Cir. 1983).

At the January 25, 2017 argument, Defendant, through his counsel, stated "Judge, if the question you posed to me was if it goes jury, all bets are off, if it goes court, it's capped, I would vote court." (Doc. 74, Rep.'s Tr. of Proceedings Pretrial Conference 19:19-21.) The case law is clear, if the Court limits Defendant's potential sentence to six months or less, there is no right to a jury trial. *See Muniz*, 422 U.S. at 475-76. Furthermore, the Court has found no precedent for granting a jury trial for a charge of criminal contempt when the possible sentence was limited to a maximum of six months

---

[1] Defendant also argues that a jury trial is statutorily required under 18 U.S.C. § 3691. (Doc. 69, Def. Joseph M. Arpaio's Supp. to Reply to Gov. Resp. in Supp. of Def.'s Mot.) Section 3691, however, confers a statutory right when the contumacious conduct also constitutes a separate criminal offense. 18 U.S.C. § 3691. As the Court explained in its December 13, 2016 Order, Defendant's conduct arising out of his disobedience of Judge Snow's preliminary injunction does not constitute a separate criminal offense, and therefore, § 3691 does not apply. (*See* Doc. 60, Dec. 13, 2016 Order at 2-3.)

in prison. *See e.g.*, *Taylor v. Hayes*, 418 U.S. 488, 496 (1974) ("[A] State may choose to try any contempt without a jury if it determines not to impose a sentence longer than six months"); *United States v. Aldridge*, 995 F.2d 233 (9th Cir. 1993) (Table) (concluding that Defendant had no right to a jury trial because the district court did not sentence him to more than six months' imprisonment or fine him more than $500); *United States v. Berry*, 232 F.3d 897 (9th Cir. 2000) (Table) (concluding that when the trial court stipulates that it will not impose a sentence longer than six months, Defendant was not entitled to a jury trial).

The Court finds that this case is appropriate for a bench trial. This case focuses on the application of facts to the law to determine if Defendant intentionally violated a court order. It does not necessitate an inquiry into the "motives of the referring judge". At oral argument, Defendant further explained that he thought there was "anger" on the referring judge's part in making the referral. (*Id.* at 17:2-7.) As the Court pointed out at oral argument, the referring judge's motives are not relevant in determining if Defendant's violations were in fact willful. (*Id.* at 17:11-16.) While Defendant argues that a jury trial will prevent any appearance of impropriety, this Court does not believe there is any such appearance. Therefore, the Court grants Government's Request for a Bench Trial and denies Defendant's Cross-Motion Requesting Jury Trial.

**IT IS ORDERED** granting the Government's Brief in Support of Request for Bench Trial (Doc. 61).

**IT IS FURTHER ORDERED** denying Defendant's Cross-Motion Requesting Jury Trial (Doc. 62).

Dated this 1st day of March, 2017.

_____
Susan R. Bolton
United States District Judge