A. Melvin McDonald, Bar #002298
Linda K. Tivorsak, Bar #024789
JONES, SKELTON & HOCHULI, P.L.C.
40 North Central Avenue, Suite 2700
Phoenix, Arizona 85004
Telephone: (602) 263-1700
Fax: (602) 200-7847
mmcdonald@jshfirm.com
ltivorsak@jshfirm.com

Mark D. Goldman
GOLDMAN & ZWILLINGER, PLLC
17851 North 85th Street, Suite 175
Scottsdale, AZ 85255
Telephone: 480-626-8483
Fax: 480-502-7500

Attorneys for Defendant Joseph M. Arpaio

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| United States of America, | NO. 2:16-CR-01012-SRB |
| Plaintiff, | **Defendant Arpaio's Motion to Preclude Alleged "Victim" Testimony** |
| v. | |
| Joseph M. Arpaio, | |
| Defendants. | |

Defendant Joseph M. Arpaio moves to preclude the testimony of any so called "victim" witness in this matter. The Government has listed two witness in this action whose sole testimony appears to be based on their victim status.[1] Neither of these individuals, however, have any bearing on the issues to be litigated at trial, whether Defendant Arpaio violated Judge Snow's preliminary injunction and if so, did he violate it intentionally. Accordingly, Defendant Arpaio moves to preclude their testimony in this

---

[1] To prevent the early disclosure of the identity of these witnesses, Defendant Arpaio does not provide their names or any specific facts related to their disclosures by the Government. Defendant Arpaio submits that the specific factual information related to these witnesses is not necessary to the Court's legal decision on this issue, but should the Court require more information, Defendant Arpaio can submit that information under seal with the Court.

5708658.1

matter.

## I. "VICTIM" WITNESSES TESTIMONY IS NOT RELEVANT AND IS UNFAIRLY PREJUDICIAL TO A CHARGE OF CRIMINAL CONTEMPT FOR VIOLATION OF A PRELIMINARY INJUNCTION.[2]

Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. Fed. R. Evid. 401. Here, the sole issue to be tried whether Joseph M. Arpaio should be held in criminal contempt for willful disobedience of Judge Snow's preliminary injunction of December 23, 2011. [Doc. 36]. "In criminal contempt willful disobedience must be proved beyond a reasonable doubt." *Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 782 (9th Cir. 1983). "Willfulness in this context means a deliberate or intended violation, as distinguished from an accidental, inadvertent, or negligent violation of an order." *Id.* Here, any testimony and evidence provided by a purported "victim" witnesses do not, in any way, make it more or less probable that Defendant Arpaio made a deliberate or intended violation of the Court's December 23, 2011 preliminary injunction. Because their testimony cannot be of consequence to the determination in this action, the Court should preclude any testimony and evidence provided by "victim" witnesses in this action.

In addition, even assuming this testimony is relevant, the Court should preclude it as unfairly prejudicial and a waste of time under Fed. R. Evid. 403. The term "unfair prejudice," as to a criminal defendant, speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from

---

[2] As a threshold matter, Defendant Arpaio is cognizant of the Court's admonition to the parties not to file any pretrial Motions in Limine. However, this Motion is not intended to limit evidence or testimony presented during trial, rather, it is intended preclude introduction of testimony and evidence prior to trial. Moreover, although the concerns of the rules of evidence are relaxed in a bench trial context, they are not eliminated. *See U.S. Sec. & Exch. Comm'n v. Jensen,* 835 F.3d 1100, 1116 (9th Cir. 2016) (recognizing "a clear risk of unfair prejudice" in the context of a bench trial under Rule 403). Finally, should the Court determine that this Motion is improper, Defendant Arpaio submits that the Court should considered it as bench memo for the Court's consideration to the objection that will be raised at trial toward any "victim" witness testimony during trial.

proof specific to the offense charged. *Old Chief v. United States*, 519 U.S. 172, 180 (1997). Here, permitting the Government to parade in front of the Court witnesses who claim they were unlawfully detained and deported under Arpaio's alleged violation of the Court's preliminary injunction would be substantially unfair and a waste of the Court's time. The sole purpose of this irrelevant testimony, is to inflame the Court's sense of passion and attempt to persuade it to adjudicate this action on something other than what the law requires and other than the merits of the case. Moreover, given the utter lack of relevance this testimony has on the issue before the court, as explained above, admitting this kind of testimony would constitute unfair prejudice. Accordingly, Defendant Arpaio believes that even if the Court somehow finds that these purported victim witnesses' testimony is admissible, it should be precluded under Rule 403, Fed. R. Evid.

## II. CONCLUSION.

Based on the foregoing, Defendant Arpaio moves to preclude the testimony of any "victim" witness in this matter because it is irrelevant to the Court's determination in this action, unfairly prejudicial, and a waste of this Court's time.

RESPECTFULLY SUBMITTED this 24th day of March 2017.

JONES, SKELTON & HOCHULI, P.L.C.

By /s/ A. Melvin McDonald
    A. Melvin McDonald
    Linda K. Tivorsak
    40 North Central Avenue, Suite 2700
    Phoenix, Arizona 85004

GOLDMAN & ZWILLINGER
    Mark D. Goldman
    17851 North 85th Street, Suite 175
    Scottsdale, AZ 85255

Attorneys for Defendant Joseph M. Arpaio

**CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of March 2017, I electronically filed the foregoing filing with the Clerk of Court through the CM/ECF System which will send notification of such filing to the attorneys of record for the defendants.

/s/ Diana Weeks

5708658.1

4