ANNALOU TIROL
Acting Chief
Public Integrity Section, Criminal Division
U.S. Department of Justice

JOHN D. KELLER
Illinois State Bar No. 6293104
VICTOR R. SALGADO
DC Bar No. 975013
SIMON J. CATALDO
Massachusetts Bar 690879
Trial Attorneys
Public Integrity Section, Criminal Division
U.S. Department of Justice
1400 New York Ave, NW, 12th floor
Washington, D.C. 20005
Tel: (202) 514-1412
John.Keller2@usdoj.gov
Victor.Salgado@usdoj.gov
Simon.Cataldo@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Joseph M. Arpaio,<br><br>Defendant. | No. CR-16-01012-PHX-SRB<br><br>**Government's Response to Defendant's Motion to Clarify Background and History of the "Civil Contempt" Admission & Motion Requesting a Voluntariness Hearing and Supplement in Support of Motion to Clarify Background and History of the "Civil Contempt" Admission** |
|---|---|

The government does not intend to offer Judge Snow's civil contempt finding against the defendant in this criminal trial. But the defendant's admissions, made voluntarily both in pleadings and during his testimony, are relevant evidence of his knowledge of the preliminary injunction and his repeated violations of that order. To the extent that the defendant's motions seek to exclude such factual admissions, the motions should be denied.

**I.     The Defendant's Admissions Are Relevant**

The defendant argues that his admission "on behalf of his (former) office, that there was non-compliance [with the preliminary injunction] does not make it more or less

probable that he *willfully disobeyed* Judge Snow's order." Mot. to Clarify Civil Contempt Admission at 4, ECF No. 102 (emphasis in original). Not so. To prove that the defendant engaged in criminal contempt, the government must prove that: (1) Judge Snow issued a clear and definite order; (2) the defendant knew of the order; and (3) the defendant willfully disobeyed the order. *United States v. Powers*, 629 F.2d 619, 627 (9th Cir. 1980). To prove the third element—that the defendant willfully disobeyed the order—the government must first prove that the order was in fact violated. In his testimony on April 22, 2015, under examination by plaintiffs' counsel, the defendant testified as follows:

> Q. . . . .You acknowledge and appreciate that you have violated the Court's orders and that there are consequences for those violations, correct?
>
> A. Yes.

*Melendres*, Tr. of Hr'g at 475:12–15, ECF No. 1021. Further, in his own pleadings, the defendant admitted the following:

> MCSO received notice of the preliminary injunction and failed to implement the order, generally to its deputies, or more specifically to the Human Smuggling Unit (HSU), which bore primary responsibility for enforcing state and federal immigration laws and conducting interdiction patrols.
>
> As a result of the failure of MCSO to ensure that an office-wide notification successfully communicated the preliminary injunction to all of its deputies, MCSO immigration enforcement activities that violated the preliminary injunction continued.
>
> On December 23, 2011, Timothy Casey, then-counsel for MCSO and Sheriff Joseph Arpaio sent an email regarding the preliminary injunction to Chief Deputy Sheridan, Executive Chief (Ret.) Sands, Deputy Chief Macintyre, and Lieutenant Sousa.
>
> Although Sheriff Arpaio did not receive the email from Mr. Casey, he was informed of the preliminary injunction shortly after it was issued.
>
> Despite being aware of the preliminary injunction, Sheriff Arpaio failed to take steps necessary to ensure that MCSO complied with the preliminary injunction.

*Melendres*, Ex. A to Expedited Mot. to Vacate Hr'g at 1–2, ECF No. 948-1.[1]  The defendant's own admissions that he was aware of the order and that the order was nonetheless violated are the epitome of relevant evidence as to the defendant's knowledge of the order and the fact of the violation.

**II.     The Defendant's Testimony in *Melendres* Was Voluntary**

The defendant also claims that a portion of his testimony in the *Melendres* civil contempt hearings should not be admitted because it was coerced by Judge Snow. ECF No. 105 at 1–6.  This claim is meritless and does not warrant this court exercising its discretion to hold a voluntariness hearing.  *See United States v. Walczak*, 783 F.2d 852, 857 (9th Cir. 1986) ("Whether an evidentiary hearing is appropriate rests in the reasoned discretion of the district court.").

On February 26, 2015, Judge Snow held a status conference during which the Court and the parties discussed a potential settlement regarding the defendants' contempt. *Melendres*, Tr. of Status Conference, ECF No. 926.  The parties did not reach a settlement agreement.  Subsequently, on March 17, 2015, the defendants filed the Expedited Motion to Vacate Hearing and Request for Entry of Judgment quoted above, seeking to avoid the upcoming civil contempt hearings by admitting civil contempt. *Melendres*, ECF No. 948 at 1.  Judge Snow denied that motion, and the civil contempt evidentiary hearings commenced on April 21, 2015.  When questioned by Judge Snow on day three of the hearing, the defendant admitted that he was in civil contempt for violating the December

---

[1] Mr. McDonald and other counsel filed this Motion on behalf of the defendant. *Melendres*, Mot. to Vacate at 5, ECF No. 948. The Motion was accompanied by Exhibit A, quoted above, which included factual stipulations as to the defendants' conduct. The defendant testified at the civil contempt hearing, approximately one month later, and admitted that the factual stipulations were true. *Melendres*, Tr. of Hr'g at 475–76, ECF No. 1021. The government intends to offer these factual stipulations at trial as opposing party admissions pursuant to Federal Rule of Evidence 801(d)(2). The defendant's motions do not appear to challenge these admissions or any of his testimony other than his responses to the questions posed by Judge Snow. To the extent that the defendant does challenge additional admissions made in his pleadings or testimony, they are admissible and were made voluntarily for the same reasons set forth in this response.

23, 2011, preliminary injunction. *Melendres*, Tr. of Hr'g at 626, ECF No. 1027.

The defendant claims that the testimony he gave in response to Judge Snow's questions was not voluntary. Mot. for Voluntariness Hr'g at 4, ECF No. 105. "The test [for determining voluntariness] is whether, considering the totality of the circumstances, the government obtained the statement by physical or psychological coercion or by improper inducement so that the suspect's will was overborne." *United States v. Leon Guerrero*, 847 F.2d 1363, 1366 (9th Cir. 1988). The defendant argues that the context of, and the questions posed by, Judge Snow implied that if the defendant admitted that he had committed civil contempt, then he would be "insulate[d] from the very criminal contempt charges Judge Snow [later] requested." Mot. for Voluntariness Hr'g at 6, ECF No. 105. A review of the record, however, clearly shows that Judge Snow made no such representation or promise, implicitly or otherwise. During his examination of the defendant at the April 23, 2015, hearing, Judge Snow made no mention of, or allusion to, criminal contempt. *Melendres*, Transcript of Hr'g at 625-60, ECF No. 1027. In fact, Judge Snow clarified at the request of counsel for the County that his references to "contempt" were explicitly limited to "civil contempt." *Id.* at 626. Before and after his exchange with Judge Snow, the defendant testified on six different days spread out over the course of several months, under questioning by multiple attorneys, demonstrating the voluntary nature of his testimony and belying the claims in his present motions.

At the earlier, February 26, 2015, status conference cited in the defendant's motion, Mot. for Voluntariness H'rg at 6, ECF No. 105, Judge Snow stated that he would require a criminal resolution *as part of* any civil settlement:

> I'm not going to sign off on any civil contempt settlement that does not also involve a criminal contempt settlement that is acceptable to me. So that doesn't mean that they have to be -- if you're suggesting they can be separate, that's fine. You're just going to need to wrap them all up and present them . . . .
>
> That being said, it seems to me that it is still . . . my obligation to decide whether or not I'm going to refer this matter initially for criminal contempt.

> . . . [A]nd there are certain things I won't sign off on unless -- I mean, there are going to be certain bottom-line requirements for me to sign off on any settlement agreement that foregoes a -- a criminal contempt hearing, and maybe if it gets down to that in your discussions with the United States Attorney, with all sides consenting, I'll tell you what they are, and you can determine -- or you can give me what you have given, and I'll tell you what I'm going to also require, if in fact they aren't already taken care of.

Transcript of Hr'g at 37, 39–40, ECF No. 926. Contrary to defendant's suggestion of implied immunity, Judge Snow's statements suggested to counsel that any settlement would need to contemplate a resolution of criminal liability. Judge Snow never promised to insulate the defendant from criminal liability at this hearing where, notably, the defendant *made no statements*. In fact, the contested admissions outlined in the defendant's motions were made during testimony roughly two months later at an evidentiary hearing, with counsel present, long after the contemplated settlement discussions dissipated. Given such circumstances, the defendant's will cannot be said to have been overborne. The record reflects that his admissions were voluntary.[2]

For the foregoing reasons, the defendant's motions should be denied without a voluntariness hearing or expedited oral argument.

Respectfully Submitted,

ANNALOU TIROL
Acting Chief, Public Integrity Section

---

[2] The defendant requests a voluntariness hearing in part on the basis that he received ineffective assistance of counsel at the civil contempt proceeding. ECF No. 105 at 6. The defendant makes no discernable connection between "voluntariness" and his counsel's lack of assistance. For that reason alone, the claim fails. In any event, a defendant is "not entitled to Sixth Amendment protections in civil contempt proceedings." *United States v. Forgac*, No. 98-30008, 1999 WL 637917, at *1 (9th Cir. 1999); *United States v. Rylander*, 714 F.2d 996, 1004 (9th Cir. 1983) (stating that the right to counsel does not apply in a civil contempt proceeding). The defendant may present any of counsel's perceived shortcomings as a defense at trial. *See United States v. Adams*, 361 F. App'x 664, 667 (6th Cir. 2010).

By: */s/ Simon J. Cataldo*
Simon J. Cataldo
John D. Keller
Victor R. Salgado
Trial Attorneys

United States Department of Justice
Public Integrity Section
1400 New York Ave. NW
Washington, DC  20005
(202) 514-1412
Simon.Cataldo@usdoj.gov
John.Keller2@usdoj.gov
Victor.Salgado@usdoj.gov

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on today's date, I electronically filed the foregoing via the CM/ECF system which will provide notice to counsel of record for the defendant.

/s/ *John D. Keller*
John D. Keller
Trial Attorney