Mark D. Goldman (012156)
Jeff S. Surdakowski (030988)
**GOLDMAN & ZWILLINGER PLLC**
17851 North 85th Street, Suite 175
Scottsdale, AZ  85255
Main:  (480) 626-8483
Facsimile:  (480) 502-7500
E-mail:  docket@gzlawoffice.com
*Attorneys for Defendant Joseph M. Arpaio*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | Case No.:  2:16-cr-01012-SRB-1 |
| Plaintiff, | |
| v. | **NOTICE OF ERRATA** |
| Joseph M. Arpaio, | |
| Defendant. | |

Defendant Joseph M. Arpaio ("Defendant" or "Mr. Arpaio") files this Notice of Errata ("Notice") in regard to Defendant's Motion Requesting a Voluntariness Hearing and Supplement in Support of Defendant Arpaio's Motion to Clarify Background and History of The "Civil Contempt" Admission (the "Motion"). The document that was uploaded and filed electronically failed to sync or fully save the final edits that were made to it. The corrected Motion is attached hereto as Exhibit A. These edits are found primarily in paragraph four (4) of Section B. *See* Motion at 6:17-25.

1  **DATED** this 31st day of March, 2017.

**GOLDMAN & ZWILLINGER PLLC**

*/s/ Mark D. Goldman*
Mark D. Goldman
Jeff S. Surdakowski
17851 North 85th Street, Suite 175
Scottsdale, AZ  85255
*Attorneys for Defendant Joseph M. Arpaio*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 31st day of March 2017, I electronically transmitted the foregoing Reply to the Clerk of Court through the CM/ECF System which will send a Notice of Electronic Filing to all CM/ECF registrants for this matter.

*/s/ Dina D. Horsman*

# Exhibit A

Mark D. Goldman (012156)
Jeff S. Surdakowski (030988)
**GOLDMAN & ZWILLINGER PLLC**
17851 North 85th Street, Suite 175
Scottsdale, AZ  85255
Main:  (480) 626-8483
Facsimile:  (480) 502-7500
E-mail:  docket@gzlawoffice.com
*Attorneys for Defendant Joseph M. Arpaio*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| United States of America, | Case No.:  2:16-cr-01012-SRB-1 |
| Plaintiff, | |
| v. | **MOTION REQUESTING A VOLUNTARINESS HEARING AND SUPPLEMENT IN SUPPORT OF DEFENDANT ARPAIO'S MOTION TO CLARIFY BACKGROUND AND HISTORY OF THE "CIVIL CONTEMPT" ADMISSION** |
| Joseph M. Arpaio, | |
| Defendant. | |
| | (Expedited Oral Argument Requested) |

Defendant Joseph M. Arpaio ("Defendant" or "Mr. Arpaio") requests a voluntariness hearing regarding the agreement he made for a finding of civil contempt (the "Agreement") in *Melendres et al. vs. Arpaio et al.,* case number CV07-2513-PHX-GMS (the "District Court Matter"). Mr. Arpaio was coerced into making the Agreement, and there were improper apparent promises that led him to believe the Agreement would avoid the criminal charges he faces in the case at bar. Further, Mr. Arpaio never received the proper assistance of counsel in regard to the Agreement because he was never informed that the Agreement would leave him

1

open to the criminal charges he faces in the case at bar, and/or he was directly led to believe his Agreement would avoid such charges. In the alternative, the Court should rule that the Agreement for a finding of civil contempt should not be considered. This motion is supported by the following Memorandum of Points and Authorities, the attached exhibits which are incorporated herein by reference, and the Court's entire file in this matter.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

**A)   MR. ARPAIO DESERVES A VOLUNTARINESS HEARING BECAUSE HIS AGREEMENT WAS COERCED.**

The Supreme Court has determined that "[i]t is now axiomatic that a defendant in a criminal case is deprived of due process of law if his conviction is founded, in whole or in part, upon an involuntary confession, without regard for the truth or falsity of the confession…and even though there is ample evidence aside from the confession to support the conviction." *Jackson v. Denno* 378 U.S. 368, 377, 84 S.Ct. 1774, 1781 (1964)(internal citations omitted); *citing to Rogers v. Richmond,* 365 U.S. 534, 81 S.Ct. 735, 5 L.Ed.2d 760; *Malinski v. New York*, 324 U.S. 401, 65 S.Ct. 781, 89 L.Ed. 1029; *Stroble v. California*, 343 U.S. 181, 72 S.Ct. 599, 96 L.Ed. 872; *Payne v. Arkansas*, 356 U.S. 560, 78 S.Ct. 844, 2 L.Ed.2d 975. "The Constitution demands that confessions be made voluntarily." *U.S. v. Haswood*, 350 F.3d 1024, 1027 (9th Cir.2003). "A confession is involuntary if coerced either by physical intimidation or psychological pressure." *Id.* Here, the Agreement made by Mr. Arpaio was made under psychological pressure, and therefore it was involuntary.

A confession is involuntary if it is not "the product of a rational intellect and a free will." *Brown v. Horell,* 644 F.3d 969,979 (9th Cir. 2011)(citing *Townsend v. Sain,* 372 U.S.

293, 307 (1963)). "The test is whether, considering the totality of the circumstances, the government obtained the statement by physical or psychological coercion or by improper inducement so that the suspect's will was overborne." *Beaty v. Schriro,* 509 F.3d 994,999 (9th Cir. 2007)(citing *Haynes v. Washington,* 373 U.S. 503,513-14 (1963)). Moreover, a statement may be considered involuntary if it is "extracted by any sorts of threats or violence, [or] obtained by any direct or implied promises, however slight, [or] by the exertion of any improper influence." *Id.* (citing *Hutto v. Ross,* 429 U.S. 28, 30 (1976)).

"A confession is involuntary if coerced either by physical intimidation or psychological pressure. In determining whether a defendant's confession was voluntary, the question is whether the defendant's will was overborne at the time he confessed.... Therefore, we must consider the totality of the circumstances involved and their effect upon the will of the defendant." *United States v. Crawford*, 372 F.3d 1048,1060 (9th Cir. 2004) (internal citations and quotation marks omitted). Psychological coercion invokes no per se rule. *United States v. Miller*, 984 F.2d 1028, 1030 (9th Cir.1993). Therefore, "we must consider the totality of the circumstances involved and their effect upon the will of the defendant." *Id*. at 1031(citing *Schneckloth v. Bustamonte*, 412 U.S. 218, 226-27,93 S.Ct. 2041, 36 L.Ed.2d 854 (1973)).

Whether the confession was voluntarily given is determined by the totality of the circumstances. Frazier v. Cupp, 394 U.S. 731,739 (1969). The traditional indicia of coercion are " 'the duration and conditions of detention, the manifest attitude of the police toward [the defendant], [the defendant's] physical and mental state, the diverse pressures which sap or

sustain [the defendant's] powers of resistance and self-control.' " Colorado v. Spring, 479 U.S. 564, 574 (1987) (quoting Culombe v. Connecticut, 367 U.S. 568, 602 (1961)).

On April 23, 2015, Mr. Arpaio appeared in an Evidentiary Hearing in front of Judge Murry Snow ("Judge Snow"). *See* Transcript of Evidentiary Hearing Day 3, attached hereto as **Exhibit 1**. During the hearing, Mr. Arpaio was questioned directly by Judge Snow regarding questions Judge Snow described as questions that "may be difficult to answer." *Id.* at 625:12-13. Many of the questions took the form of Judge Snow asking "do you admit that you're in civil contempt of that order?" *Id.* at 626:3-4, 14-17, 627:3-5, 8-9, 633:20-21, 634:2-3. The questioning even extended to Judge Snow forcing an answer by asking, "do you acknowledge that you are in civil contempt for that order, or am I going to need to make a determination regarding it?" *Id.* at 634:13-15. Judge Snow's reasoning for these questions was that, "it's important for me to understand when I'm evaluating what kind of relief – and I am going to give some relief, clearly, to the plaintiff class, and it may be quite extensive or it may be limited." *Id.* at 635:6-9.

Clearly, and as further evidenced bellow by the statements made prior to this hearing, Judge Snow was presenting to Mr. Arpaio that he had already determined how he was going to rule on the matter in the midst of his questioning during the evidentiary hearing. While doing so, he placed Mr. Arpaio on the witness stand, a place Mr. Arpaio was not free to leave without Judge Snow's express approval. He further stated that it was not a question of how he was going to rule, but what the extent of the relief he was intending of giving to the plaintiff class.

**B)  MR. ARPAIO DESERVES A VOLUNTARINESS HEARING BECAUSE HIS AGREEMENT WAS MADE BASED ON AN INCORRECT UNDERSTANDING.**

Recently, in *Hutto v. Ross*, 429 U.S. 28, 30, 97 S.Ct. 202, 203, 50 L.Ed. 194, 197 (1976), the United States Supreme Court reaffirmed its prior holdings that a confession "obtained by any direct or implied promises, however slight," is involuntary. "A confession is voluntary in law if, and only if, it was, in fact, voluntarily made. A confession may have been given voluntarily, although it was made to police officers, while in custody, and in answer to an examination conducted by them. But a confession obtained by compulsion must be excluded, whatever may have been the character of the compulsion, and whether the compulsion was applied in a judicial proceeding or otherwise." *Davis v. United States,* 32 F.2d. 860 at 861 (9th Cir. 1929).

Further, in *Hutto* the Supreme Court rejected a per se rule of inadmissibility where a confession is made as a result of a plea bargain. In that case the plea bargain did not call for a confession. Against the advice of his attorney, Hutto made a statement in which he incriminated himself, even though it was made clear to him that the terms of the plea bargain would continue to be available to him without such a statement. The plea bargain was later withdrawn and the confession introduced at Hutto's trial. The Court held that the confession was not the result of any direct or implied promise and was voluntarily given. Conversely, a confession given as the result of a direct or implied promise would be legally involuntary. "In short, the true test of admissibility is that the confession is made freely, voluntarily, and without compulsion or inducement of any sort. *Haynes v. Washington,* 373 U.S. 503, 513-14

(U.S. 1963).

Prior to the April 23, 2015 Evidentiary Hearing, a Status Conference was held on February 26, 2015. *See* Transcript of the February 26, 2015 Status Conference Hearing attached hereto as **Exhibit 2**. During the Status Conference, Judge Snow made it abundantly clear his position was that, "just for the purpose of my own sanity, that I'm not going to sign off on any civil contempt settlement that does not also involve a criminal contempt settlement that is applicable to me." *Id.* at. 37:16-19. "I mean, there are going to be certain bottom-line requirements for me to sign off on any settlement agreement that foregoes a – a criminal contempt hearing." *Id.* at 39-40:23-1. Here, it is obvious Judge Snow inextricably linked any form of settlement in the civil matter to the criminal matter. By doing this, Judge Snow gave the impression that if the remedies were agreed upon in the civil matter, those remedies would extend to the criminal matter.

Judge Snow's statements and suggestions created a situation where Mr. Arpaio reasonably believed that his plea to civil contempt would forego a criminal contempt charge. Though Judge Snow never had the authority to come to a conclusion regarding criminal contempt in this matter, his statements had the effect of suggesting that an agreement in the civil matter would avoid a criminal matter. As a direct result, Mr. Arpaio accepted the Agreement with the understanding that the Agreement would insulate him from the very criminal contempt charges Judge Snow requested.

1  **C)   MR. ARPAIO DESERVES A VOLUNTARINESS HEARING BECAUSE HIS HE DID NOT RECEIVE THE PROPER ASSISTANCE OF COUNSEL.**

A defendant who pleads guilty on advice of counsel may attack the voluntariness of his plea only by showing ineffective assistance of counsel. *U.S. v. Signori*, 844 F.2d at 638. A defendant is entitled to withdraw his guilty plea for ineffective assistance if his attorney made gross misrepresentations about existing law, *United States v. Zweber*, 913 F.2d 705, 712 (9th Cir.1990); *Signori*, 844 F.2d at 638, but not if the defendant fails to establish that misrepresentations were in fact made. *Signori.* at 844 F.2d at 638-39. Generally, claims of ineffective assistance of counsel are analyzed pursuant to *Strickland v. Washington*, 466 U.S. 668 (1984). In order to prevail on such a claim, Movant must show: (1) deficient performance—counsel's representation fell below the objective standard for reasonableness; and (2) prejudice—there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id*. at 687-88. Although the movant must prove both elements, a court may reject his claim upon finding either that counsel's performance was reasonable or that the claimed error was not prejudicial. *Id*. at 697.

Here, Mr. Arpaio made the Agreement because he believed that doing so would remove the threat of criminal charges against him. This is most concerning as he was represented by counsel at the time. However, it is clear through Mr. Arpaio's current confusion that he was never properly informed of the threat that criminal charges for contempt could still be maintained after he made the Agreement. For that reason, Mr. Arpaio never received the proper assistance of counsel that is afforded to him.

### D) THE FOURTEENTH AMENDMENT REQUIRES THAT ALL ELEMENTS OF A CRIME BE PROVEN BEYOND A REASONABLE DOUBT.

In the alternative, the Court should rule that the Agreement for a finding of civil contempt should not be considered for the following additional reasons. The United States Court of Appeals for the Ninth Circuit has said of indirect criminal contempt proceedings, such as this case, "[a]n individual charged with an indirect criminal contempt is entitled to the right to be advised of the charges; the right to a disinterested prosecutor; the right to assistance of counsel; a presumption of innocence; **proof beyond a reasonable doubt**; the privilege against self-incrimination; the right to cross-examine witnesses; the opportunity to present a defense and call witnesses; and the right to a jury trial if the fine or sentence imposed will be serious." (emphasis added). *United States v. Glass*, 361 F.3d 580, 590 (9th Cir. 2004) footnote 13 (citing *F.J. Hanshaw Enterprises, Inc. v. Emerald River Dev., Inc.*, 244 F.3d 1128, 1139 (9th Cir. 2001)). In this case, the Defendant is charged with indirect criminal contempt and is entitled to proof beyond a reasonable doubt.

In a footnote, the Ninth Circuit said of the burdens of proof in contempt cases "[i]n a civil contempt action the proof of the defendants' contempt must be clear and convincing, a higher standard than the preponderance of the evidence standard in most civil cases, but less than the beyond the reasonable doubt standard of criminal contempt proceedings." *United States v. Powers*, 629 F.2d 619, 626 (9th Cir. 1980)(citing *United States v. Rizzo*, 539 F.2d 458 (5th Cir. 1976)). As noted above in the *Sandstrom* case, the Supreme Court stated that the Due Process Clause of the Fourteenth Amendment demands that the Government prove every element of a criminal charge.

Therefore, when Judge Snow found the Defendant in civil contempt of court, it was by clear and convincing evidence, not beyond a reasonable doubt. The Defendant is now standing trial for a criminal contempt charge. As stated by the Fifth Circuit, the burden of proof in a criminal contempt action is beyond a reasonable doubt. *U.S. v. Powers,* 629 F.2d at 626. As noted above, the burden of proof in a civil contempt matter is lower than a criminal contempt matter. *Id*. Allowing the Government to use the finding of civil contempt against the Defendant to prove an element of criminal contempt impermissibly lowers the burden that the Government must meet. Doing so, and only proving the willfulness element beyond a reasonable doubt unconstitutionally violates the Fourteenth Amendment's requirement that the Government prove all elements of a criminal case beyond a reasonable doubt. Doing so also violates the Fourteenth Amendment's directive that the burden of proof not be diluted.

**E)   CRIMINAL CONTEMPT IS WHOLLY DIFFERENT FROM CIVIL CONTEMPT AND THEREFORE ALLOWING THE GOVERNMENT TO PROVE THE ELEMENT OF CONTEMPT, IN A CRIMINAL CONTEMPT CASE, VIA THE CIVIL CONTEMPT FINDING, IS INCONGRUOUS.**

18 U.S.C. § 402 defines criminal contempt, in relevant part, thusly: "[a]ny person … willfully disobeying any lawful writ, process, order, rule, decree, or command of any district court of the United States…by doing any act or thing therein, or thereby forbidden, if the act or thing so done be of such character as to constitute also a criminal offense under any statute of the United States or under the laws of any State in which the act was committed, shall be prosecuted for such contempt as provided in § 3691 of this title and shall be punished by a fine under this title or imprisonment, or both." 18 U.S.C. § 3691 and Federal Rule of Criminal

Procedure 42 define the procedure for a criminal contempt case.  On its face, 18 U.S.C. § 402 lists more than one element to criminal contempt.  As noted above, the Government must prove each and every element of the charge, so, an element may not be presumed.

Criminal contempt is very distinct from civil contempt.  As stated above, the *Glass* case spelled out special characteristics that a criminal contempt proceedings must have.  361 F.3d at 590.  Those same protections were not mandated for the Defendant when Judge Snow considered finding the Defendant in civil contempt.  In essence, this Court is now considering conflating a finding of civil contempt, proven by clear and convincing evidence, with the contempt element in a criminal contempt case, which must be proven beyond a reasonable doubt.

Writing of the differences between civil and criminal contempt, the Supreme Court of the United States has stated that, "[i]f it is for civil contempt the punishment is remedial, and for the benefit of the complainant.  But if it is for criminal contempt the sentence is punitive, to vindicate the authority of the court."  *Gompers v. Buck's Stove & Range Co.*, 221 U.S. 418, 441, 31 S. Ct. 492, 498, 55 L. Ed. 797 (1911).  Comparing the language in *Gompers* to the current case, Judge Snow found the Defendant responsible for criminal contempt and he imposed sanctions intended to remediate the situation.  Currently, the Defendant is being charged with criminal contempt.  The two types of contempt are different in that they have different procedures, different rules, different statutes, different purposes, different burdens of proof, and different punishments.  Therefore, it completely violates the Defendant's Fourteenth Amendment Due Process rights for this Court to pre-suppose that the element of contempt in

this criminal case is already proven because of the prior civil contempt finding, to not have a trial with respect to the contempt element, to allow the Government to prove only the willfulness element of criminal contempt to prove Defendant's guilt.

This is a criminal case. The Due Process Clause of the Fourteenth Amendment requires that every element of a charged offense must be proven beyond a reasonable doubt. It would violate the Defendant's Fourteenth Amendment rights to Due Process to start the trial with the Government deemed to have already proven the contempt element of the charge when civil and criminal contempt are wholly different in purpose, character, and procedure, and they have different burdens of proof. In essence, this Court, by deeming the contempt element proven, dilutes the burden of proof required of the Government and violates the Defendant's Due Process rights. This Court should issue an order commanding the Government to prove each and every element of the charge beyond a reasonable doubt.

## CONCLUSION

Mr. Arpaio should receive a voluntariness hearing regarding the Agreement, because he was coerced into making the Agreement, and there were improper apparent promises that led him to believe the Agreement would avoid the criminal charges he faces in the case at bar. Further, Mr. Arpaio never received the proper assistance of counsel in regard to the Agreement because he was never informed that the Agreement would leave him open to the criminal charges he faces in the case at bar, and/or he was directly led to believe his Agreement would avoid such charges. In the alternative, the Court should rule that the Agreement for a finding of civil contempt should not be considered.

**DATED** this 24th day of March, 2017.

**GOLDMAN & ZWILLINGER PLLC**

*/s/ Mark D. Goldman*
Mark D. Goldman
Jeff S. Surdakowski
17851 North 85th Street, Suite 175
Scottsdale, AZ  85255
*Attorneys for Defendant Joseph M. Arpaio*

### CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of March 2017, I electronically transmitted the foregoing Motion to the Clerk of Court through the CM/ECF System which will send a Notice of Electronic Filing to all CM/ECF registrants for this matter.

*/s/ Dina D. Horsman*

12

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Joseph M. Arpaio,<br><br>　　　　　Defendant. | Case No.: 2:16-cr-01012-SRB<br><br>**ORDER GRANTING MOTION REQUESTING A VOLUNTARINESS HEARING AND SUPPLEMENT IN SUPPORT OF DEFENDANT ARPAIO'S MOTION TO CLARIFY BACKGROUND AND HISTORY OF THE "CIVIL CONTEMPT" ADMISSION** |

　　　The Court is in receipt of Defendant's *Motion Requesting A Voluntariness Hearing And Supplement In Support Of Defendant Arpaio's Motion To Clarify Background And History Of The "Civil Contempt" Admission* [Doc. __] , and good cause appearing,

　　　IT IS ORDERED that a Voluntariness Hearing will be set on _____, 2017.

1