Mark D. Goldman (012156)
Jeff S. Surdakowski (030988)
**GOLDMAN & ZWILLINGER PLLC**
17851 North 85th Street, Suite 175
Scottsdale, AZ 85255
Main: (480) 626-8483
Facsimile: (480) 502-7500
E-mail: docket@gzlawoffice.com
*Attorneys for Defendant Joseph M. Arpaio*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| United States of America, | Case No.: 2:16-cr-01012-SRB-1 |
|---|---|
| Plaintiff, | |
| v. | **REPLY IN SUPPORT OF DEFENDANT ARPAIO'S MOTION TO STAY PROCEEDINGS** |
| Joseph M. Arpaio, | |
| Defendant. | (Expedited Oral Argument Requested) |

As stated in *Defendant Arpaio's Motion to Stay Proceedings* (the "Motion"), the outcome of the appeal is relevant to these proceedings because if the appeal is successful, the Ninth Circuit Court of Appeals will likely vacate the Contempt Findings and Contempt Injunction at the heart of the criminal trial. At the heart of the appeal are questions related to whether or not Judge Snow should have recused himself as a result of undisclosed conflicts. *See Melendres v. Arpaio* No. 16-16663 (9th Cir. Dec. 27, 2016) attached hereto as Exhibit 1. If Judge Snow's Contempt Findings and Contempt Injunction are vacated, the Government will have to prove all three elements of criminal contempt. Currently, the Court has determined that,

as a direct result of the civil findings, the Government need only prove the willfulness element of criminal contempt. Therefore, this matter should be stayed so the Court can determine if a trial on all of the elements for criminal contempt is necessary.

As it currently stands, this Court has determined that there will be no argument about the first two elements of the contempt. Mr. Arpaio will not be afforded the right to defend himself against these first two elements. The Government acknowledges this determination in their Response, "[t]he straightforward question to be determined in this case [is] whether the defendant willfully disobeyed a clear and definite court order."

However, the Government also contradicts itself in their Response when stating that, "[t]he defendant is wrong. The government will need to establish beyond a reasonable doubt that: (1) the December 23, 2011, preliminary injunction was a clear and definite order, (2) the defendant knew of the order, and (3) that he willfully disobeyed it." This contradiction is paramount to the Government's Response because it is necessary to support its argument that the appeal is irrelevant. If, in fact, Mr. Arpaio is afforded a right to defend himself against the first two elements of criminal contempt, then the appeal is irrelevant because Mr. Arpaio will be afforded the right to defend against all three elements of criminal contempt. However, based on the Court's own rulings and orders, Mr. Arpaio will only be defending himself against the third element—his willfulness. The reason the Court made such a restriction is that the findings in the civil matter are being used to prove the first two elements.

The Government cannot have it both ways. Either the civil findings are relevant to this case, as the Court has concluded, or they are not. If they are not, Mr. Arpaio would not have his

defenses restricted to arguing against only the willfulness element of criminal contempt. Based on the restriction of Mr. Arpaio's defense, and the acknowledgment by the government that the only question to answer is "whether the defendant willfully disobeyed a clear and definite order," the findings in the civil matter become very relevant. As a result of the relevance of the findings in the civil matter, it is necessary to stay these proceedings while those findings are in dispute.

If the civil matter's findings are indeed vacated, the foundation to restrict the arguments in the criminal matter erode into nothing. It is therefore incumbent on Mr. Arpaio's due process rights that he be afforded the right to defend himself fully. A defense against the first two elements of criminal contempt are a fundamental factor regarding Mr. Arpaio's due process rights, if the civil matter's findings are vacated. For those reasons, these proceedings should be stayed until a resolution to the appeal is reached.

**DATED** this 5th day of April, 2017.

**GOLDMAN & ZWILLINGER PLLC**

*/s/ Jeff S. Surdakowski*
Mark D. Goldman
Jeff S. Surdakowski
17851 North 85th Street, Suite 175
Scottsdale, AZ  85255
*Attorneys for Defendant Joseph M. Arpaio*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of April 2017, I electronically transmitted the foregoing Reply to the Clerk of Court through the CM/ECF System which will send a Notice of Electronic Filing to all CM/ECF registrants for this matter.

*/s/ Dina D. Horsman*