Mark D. Goldman (012156)
Jeff S. Surdakowski (030988)
**GOLDMAN & ZWILLINGER PLLC**
17851 North 85th Street, Suite 175
Scottsdale, AZ  85255
Main:  (480) 626-8483
Facsimile:  (480) 502-7500
E-mail:  docket@gzlawoffice.com
*Attorneys for Defendant Joseph M. Arpaio*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | Case No.:  2:16-cr-01012-SRB-1 |
| Plaintiff, | |
| v. | **DEFENDANT'S REPLY IN SUPPORT OF MOTION TO PROHIBIT INTRODUCTION OF PROTECTED CAMPAIGN STATEMENTS** |
| Joseph M. Arpaio, | |
| Defendant. | (Expedited Oral Argument Requested) |

Defendant Joseph M. Arpaio ("Mr. Arpaio" or "Defendant") hereby replies to the Government's Response in Opposition to Defendant's Motion to Exclude Statements that He Made to the Media.  Ultimately, the Plaintiff cites irrelevant case law and Mr. Arpaio reasserts his motion for an order prohibiting the introduction of his campaign-related statements at trial.

### MEMORANDUM OF POINTS AND AUTHORITIES

The Government cites to *Wisconsin v. Mitchell* to support the proposition that Mr. Arpaio's campaign-related statements are admissible against him.  508 U.S. 476 (1993). *Mitchell* was about a state statute that enhanced sentences for convicts if their crimes were

racially motivated. While the Government may have already convicted Mr. Arpaio in its mind, this case has yet to go to trial and we are not in a sentencing phase. Additionally, the defendant in *Mitchell* was a private citizen, not a political candidate on the campaign trail communicating with the public about his political positions. *Mitchell* is irrelevant to the immediate case and does nothing to undercut or refute the cases Mr. Arpaio cited in his initial motion to bar the admission of protected campaign speech at trial.

The Government provided this Court with an incorrect citation to *Haupt v. United States* to support the position that political speech is admissible in a criminal case to prove any relevant fact.[1] 330 U.S. 631, 67 S. Ct. 874, 91 L. Ed. 1145 (1947). *Haupt* is also irrelevant to the immediate case in that the *Haupt* case was about the treason of a private individual, not a candidate for political office on the campaign trail making statements to the public about his political positions. Again, the case the Government cites does nothing to undercut the authority of the cases cited by Mr. Arpaio.

The Government also cites to *United States v. Barnett* in support of the proposition that political speech may be admitted in a criminal case to prove any relevant fact. 667 F.2d 835, 844 (9th Cir. 1982). The *Barnett* case has absolutely nothing to do with political speech or campaign statements whatsoever, and again, is irrelevant to the immediate case. *Barnett* dealt with the sale of printed directions for the creation of the drug phencyclidine, commonly known as "PCP" or "angel dust."

---

[1] The Government incorrectly cited *Haupt v. United States* as 330 U.S. 874, 879 (1947). The proper citation is in the sentence following this footnote in the body of this filing.

When arguing that Mr. Arpaio's campaign speech is admissible under Federal Rule of Evidence 403, the Government makes no attempt to address the protections afforded political speech and merely asserts that the statements are probative in value.

## CONCLUSION

The Government made no argument whatsoever that using Mr. Arpaio's protected campaign speech against him would not violate Mr. Arpaio's Fifth Amendment rights. The Government has cited no relevant case law that refutes the cases Mr. Arpaio cited in his motion for an order barring the admission of Mr. Arpaio's campaign statements. Essentially, the government submitted an opinion piece without any legal support. The Government made no legal argument regarding the inadmissibility of Mr. Arpaio's protected campaign speech other than to assert that the statements are probative. For the foregoing reasons, and the reasons stated in Mr. Arpaio's initial motion on this issue, incorporated herein by reference, this Court should issue an order prohibiting the Government from introducing any of Mr. Arpaio's campaign statements at trial.

**DATED** this 5th day of April, 2017.

**GOLDMAN & ZWILLINGER PLLC**

*/s/ Mark D. Goldman*
Mark D. Goldman
Jeff S. Surdakowski
17851 North 85th Street, Suite 175
Scottsdale, AZ  85255
*Attorneys for Defendant Joseph M. Arpaio*

# CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of April, 2017, I electronically transmitted the foregoing Reply to the Clerk of Court through the CM/ECF System which will send a Notice of Electronic Filing to all CM/ECF registrants for this matter.

*/s/ Dina D. Horsman*