UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

————————————

| | |
|---|---|
| United States of America, | ) |
| | ) |
| Plaintiff, | ) **REDACTED** |
| | ) **CR16-01012-01-PHX-SRB(BSB)** |
| vs. | ) Phoenix, Arizona |
| | ) April 6, 2017 |
| Joseph M. Arpaio, | ) 2:00 p.m. |
| | ) |
| Defendant. | ) |
| | ) |
| _____ | ) |

BEFORE:  THE HONORABLE SUSAN R. BOLTON, JUDGE

REPORTER'S TRANSCRIPT OF PROCEEDINGS

MOTION HEARING

Official Court Reporter:
Elizabeth A. Lemke, RDR, CRR, CPE
Sandra Day O'Connor U.S. Courthouse, Suite 312
401 West Washington Street, SPC 34
Phoenix, Arizona  85003-2150
(602) 322-7247

Proceedings Reported by Stenographic Court Reporter
Transcript Prepared by Computer-Aided Transcription

CR16-01012-PHX-SRB        MOTION HEARING        4-6-17

1                           **A P P E A R A N C E S**

2       **For the Government:**

3                   U.S. DEPT OF JUSTICE - PUBLIC INTEGRITY SECTION
                    By:  **John D. Keller, Esq.**
4                   10th & Constitution Avenue
                    Washington, DC  20530
5                   (appearing telephonically)

6                   U.S. DEPT OF JUSTICE - PUBLIC INTEGRITY SECTION
                    By:  **Victor R. Salgado, Esq.**
7                        **Simon J. Cataldo, Esq.**
                    1400 New York Ave. NW, 12th Floor
8                   Washington, DC  20005

9       **For the Defendant Joseph M. Arpaio:**

10                  JONES, SKELTON & HOCHULI PLC
                    By: **Andrew Melvin McDonald, Jr., Esq.**
11                  40 No. Central Avenue, Suite 2700
                    Phoenix, AZ  85004

12
                    GOLDMAN & ZWILLINGER PLLC
13                  By:  **Mark D. Goldman, Esq.**
                         **Jeff S. Surdakowski, Esq.**
14                  17851 North 85th Street, Suite 175
                    Scottsdale, AZ  85255

15

16

17

18

19

20

21

22

23

24

25

1              **P R O C E E D I N G S**

2       (Called to the order of court at 2:00 p.m.)

3              THE COURT:  Good afternoon.  Please sit down.

4              THE CLERK:  Criminal case 16-1012.  *United States of*

5  *America v. Joseph M. Arpaio.*  Time set for hearing regarding

6  Jones, Skelton & Hochuli's Application to Withdraw as Counsel

7  for Defendant Joseph M. Arpaio.

8              Counsel, please announce your presence for the

9  record.

10             MR. KELLER:  This is John Keller appearing by

11  telephone for the government.

12             MR. SALGADO:  Good afternoon, Your Honor.  Victor

13  Salgado for the government as well.

14             MR. CATALDO:  Simon Cataldo for the government.  Good

15  afternoon, Your Honor.

16             MR. MC DONALD:  Good afternoon, Your Honor.  Mel

17  McDonald on behalf of Sheriff Arpaio.

18             MR. GOLDMAN:  Mark Goldman appearing on behalf of

19  Sheriff Arpaio.

20             MR. MC DONALD:  I will also introduce Jim Osborn.  He

21  is ethics counsel with the Jones Skelton Hochuli Law Firm.

22             MR. SURDAKOWSKI:  Jeff Surdakowski on behalf of

23  Mr. Arpaio.

24             THE COURT:  Good afternoon.

25             We have one motion that is scheduled for hearing

1   today.  But what I thought we would do -- well, we're going to

2   address that motion first.

3          But after we address and resolve that motion, as long

4   as counsel for the government is here in person, we will at

5   least go through what else is pending, make sure that I have

6   everything, figure out what briefs remain to be filed, and

7   possibly resolve a motion or two.

8          So I had originally contemplated that all we would do

9   this afternoon was to address the -- Mr. McDonald's motion

10  that he and members of his firm be permitted to withdraw as

11  counsel.

12         And what I kind of had in mind was that government's

13  counsel would be on the phone.  And when we had what will have

14  to be a small amount of ex parte discussion, that I could

15  simply put them on hold and we could have our discussion here

16  in open court with the government's counsel on hold.

17         But that is not what's going to happen because

18  government's counsel is here in person.  We can put Mr. Keller

19  on hold and we will.  And the -- the gallery is filled with

20  people that I'm going to have to explain to you why, at least

21  for a few minutes, all of you and government's counsel that

22  are here in person are going to have to step out of the room.

23         And that is because when an application to withdraw

24  as counsel is filed and as stated in that motion and it cites

25  that there are reasons under the ethical rules of the Supreme

1    Court that mandate withdrawal, it is not public for the

2    specific reasons to be aired because it may involve

3    attorney-client privilege information.

4         But in order for me to determine whether or not

5    withdrawal is required, I have to hear an little bit more than

6    what is contained within the motion and we are going to do

7    that now.

8         So I don't know if there are other people in the

9    gallery who are with either firm who can remain; or if

10   everybody has to go; but counsel for the government has to go.

11        Mr. Keller, you're going to be on hold.

12        Everyone else, please step out.

13        MR. KELLER:  Your Honor.

14        THE COURT:  Yes, Mr. Keller?

15        MR. KELLER:  I apologize for interrupting.

16        I was just going to ask based on the Court's

17   statement, it doesn't seem to me that there has been any

18   indication at this point that the motion is, in fact, based on

19   confidential or privileged information.

20        But defense counsel's recent emergency motion to

21   continue the reply deadline suggested that the issues relating

22   to the motion to withdraw may be based on some of the current

23   motions that are pending before the Court, specifically,

24   perhaps the motion to clarify the history and background of

25   the civil contempt --

CR16-01012-PHX-SRB        MOTION HEARING        4-6-17

1          THE COURT:  Well, let me --

2          MR. KELLER:  -- admission.

3          THE COURT:  Then let me just have Mr. McDonald advise

4    as to whether or not there are things that you can say in

5    front of government's counsel or whether or not you believe

6    that whatever explanation you have to give is something that

7    could conceivably involve privileged information or other

8    concerns of that nature.

9          MR. MC DONALD:  Your Honor, it does involve

10   privileged information.

11         THE COURT:  Could I ask you though to speak with the

12   microphone --

13         MR. MC DONALD:  I'm sorry.

14         THE COURT:  No.  You don't have to come up.  You just

15   don't have a microphone directly in front of you.

16         MR. MC DONALD:  Your Honor, in fact, it does involve

17   privileged communications.  And I was going to ask for an ex

18   parte and you beat me to the punch.

19         So I would join in your order that everybody else be

20   excluded.

21         THE COURT:  So I'm going to honor that request,

22   Mr. Keller.  And if it turns out that what we end up

23   discussing isn't something that has to be done in an ex parte

24   manner, then that transcript could always be made public.

25         But I don't want to have to have Mr. McDonald be

1   obtuse or indirect about the reasons why he believes that

2   withdrawal is mandatory and he can't be anything other than

3   that if the other side is present, so.

4           MR. KELLER:  Understood, Your Honor.  Thank you.

5           THE COURT:  You're going on hold and everyone else is

6   leaving except for Mr. McDonald and the members of his firm

7   who are present, Mr. Goldman and the members of his firm who

8   are present, and, of course, Sheriff Arpaio.

9           **(Sealed courtroom proceedings at 2:08 p.m.)**

10          THE COURT:  ███████████████████████████████████

11  ███████████████████████████████████.

12          ████████████████

13          MR. MC DONALD:  ██████████████████████████

14  ███████████████████████████████████

15          THE COURT:  ██████████████████████████████████████

16  █████████

17          MR. MC DONALD:  ███████████████

18  ███████████████████████████████████████

19  ███████████████████████████████████████████

20  ████████████████████████████████████████████

21  ███████████████████████████████████████████

22  ████████████████████████████████████████████████

23  █████████████████████████

24          THE COURT:  ████████████████████████████████████

25  ███████████████



CR16-01012-PHX-SRB      MOTION HEARING      4-6-17



1   ████████████████████████████████████████████████

2       ████████████████████████████████████████████

3   ████████████

4       THE COURT:   ████████████████████████████████

5   ████████████████████████████████████████

6   ████████████████████████████████████████████████

7   ████████████████████████████████████████

8   ████████████████████████████████████

9   ████████████████████████████████████

10  ██████████

11      MR. MC DONALD:   ████████████████████████████

12  ████████████████████████████████████████████

13  ████████████████████████████████████████████

14      THE COURT:   ████████████████████████████████

15  ████████████████████████████████████████████████

16  ████████████████████████████████████████████

17  ████████████████████████████████████████████

18  ██████████████████████

19      ████████████████████████████████████████

20  ████████████████████████████████████████████████

21  ████████████████████████████████████████

22  ████████████████████████████████████

23      ████████████████████████████████████████████

24  ████████████████████████████████████████████

25  ████████████████████████████████████████████████

CR16-01012-PHX-SRB          MOTION HEARING        4-6-17

```
 1   ██████████████

 2        JOSEPH ARPAIO:  ████████████████████

 3        THE COURT:  ████████████████████████████████████

 4   ██████████████████████████████████████████████████████

 5   ██████████████████████████████████████████████████████

 6   ██████████████████████████████████████████████████████

 7   ██████████████████████████████████████████████████████

 8   ██████████████████████████████████████████████████████

 9   ████████████████████████████████████████

10        JOSEPH ARPAIO:  ████████████████████

11        THE COURT:  ██████████████████████████████████

12   ██████████████████████████████████████████████████████

13   ██████████████████████████████████████████████████████

14   ████████████████████████████████

15        JOSEPH ARPAIO:  ████████████████████

16        THE COURT:  ████████████████████████████████████

17        MR. MC DONALD:  ██████████████████████████

18        THE COURT:  ██████████████████████████████████

19   ██████████████████████████████████████████████████████

20   ██████████████████████████████████████████████████████

21   ██████████████████████████████████████████████████████

22   ███████████████████████████████  ██████████████████████

23   ██████████████████████████████████████████████████████

24   ████████████████████████████████

25        MR. MC DONALD:  ██████████████████████████
```

UNITED STATES DISTRICT COURT

CR16-01012-PHX-SRB        MOTION HEARING       4-6-17

1    ████████████████████████████████████████████

2          THE COURT:  ██████████████████████████████

3    ███████████████████████████████

4          MR. GOLDMAN:  ████████████████████████████

5    ███████████████████

6          THE COURT:  ████████████████

7          MR. GOLDMAN:  ███████████████████████████

8    ███████████████████████████████████████████████

9         ██████████████████████████████████████████

10   ███████████████████████████████████████████

11   █████████████

12          THE COURT:  ██████████

13          MR. GOLDMAN:  ██████████████

14          THE COURT:  ██████████████████

15   ████████

16          MR. GOLDMAN:  ████████

17          THE COURT:  ████████████████████████████

18   ██████████████████████████████

19   ████████████████████████████████████

20   ██████████

21        ███████████████████████████████████

22          MR. MC DONALD:  ██████████

23          THE COURT:  ████████████████████████

24   █████████████████████

25       **(Proceedings resumed in open court at 2:18 p.m.)**

1          THE COURT:  The record will reflect that counsel for

2      the government is again present and Mr. McDonald's motion to

3      withdraw has been granted and Mr. McDonald and the members of

4      his firm who were previously present have now been excused.

5          I wanted to discuss a few of the pending motions, but

6      I also wanted to be sure that I had all of the pending motions

7      and that you all agreed as to the status.

8          So I'm going to list what pending motions I have and

9      whether I believe that they are fully briefed at this time or

10     whether they are still awaiting a brief -- a brief or two.

11         I have Defendant's Motion to Stay Proceedings.

12     That's document 106 that is fully briefed.

13         I have Defendant's Motion for Continuance or To

14     Exclude Documents Disclosed by the Government After March 1,

15     document 103 that is fully briefed.

16         I have Defendant's Motion to Prohibit the

17     Introduction of Constitutionally Protected Campaign Statements

18     that is fully briefed.

19         I have Defendant's Motion to Preclude Alleged

20     "Victim" Testimony that is fully briefed.

21         I have the Motion to Quash the subpoena issued to

22     Mr. Casey that is awaiting a reply memoranda.

23         And let me just clarify that the Motion to Quash was

24     also accompanied by Defendant's Motion to Preclude the

25     Testimony of Mr. Casey.

```
 1              There are potentially two replies that can be filed.
 2     One is Mr. Casey's counsel's reply to the Motion to Quash.
 3     But in addition, a reply would be appropriately filed by
 4     defendant to the Motion to Preclude.
 5              Mr. Goldman, do you intend to file a reply to that
 6     motion?
 7              MR. GOLDMAN:  This was the motion filed to --
 8              THE COURT:  Mr. Goldman, please stand when you
 9     address the Court.
10              MR. GOLDMAN:  I'm sorry.  Yes, Your Honor.
11              I apologize.
12              Yes.  We intend to file a reply to that, Your Honor.
13              THE COURT:  It's due today.  Would you like another
14     day or two?
15              MR. GOLDMAN:  That would be nice.  I would appreciate
16     that.
17              THE COURT:  What day would you like it to be due?
18              MR. GOLDMAN:  Monday would be fine.
19              THE COURT:  Monday would be fine.
20              I have Defendant's Motion to Clarify Background and
21     History of the "Civil Contempt" Admission which is awaiting a
22     reply due tomorrow.
23              And I have the motion requesting a voluntariness
24     hearing and Supplement in Support of Motion to Clarify
25     Background and History of Civil Contempt Admission which is
```

1    also awaiting a reply that is due tomorrow.

2            And to my knowledge, those are the pending motions.

3            Have I missed anything that you're aware of,

4    Mr. Keller?

5            MR. KELLER:  No, Your Honor.

6            THE COURT:  Mr. Goldman?

7            MR. GOLDMAN:  Let me just doublecheck with my

8    associate.

9            You have included everything, Your Honor.

10           THE COURT:  Thank you.

11           I wanted to talk to the parties about the Motion for

12   Continuance or to Exclude Documents Disclosed by the

13   Government after March 1.

14           The Court had earlier set a deadline for the

15   government to disclose the witnesses and exhibits to be used

16   at trial of March 1 and the government committed to do so;

17   and, in fact, did provide that information on March 1 in

18   response to the defendant's motion.

19           The government indicated that it has since disclosed

20   two additional exhibits, one on March 15th and one on March

21   22nd, which apparently are MCSO Incident Reports totaling 17

22   pages.

23           When the government committed to the March 1 date, it

24   did state that that would be the bulk of its exhibits.

25           And, Mr. Keller, have you now, with the inclusion of

 1    these two additional exhibits, disclosed to the defense all of

 2    the exhibits that the government intends to offer at trial?

 3         MR. KELLER:  Your Honor, we also disclosed on Monday

 4    of this week, April 3rd, I believe, an additional exhibit that

 5    is a one-page MCSO Press Release.

 6         I believe that other than video clips of the

 7    defendant's depositions which we are still receiving from

 8    plaintiffs in the prior -- in the *Melendres* case, all of our

 9    exhibits have been provided.  And those video clips of

10    depositions come from depositions for which I have just stated

11    in the response, the transcripts were provided December 30th

12    of 2016, and the transcripts were marked as exhibits and

13    provided on the March 1st deadline.

14         THE COURT:  When you say the transcripts were marked

15    and disclosed as exhibits, were they the excerpts from the

16    depositions that you would like to use the video of rather

17    than the written transcript of at trial?

18         MR. KELLER:  They were not.

19         THE COURT:  It was the entire -- was it the entirety

20    of the deposition then that was listed as an exhibit?

21         MR. KELLER:  Yes, Your Honor.

22         THE COURT:  And how many depositions is it?

23         MR. KELLER:  How many depositions total were listed

24    on our exhibit list?

25         THE COURT:  Yes.

1        MR. KELLER:  Let me look.  There are -- there are

2   eight depositions of the defendant listed along with two

3   transcripts of DHA interviews of the defendant.  There are

4   also transcripts of other anticipated witnesses, depositions

5   that were included in the exhibit list but only to be offered

6   if they testify inconsistently with those depositions.

7        THE COURT:  So with respect to the depositions of the

8   defendant and the transcripts of the Department of Justice

9   interviews, you do not intend to offer affirmatively any of

10  the other listed transcripts of other witnesses but they would

11  be used only for purposes of impeachment?

12       MR. KELLER:  That's correct, Your Honor.

13       THE COURT:  The other thing that is mentioned is that

14  apparently there were some summaries that you listed of -- as

15  exhibits that there was some discussion that you had with

16  defense counsel about whether they would admit that the

17  summaries were true and accurate summaries of voluminous

18  documents, that they weren't willing to commit to that.

19       And so you have then provided to them the voluminous

20  documents upon which the summaries are regenerated; is that

21  correct?

22       MR. KELLER:  Correct, Your Honor.

23       THE COURT:  And finally, is it correct that there are

24  exhibits that you listed -- you stated this -- for which their

25  authenticity in the form in which you provided them as

1   exhibits was questioned, and therefore, you have reproduced

2   those in a form that you believe demonstrates their

3   authenticity?

4         MR. KELLER:  Correct, Your Honor.

5         THE COURT:  Is there anything else that you have

6   disclosed upon which your exhibits depend?

7         MR. KELLER:  No, Your Honor.

8         THE COURT:  Mr. Goldman, it appears to me that the

9   only exhibits that the government has disclosed since March 1

10  are three exhibits, one produced on March 15th, one on March

11  22nd, and a one-page Press Release on April 3.

12        Do you agree?

13        MR. GOLDMAN:  Your Honor, just as you were surprised

14  that there were going to be counsel here for the government,

15  so were we.  And we were not expecting a hearing on anything

16  beyond the application to withdraw.

17        Therefore, I am not personally prepped for this.

18  However, Mr. Surdakowski from my law firm is here and he can

19  address it, if he knows.

20        THE COURT:  Mr. Surdakowski.

21        MR. SURDAKOWSKI:  Thank you, Your Honor.

22        I can only go based on what the government is saying.

23  And at this point I have nothing in front of me that gives me

24  reason to not take the government at its word.

25        However, as we expressed in the motions, I do caution

CR16-01012-PHX-SRB        MOTION HEARING        4-6-17

1   the Court to -- and ask that you recognize without being able

2   to go through all of these documents, I can't give a full

3   answer on that other than taking them at their word.

4           THE COURT:  Well, I am going to grant the motion --

5   I'm going to deny the Motion for Continuance but grant the

6   Motion to Exclude Documents Newly Disclosed by the Government

7   After March 1, with the exception of the three additional

8   exhibits which apparently comprise a total of 18 pages all

9   together from March 15th, March 22nd, and April 3.

10          To the extent that exhibits previously produced were

11  reproduced in a different form, I don't consider that to be

12  the disclosure of a new exhibit.

13          And I also wanted to suggest and I don't recall which

14  attorney said that the government -- that defense was not

15  obligated to necessarily agree to authenticity.

16          I agree, except that you have to have a good-faith

17  basis to question the genuineness of a document.

18          Just because this is a criminal proceeding does not

19  mean that counsel without a good-faith basis can question the

20  genuineness or authenticity of a document.  And I would

21  suggest that the parties prior to trial review any documents,

22  for example, that would require a custodian or the type of

23  affidavit that is provided under the Rules of Evidence to show

24  the admissibility of the document.  And that those things are

25  not to be done just as a matter of form, but only when there

1    is a good-faith basis to think that they may not be the

2    genuine or admissible document in the form in which they have

3    been disclosed.

4            MR. SURDAKOWSKI:  Understood, Your Honor.

5            MR. KELLER:  Your Honor, can I clarify the Court's

6    ruling excluding any documents that are disclosed other than

7    the three exhibits that the Court referenced.

8            Does that include the video clips of the defendant's

9    depositions?

10           THE COURT:  No.  It does not.  Because you previously

11   disclosed that the depositions could be used at trial.  And

12   whether they are used in the transcript form or in the video

13   form, they're both -- it's still disclosed and the precise

14   words that were asked and the questions and words that were

15   given, the answers have already been disclosed as exhibits.

16           Now, because this is a bench trial, I may exercise as

17   my prerogative to not sit in court and listen to lengthy

18   excerpts of depositions and may ask that they simply be

19   provided to me.  But I don't know how lengthy the excerpts are

20   going to be, so I'm not making a decision about that at this

21   time.

22           But I have had bench trials in the past where

23   substantial portions of depositions were marked to be

24   considered as evidence and I decided to read them in the

25   privacy of my office rather than have someone read them or

1    play them for me in open court.

2            But that will be a matter that I will decide at a

3    later date when I see how extensive the proposed excerpts are.

4            Mr. Goldman.

5            MR. GOLDMAN:  Yes, Your Honor.

6            I would just like to -- some clarification and also

7    to make a comment that we entered our appearance in this case

8    on March 17th.  Therefore, we cannot speak as to what was

9    disclosed prior to that date.  The only thing I know is what

10   we have been given from Mel McDonald's law firm and what they

11   have said they received.

12           So as far as what we actually know was disclosed, we

13   can't with knowledge opine to that today what was disclosed

14   between March 1st and March 17th because we were not part of

15   that case -- part of the case at that time.

16           Therefore, it would seem reasonable, number one, if

17   part of this Order says that anything disclosed after that

18   date with the exception of what you mentioned and allow us the

19   opportunity, anything that has not been set forth on the

20   record by the government that we discover has been disclosed

21   since that time, that we still have the opportunity to

22   challenge it.

23           THE COURT:  I'm not following you about "on the

24   record."

25           What -- I'm not following what you're trying to

1    challenge.  Are you questioning whether or not the

2    government's going to try to slip in an exhibit that wasn't in

3    the March 1 list because you didn't get it directly from them?

4                MR. GOLDMAN:  No.  I never suggested --

5                THE COURT:  No.  I'm not --

6                MR. GOLDMAN:  I never suggested that the government

7    would try to slip anything in.

8                THE COURT:  Okay.  Good.

9                MR. GOLDMAN:  And I don't think I did that when I was

10   speaking.

11               THE COURT:  Well, then I'm not following what your

12   request is.

13               MR. GOLDMAN:  I am saying that we don't know what the

14   government disclosed prior to the date that we made an

15   appearance in this case.

16               Because there are so many documents in this case, we

17   still don't have all of the documents from Jones Skelton

18   Hochuli, Mr. McDonald's law firm.

19               So for us at this moment to be able to say on the

20   record, "Well, that's all that was disclosed," we simply don't

21   have knowledge of that based on the fact that we weren't

22   parties to this case prior to March 17th.

23               So if things were disclosed between March 2nd and

24   March 17th and -- I have never said they will try to slip it

25   in -- but in the event that there is something which wasn't

1    discussed in this Court, I think as a matter of fairness, we

2    should have the opportunity to challenge that later rather

3    than an order saying the only things that will not be

4    challenged are -- or the only things that are -- in order, as

5    I understand it to be now, that is allowing certain things but

6    not other things but doesn't take into consideration that

7    there may be things when you ask Mr. Surdakowski, "Do you

8    agree with the government," and he said, "I have no reason to

9    question them," and neither do I.

10          But on the other hand, I have no personal knowledge

11   as to whether that's accurate.

12          THE COURT:  I think that my Order is that the only

13   exhibits that the government would be permitted to offer

14   during the trial are those that were contained in their March

15   1 disclosure, a single exhibit from March 15th, a single

16   exhibit from March 22nd, and a single exhibit from April 3rd.

17          MR. GOLDMAN:  Okay.  And if it's that way, that's

18   fine, Your Honor.  That clarifies it and takes care of any

19   concern that I had.

20          THE COURT:  Okay.  I thought that's what I had said

21   earlier.

22          MR. GOLDMAN:  Well, I guess --

23          THE COURT:  Are you prepared to address the Motion to

24   Stay today?

25          MR. GOLDMAN:  As I mentioned, Your Honor, I would

1    prefer to address all of these motions when we have the

2    opportunity to prepare for them.  Just as I mentioned, we had

3    no idea that the government counsel would be here, and

4    therefore, we had no idea that we would be having oral

5    argument on these motions.

6            THE COURT:  Well, I just thought since everybody was

7    here, we should see what we can accomplish today.

8            MR. GOLDMAN:  And I believe in judicial economy and I

9    think that's terrific.

10           On the other hand, I also believe that we should have

11   an opportunity to prepare oral argument in connection with the

12   matter and I would respectfully request that the Court allow

13   us that opportunity.

14           THE COURT:  I will say one thing about the issue that

15   relates to voluntariness.

16           Since that would be a matter that involves facts and

17   testimony as opposed to argument, I would hear that as I would

18   in any bench trial that might involve an issue of

19   voluntariness at the time of the trial to determine the

20   weight, if any, that can be given to the admissions.

21           So that will not be separately set for an oral

22   argument because it's not an oral-argument-type motion.  It's

23   an evidentiary motion.

24           We cannot discuss today -- and not because it's --

25   only because it's not fully briefed -- the Motion to Quash the

1    Subpoena that was filed by or on behalf of Mr. Casey.  But I

2    did want to note that that motion and the motion to preclude

3    his testimony did not request a hearing.

4          The only motion that's pending that seems to me that

5    would necessarily require argument in advance of trial is the

6    Motion to Stay.

7          Who you agree with that, Mr. Goldman?

8          MR. GOLDMAN:  I would have to review the motions,

9    Your Honor, before I would agree to anything.

10         THE COURT:  Would you agree with that, Mr. Keller?

11         MR. KELLER:  Yes, Your Honor.

12         THE COURT:  Okay.  Well, that's my conclusion as

13   well.

14         Again, it's a bench trial.  And therefore, issues

15   related to the -- whether a witness should be able to take the

16   stand, and if so, what the extent of their testimony is can be

17   argued at the time that the witness is offered.  And whether

18   or not certain evidence can be admitted or not admitted, as is

19   addressed in the Motion to Prohibit the Introduction of

20   Constitutionally Protected Campaign Statements, that can also

21   be addressed at the time of trial when such exhibits are

22   offered.

23         And so I think the only thing that we need to have

24   any type of argument on in advance of trial because it would

25   obviate the necessity to have the trial any time soon is the

 1    Motion to Stay Proceedings.

 2              Mr. Keller, I know that it's -- you're in not just a

 3    different time zone, but you're in Washington, D.C.  You have

 4    counsel here today.  But I agree with Mr. Goldman that I can't

 5    just surprise him with oral argument on the Motion to Stay

 6    Proceedings.  I think -- I'm not even sure if you have seen

 7    the reply brief that was just filed, I think, today; maybe it

 8    was yesterday.

 9              And I would like to set an argument on this motion.

10    I'm again going to offer the government the opportunity to

11    appear telephonically for the argument if they wish to.  I'll

12    extend the same offer to counsel for the defendant, but you

13    may not want to take me up on it since you're in town.  But I

14    think that that's something that we should hear next week.

15              Do you have a preference, Mr. Keller?

16              MR. KELLER:  In terms of a date, no, Your Honor.

17              I would say -- and I guess based on the Court's

18    colloquy with Mr. Goldman -- this won't be more efficient for

19    the Court.  I was going to say that Mr. Cataldo is present in

20    court today and is prepared to argue the Motion to Stay if the

21    Court would wish to hear from the government on that today.

22    But perhaps that doesn't make sense if the defense is not

23    going to have an opportunity to respond today.

24              So in terms of a date next week, I guess our

25    preference would probably be some day Monday through

1   Wednesday, and preferably, actually, as I'm looking at my

2   calendar, Monday or Wednesday would probably be best.

3           THE COURT:  Should I be look looking at you,

4   Mr. Surdakowski?

5           MR. SURDAKOWSKI:  Yes, Your Honor.  The defense

6   requests not Monday of any day next week.  Otherwise, we would

7   be available.

8           THE COURT:  So Wednesday is --

9           MR. SURDAKOWSKI:  Wednesday would be fine.

10          THE COURT:  Wednesday is the day we're going to pick?

11      (Discussion had off the record.)

12          THE COURT:  I'm free all day?  Oh, okay.  I guess it

13  will be Wednesday.  I'm going to say at 10:30, because that's

14  1:30 in the East, so I'm not setting it exactly when everybody

15  is going to lunch.

16          So we will hear argument on that motion.  And if

17  there are any other matters to discuss, not setting argument

18  on motions, but any other issues that arise between now and

19  then or any other specific things with respect to the conduct

20  of the trial, we will address them on Wednesday at 10:30 as

21  well.

22          One of the things that I want to again consult with

23  counsel on is before you appeared, Mr. Goldman, we had a

24  discussion about how -- what the length of the trial was going

25  to be.

CR16-01012-PHX-SRB          MOTION HEARING          4-6-17

 1              And correct me if I'm wrong, Mr. Keller, but I think

 2      the government suggested it was going to take three or four

 3      days to put on their case.

 4              MR. KELLER:  That's correct, Your Honor.

 5              THE COURT:  And at that time the defense was not

 6      suggesting that they had an intention of taking any

 7      significant amount of time to put on a defense, but they

 8      didn't say this, but my conclusion was they were going to put

 9      the government to its burden of proof and not necessarily

10      independently call witnesses -- I'm sorry.  I can't remember

11      now.  When did I tell the defense to produce their list of

12      witnesses and exhibits?  It's soon, right?

13              MR. GOLDMAN:  April 3rd.

14              MR. KELLER:  April 3rd, Your Honor.

15              THE COURT:  Oh, it happened?  Oh.  So what happened

16      when you --

17              Oh, here it is.  Maureen just handed it to me.

18              Are there other witnesses on here?

19              MR. SURDAKOWSKI:  Yes, Your Honor.

20              THE COURT:  I have an exhibit list.  Was there a

21      witness list too?

22              MR. GOLDMAN:  Yes, Your Honor.  Those were not filed

23      by our law firm.  They were filed by the law firm that just

24      withdrew from the case.

25              In connection with those lists, we would respectfully

1   request the opportunity to amend them.  We will not be

2   dilatory in doing so, but that was filed by --

3           THE COURT:  Okay.  Well, you have to do it before

4   next Wednesday --

5           MR. GOLDMAN:  Okay.

6           THE COURT:  -- because that's when I'm going to make

7   a final decision about how long this trial is going to last.

8   And just as a little hint whether or not it would be possible

9   to not have trial on Friday, the 28th of April.

10          MR. GOLDMAN:  Well, based upon our review of the case

11  since we got involved, I believe that we will be spending an

12  equal amount of time as the government plans.

13          So my impression at this time is two weeks.

14          THE COURT:  You mean six to eight days?

15          MR. GOLDMAN:  I would -- yes, probably on the

16  eight-day side, Your Honor.

17          THE COURT:  Well, then we will definitely not take

18  off Friday, April 28th, because I only have at the most

19  potentially eight days available consecutively.

20          Okay.  So I will see some of you and hear from some

21  of you next Wednesday at 10:30.

22          Is there anything else the government wanted to bring

23  up today, wanted to give me a heads up about or anything?

24          MR. KELLER:  I don't believe so, Your Honor.

25          THE COURT:  Okay.  How about anything else on the

1    defense side?

2           MR. GOLDMAN:  Not at this time, Your Honor.

3           THE COURT:  All right.  Court is in recess.  Thank

4    you.

5           MR. KELLER:  Thank you, Your Honor.

6           MR. GOLDMAN:  Thank you.

7        (Proceedings adjourned at 2:50 p.m.)

8                            * * *

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

CR16-01012-PHX-SRB        **MOTION HEARING**        **4-6-17**

C E R T I F I C A T E

  I, ELIZABETH A. LEMKE, do hereby certify that I am duly appointed and qualified to act as Official Court Reporter for the United States District Court for the District of Arizona.

  I FURTHER CERTIFY that the foregoing pages constitute a full, true, and accurate transcript of all of that portion of the proceedings contained herein, had in the above-entitled cause on the date specified therein, and that said transcript was prepared under my direction and control.

  DATED at Phoenix, Arizona, this 20th day of April, 2017.


         s/Elizabeth A. Lemke
         ELIZABETH A. LEMKE, RDR, CRR, CPE