# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Joseph M. Arpaio,<br><br>　　　　　Defendant. | No. CR-16-01012-001-PHX-SRB<br><br>**ORDER** |

At issue is Defendant Arpaio's Motion to Prohibit the Introduction of Constitutionally Protected Campaign Statements ("Mot.") (Doc. 104).

The facts of this case have been summarized in a previous Order that is fully incorporated herein. (*See* Doc. 36, Oct. 25, 2016 Order at 1-4.) Defendant moves to prohibit the introduction of "any public statements made by [him] during his reelection campaign" November 2007 to November 2008, November 2011 to November 2012, and November 2015 to November 2016. (Mot. at 1.) Defendant argues that the statements are not probative of his state of mind or willfulness, are protected by the First and Fifth Amendments, and are more prejudicial than probative. (*Id.* at 1-7.) The Government argues that Defendant's statements are admissible against him, are not protected by the First and Fifth Amendments, and are more probative than prejudicial. (Doc. 108, Resp. in Opp'n to Mot. at 1-4.)

While Defendant offered a detailed explanation for the policies behind the First and Fifth Amendments, Defendant has not offered any legal authority for the proposition that political speech cannot be used against a defendant in criminal proceedings. Defendant attempts to draw distinctions with the cases cited by the Government for the proposition that political speech is admissible as evidence of a defendant's state of mind,

but does not offer a single case stating that political speech cannot be used. *Wisconsin v. Mitchell*, 508 U.S. 476, 489 (1993) ("The First Amendment, moreover, does not prohibit the evidentiary use of speech to establish the elements of a crime or to prove motive or intent. Evidence of a defendant's previous declarations or statements is commonly admitted in criminal trials subject to evidentiary rules dealing with relevancy, reliability, and the like."). Defendant has failed to demonstrate how the First Amendment precludes the admission of his statements other than stating it would have a "chilling effect" on his further statements. (Mot. at 4-5.) Defendant has also failed to demonstrate that the Fifth Amendment would be implicated as there is no argument that Defendant's statements were somehow forced. Defendant knowingly made the statements to "garner votes." (*Id.* at 7.) The Constitution does not prohibit Defendant's campaign statements as evidence.

Defendant's arguments about "forcing Defendant to waive his rights" and the "chilling effect on campaign/political speech" in contravention of the Supreme Court's purported goals has no basis in law or fact. (Mot at 1-4.) As noted above, Defendant was in no way forced to make any of his political statements. Defendant made his statements to "garner votes." Defendant's position that those statements should not be believed because "it would be naïve for anyone to truly believe that any politician will actually do [what] he says he will" is an argument going to the weight not the admissibility of his statements. (*Id.* at 6-7); *Haupt v. United States*, 330 U.S. 631, 642 (1947) (noting that the weight of explicit statements regarding intent is for a factfinder to decide). Defendant will have an opportunity at trial to argue what the statements were intended to convey and his state of mind at the time of his alleged contumacious conduct.

**IT IS ORDERED** denying Defendant Arpaio's Motion to Prohibit the Introduction of Constitutionally Protected Campaign Statements (Doc. 104).

Dated this 31st day of May, 2017.

_____
Susan R. Bolton
United States District Judge