# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>        Plaintiff,<br><br>v.<br><br>Joseph M. Arpaio,<br><br>        Defendant. | No. CR-16-01012-001-PHX-SRB<br><br>**ORDER** |

At issue are Defendant Arpaio's Motion to Clarify Background and History of the "Civil Contempt" Admission ("MTC") (Doc. 102) and Motion Requesting a Voluntariness Hearing and Supplement in Support of Defendant Arpaio's Motion to Clarify Background and History of the "Civil Contempt" Admission ("MRH") (Doc. 105).

**I.    BACKGROUND**

The facts of this case have been summarized in a previous Order and are fully incorporated herein. (*See* Doc. 36, Oct. 25, 2016 Order at 1-4.) On April 23, 2015, Defendant testified at a hearing before Judge G. Murray Snow during the *Melendres v. Arpaio*, CV07-2513-PHX-GMS ("*Melendres*") case. (MTC at 8-19.) During that hearing, Judge Snow asked Defendant about three matters. (MTC at 9:18-23.) Defendant admitted to being in civil contempt for violating Judge Snow's preliminary injunction, for failing to provide requested materials during the underlying trial, and for failing to abide by hearing instructions he had been given at a May 14 hearing. (MTC at 10-12, 14-19.)

Defendant now moves to preclude his civil contempt admissions. (*See* MTC.)

## II.     LEGAL STANDARDS AND ANALYSIS

### A.     Clarifying Civil Contempt Admission History

Defendant argues that the Court should not consider his agreement for a finding of civil contempt (the "Agreement") in *Melendres* because his admissions of civil contempt are not relevant to this case of criminal contempt. (MTC at 1.) Defendant further argues that his civil contempt admissions do not parallel his criminal contempt charge and are unfairly prejudicial to the determination of criminal contempt. (*Id.* at 2, 5.) The Government responds noting that it "does not intend to offer Judge Snow's civil contempt finding against the defendant in this criminal trial" but argues that Defendant's admissions "made voluntarily both in pleadings and during his testimony, are relevant evidence of his knowledge of the preliminary injunction and his repeated violations of that order." (Doc. 113, Gov't's Resp. to Def.'s MTC & MRH ("Resp.") at 1.)[1] The Government argues that Defendant's civil contempt admission regarding the preliminary injunction is probative of the second and third elements of criminal contempt—that Defendant knew of the order and that the order was in fact violated. (*Id.* at 2.) Defendant argues in his Reply that his statements during the *Melendres* hearing are not dispositive of his personal guilt in this criminal matter. (Reply at 2.) "Criminal contempt is established when there is a clear and definite order of the court, the contemnor knows of the order, and the contemnor willfully disobeys the order." *United States v. Powers*, 629 F.2d 619, 627 (9th Cir. 1980).

The Government must prove beyond a reasonable doubt that Defendant willfully disobeyed Judge Snow's preliminary injunction. *Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 782 (9th Cir. 1983) ("In criminal contempt willful disobedience must be proved beyond a reasonable doubt."). A piece of evidence need not

---

[1] The Government submitted a consolidated Response to the Motion to Clarify and Motion Requesting a Voluntariness Hearing and Defendant submitted a consolidated Reply. (*See* Resp. at 1; *see also* Doc. 127, Def. Arpaio's Reply to Gov't's Resp. ("Reply") at 1.)

1   be dispositive, however, to be probative of an element. *See United States v. Rylander*,
2   714 F.2d 996, 1003 (9th Cir. 1983) (using defendant's three-page letter along with other
3   evidence to establish the knowledge element in criminal contempt proceeding).
4   Defendant has not persuasively argued that his civil contempt admission is not probative
5   of the elements the Government must prove. Furthermore, it does not appear that the
6   Government intends to offer Defendant's admissions regarding the other two issues of
7   civil contempt—failure to provide requested materials prior to trial and failure to abide
8   by instructions given in a May 14 hearing—in this case, and the Court agrees that those
9   admissions do not appear to be relevant to this criminal contempt proceeding. (*See* MTC
10  at 4, ll 17-18.)

### B.      Voluntariness Hearing

12      Defendant argues that the Court must hold a voluntariness hearing because he was
13  coerced into making the Agreement, there were improper promises that lead him to
14  believe that the Agreement would avoid criminal charges,[2] and he did not receive proper
15  assistance of counsel regarding the Agreement because he was not informed that he
16  would be left open to criminal charges. (MRH at 1-2.)[3] The Government argues that
17  Defendant's admissions were voluntary. (*Id.* at 3-4.) A confession is involuntary if it is
18  not "the product of a rational intellect and a free will." *Brown v. Horell*, 644 F.3d 969,
19  979 (9th Cir. 2011) (citing *Townsend v. Sain*, 372 U.S. 293, 307 (1963)). "The test is
20  whether, considering the totality of the circumstances, the government obtained the
21  statement by physical or psychological coercion or by improper inducement so that the
22  suspect's will was overborne." *Beaty v. Schriro*, 509 F.3d 994, 999 (9th Cir. 2007).
23  Moreover, a statement may be considered involuntary if it is "extracted by any sorts of

---

[2] The Court notes that there is inconsistency in Defendant's argument that he was promised that no criminal charges would ensue while citing Judge Snow's statement that he "[was] not going to sign off on any civil contempt settlement that [did] not also involve a criminal contempt settlement that [was] applicable to [him]." (*Compare* MRH at 1-2 *with* MRH at 6.)

[3] Defendant's alternative argument that the Court should rule that the Agreement for a finding of civil contempt should not be considered is denied for the reasons previously stated.

- 3 -

threats or violence, [or] obtained by any direct or implied promises, however slight, [or] by the exertion of any improper influence." *Id.* (citing *Hutto v. Ross*, 429 U.S. 28, 30 (1976)).

In his Reply, Defendant expresses concern that admission of his statements would lead to the Court not "affording [him] the right to dispute the meaning of those statements." (Reply at 2.) The admittance of Defendant's civil contempt admission would not create the alleged preclusive affect. Admittance of Defendant's statements does not hinder Defendant's right and ability to explain the context and meaning of any of his statements. Defendant will have the opportunity to present evidence regarding any alleged coercion, allegedly improper promises, and alleged improper assistance of counsel in response to the Government's evidence at trial. A separate hearing is neither necessary nor judicially expeditious for the Court to weigh competing evidence. *Jones v. Marshall*, No. CV 07-0605GHKJTL, 2009 WL 361653, at *14 (C.D. Cal. Feb. 9, 2009), *as amended* (Feb. 17, 2009) ("Courts have held that a separate hearing on the voluntariness of a confession is not required during a bench trial."); *see Allen v. McCotter*, 804 F.2d 1362, 1363 (5th Cir. 1986); *United States ex. rel. Placek v. Illinois*, 546 F.2d 1298, 1304–05 (7th Cir. 1979); *Commonwealth of Northern Mariana Islands v. Mettao*, 2008 WL 1745534, at *3 (N. Mariana Islands, Apr. 9, 2008) ("We . . . find it unnecessary for a trial judge in a non-jury trial to conduct a separate hearing on voluntariness."). Furthermore, despite Defendant's multiple page argument that permitting his civil contempt admissions would "prove" an element of his criminal contempt charge, their admissions do not have such effect and are only some evidence the Government may offer to establish the required elements beyond a reasonable doubt. (MRH at 9-11.)

### III. CONCLUSION

Defendant's Motion asked the Court to clarify the history of the civil contempt admission and because this Order accomplishes that clarification it is granted. To the extent the Motion sought preclusion of Defendant's admissions, it is denied. The Court

denies Defendant's Motion Requesting a Voluntariness Hearing because the evidence of the voluntariness of his admissions will be heard during the bench trial and a separate hearing is not necessary.

**IT IS ORDERED** granting in part and denying in part Defendant Arpaio's Motion to Clarify Background and History of the "Civil Contempt" Admission (Doc. 102).

**IT IS FURTHER ORDERED** denying Motion Requesting a Voluntariness Hearing and Supplement in Support of Defendant Arpaio's Motion to Clarify Background and History of the "Civil Contempt" Admission (Doc. 105).

Dated this 13th day of June, 2017.

Susan R. Bolton
United States District Judge