ANNALOU TIROL
Acting Chief
Public Integrity Section, Criminal Division
U.S. Department of Justice

JOHN D. KELLER
Illinois State Bar No. 6293104
Deputy Chief
VICTOR R. SALGADO
DC Bar No. 975013
SIMON J. CATALDO
Massachusetts Bar No. 690879
Trial Attorneys
Public Integrity Section, Criminal Division
U.S. Department of Justice
1400 New York Ave, NW, 12th floor
Washington, D.C. 20005
Tel: (202) 514-1412
John.Keller2@usdoj.gov
Victor.Salgado@usdoj.gov
Simon.Cataldo@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | 2:16-CR-01012-SRB |
|---|---|
| Plaintiff, | |
| vs. | **RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO FILE MOTION FOR CHANGE OF VENUE** |
| Joseph M. Arpaio, | |
| Defendant. | |

The defendant moves for a change of venue on the eve of trial based on anticipated media coverage of his upcoming bench trial. He cites no legal authority at all in support of his motion, much less any case suggesting that a change of venue is ever necessary to preserve the impartiality of a *judge* as a factfinder as opposed to a *jury*. The defendant's motion lacks merit and should be denied.

A change of venue based on pretrial publicity is generally warranted only where the defendant can show presumed or actual prejudice from a tainted jury pool. *See Murray v. Schriro*, 746 F.3d 418, 442 (9th Cir. 2014) ("When an impartial jury cannot be empaneled due to pretrial publicity, a change of venue at the request of the defendant is appropriate.")

1   (citing *Skilling v. United States*, 561 U.S. 358, 378 (2010)).  Presumed prejudice requires

2   that the defendant show that a "wave of public passion makes a fair trial unlikely by the

3   jury," or that the "trial atmosphere is utterly corrupted by press coverage." *Id.* (quotation

4   marks omitted).  Alternatively, actual prejudice is shown where "potential jurors who have

5   been exposed to pretrial publicity express bias or hostility toward the defendant that cannot

6   be cast aside."  *Id.*  There is no jury pool to be tainted here; for this reason alone the

7   defendant's motion should be denied.

8       To the extent the defendant's motion is actually a request for the Court to recuse

9   itself, the defendant's motion again fails.  Though the defendant generally alleges that this

10  Court referred to "'effectuat[ing]' Judge Snow's intent" at an initial status hearing, (ECF

11  No. 171 at 5), the defendant's self-serving characterization of an unidentified, isolated

12  remark falls far short of "demonstrat[ing] such pervasive bias and prejudice that [it]

13  constitute[s] bias against a party."  *United States v. Wilkerson*, 208 F.3d 794, 797 (9th Cir.

14  2000) (holding that recusal was not necessary where defendant "failed to demonstrate . . . a

15  clear inability to render fair judgment" on the part of the trial court).

16      For the foregoing reasons, the government requests that the defendant's motion be

17  denied.

18                                              Respectfully Submitted,

19                                              ANNALOU TIROL
                                                Acting Chief, Public Integrity Section
20
                                            By: */s/ John D. Keller*
21                                              John D. Keller
                                                Deputy Chief
22                                              Victor R. Salgado
                                                Simon J. Cataldo
23                                              Trial Attorneys
                                                United States Department of Justice
24                                              Public Integrity Section
                                                1400 New York Ave. NW
25                                              Washington, DC  20005
                                                (202) 514-1412
26                                              John.Keller2@usdoj.gov
27

28

Victor.Salgado@usdoj.gov
Simon.Cataldo@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on today's date, I electronically filed the foregoing via the CM/ECF system which will provide notice to counsel of record for the defendant.

/s/ *John D. Keller*
John D. Keller
Deputy Chief