# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-16-01012-001-PHX-SRB |
| Plaintiff, | **ORDER** |
| v. | |
| Joseph M. Arpaio, | |
| Defendant. | |

At issue is the Government's Motion to Quash Defendant's Trial Subpoena to U.S. Attorney General Jefferson Beauregard Sessions ("Mot.") (Doc. 161).

The Government moves to quash the subpoena Defendant served on Attorney General Jefferson Beauregard Sessions arguing that his testimony is neither relevant nor meets the demanding standard required to compel the testimony of a high-ranking official. (Mot. at 2.) Defendant argues that the Attorney General's testimony is necessary because he "makes all determinations with respect to 'all questions of law' on behalf of the Department of Homeland security (Border Patrol and ICE)" and his statements constitute admissions of a party opponent. (Doc. 167, Def.'s Resp. to Mot ("Resp.") at 2-3.) Defendant further argues that this is an extraordinary case because "Plaintiff is prosecuting the former head of law enforcement in the fourth most-populous county in the United States, for merely cooperating with Plaintiff in federal law enforcement." (*Id.* at 3-4.)

> It is a settled rule in [the Fifth Circuit] that "exceptional circumstances must exist before the involuntary depositions of high agency officials are permitted." *In re Office of Inspector General,* 933 F.2d 276, 278 (5th Cir. 1991) (per curiam) (citing *EEOC v. K–Mart,* 694 F.2d 1055, 1067–68 (6th Cir. 1982)). "[T]op executive department officials should not, absent extraordinary circumstances, be called to testify regarding their reasons for taking official actions." *Id.* (quoting *Simplex Time Recorder Co. v. Secretary of Labor,* 766 F.2d 575, 586 (D.C. Cir. 1985)). "High ranking government officials have greater duties and time constraints than other witnesses." *In re United States,* 985 F.2d 510, 512 (11th Cir.) (per curiam), *cert. denied,* 510 U.S. 989, 114 S.Ct. 545, 126 L.Ed.2d 447 (1993). "[T]he Supreme Court has indicated that the practice of calling high officials as witnesses should be discouraged." *Id.* (citing *United States v. Morgan,* 313 U.S. 409, 61 S. Ct. 999, 85 L.Ed. 1429 (1941)).

*In re F.D.I.C.*, 58 F.3d 1055, 1060 (5th Cir. 1995).

The Court is unaware, and Defendant has not supplied, any support for his legal proposition that exceptional circumstances need not be shown by him before permitting the subpoena of the Attorney General and Defendant has not met that burden here. First, this case encompasses the actions of Defendant arising out his alleged violation of a 2011 preliminary injunction order and its alleged continued violation until 2013. Defendant has not shown the relevance of the current Attorney General's position on federal immigration policies from 2011 to 2013 when he was not appointed until February 2017. Attorney General Sessions' 2017 statements regarding the United States' current policy are irrelevant to the United States' policy between 2011 and 2013. Furthermore, Defendant has not argued or shown that Attorney General Sessions has knowledge of the United States' policy on immigration during the relevant 2011 to 2013 timeframe. *In re U.S.*, 542 F. App'x 944, 948 (Fed. Cir. 2013) ("In deciding whether that burden has been met, courts have held that the government official must have personal involvement or first-hand knowledge of the underlying dispute."). The Court therefore quashes Defendant's trial subpoena for Attorney General Jeffrey Beauregard Sessions.

**IT IS ORDERED** granting Government's Motion to Quash Defendant's Trial Subpoena to U.S. Attorney General Jefferson Beauregard Sessions (Doc. 161).

///

///

**IT IS FURTHER ORDERED** quashing Defendant's Trial Subpoena to U.S. Attorney General Jefferson Beauregard Sessions.

Dated this 27th day of June, 2017.

_____
Susan R. Bolton
United States District Judge