

Dennis I. Wilenchik, #005350
John D. Wilenchik, #029353
admin@wb-law.com

Mark Goldman (012156)
Vincent Rene Mayr (013954)
Jeff S. Surdakowski (030988)
17851 North 85th Street, Suite 175
Scottsdale, AZ  85255
Main: (480) 626-8483
Facsimile: (480) 502-7500
E-mail: docket@gzlawoffice.com
*Attorneys for Defendant Joseph M. Arpaio*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| **United States of America,** | Case No.: 2:16-cr-01012-SRB-1 |
| **Plaintiff,** | |
| v. | **DEFENDANT'S NOTICE OF OBJECTIONS TO EXHIBITS 37a - t** |
| **Joseph M. Arpaio,** | |
| **Defendant.** | |

Comes now Defendant Joseph M. Arpaio ("Defendant"), by and through counsel undersigned, who hereby submits his objections to the United States' introduction of Exhibits 37a – t.

## OBJECTIONS

Exhibits 37a – t consist of numerous video clips that are wholly irrelevant to this proceeding. This alone should bar their introduction. *See* Fed.R.Ev. Rule 401 & 403.[1] Moreover, the government has not provided the full recording representing the complete video

---

[1] The objections contained in this footnote relate only to relevance. The exhibits are subject to the other objections contained within this motion and do not constitute a waiver of any other objection made.
**Exhibit 37a** is a clip from a Univision Interview. It discusses the Defendant's view of Romney's immigration policy. Furthermore, no foundation relating to any other statement by Defendant from this clip is given, making it impossible to determine its applicability to this case. This is wholly irrelevant and its introduction would violate Fed.R.Ev. Rule 401 and 403.
**Exhibit 37b** is a clip from a Univision Interview. It contains an argument between the Defendant and a reporter as to whether those of Latino ancestry like the Sheriff. This is wholly irrelevant and its introduction would violate Fed.R.Ev. Rule 401 and 403.
**Exhibit 37c** is a clip from a Fox News Special. The single statement contained therein is wholly irrelevant and its introduction would violate Fed.R.Ev. Rule 401 and 403.
**Exhibit 37d** is a clip from a Fox News interview. It discusses settlement in the underlying matter. This is wholly irrelevant and its introduction would violate Fed.R.Ev. Rule 401 and 403.
**Exhibit 37e** is a clip from a CBS Interview. It is a single statement that people do not like the Sheriff. This is wholly irrelevant and its introduction would violate Fed.R.Ev. Rule 401 and 403.
**Exhibit 37f** is a clip from Conservative TV Online. It is a statement about people have protesting the Sheriff. This is wholly irrelevant and its introduction would violate Fed.R.Ev. Rule 401 and 403.
**Exhibit 37g** is a clip from Conservative TV Online. It discusses Arpaio's high approval rating. This is wholly irrelevant and its introduction would violate Fed.R.Ev. Rule 401 and 403.
**Exhibit 37h** is a clip from PBS News Hour. It discusses Arizona Senate Bill 1070. This is wholly irrelevant and its introduction would violate Fed.R.Ev. Rule 401 and 403.
**Exhibit 37i** is a clip from PBS New Hour. It contains statements that people should immigrate legally. This is wholly irrelevant and its introduction would violate Fed.R.Ev. Rule 401 and 403.
**Exhibit 37j** is a clip from CNN. It contains no information whatsoever. This is wholly irrelevant and its introduction would violate Fed.R.Ev. Rule 401 and 403.
**Exhibit 37k** is a clip from a Fox interview. It contains a statement that ICE is may stop taking illegal immigrants. This is wholly irrelevant and its introduction would violate Fed.R.Ev. Rule 401 and 403.
**Exhibit 37l** is a clip from KNVX. It is a statement regarding Arizona Senate Bill 1070. This is wholly irrelevant and its introduction would violate Fed.R.Ev. Rule 401 and 403.
**Exhibit 37m** is a clip from Univision. It contains a statement that ICE is may stop taking illegal immigrants. This is wholly irrelevant and its introduction would violate Fed.R.Ev. Rule 401 and 403.
**Exhibit 37n** is a clip from Univision. It discusses the Supreme Court decision regarding Arizona Senate Bill 1070. This is wholly irrelevant and its introduction would violate Fed.R.Ev. Rule 401 and 403.
**Exhibit 37o** is a clip from Fox News. It discusses the Supreme Court decision regarding Arizona Senate Bill 1070. This is wholly irrelevant and its introduction would violate Fed.R.Ev. Rule 401 and 403.
**Exhibit 37p** is a clip from Fox News. It discusses delegates who like and support Arpaio. This is wholly irrelevant and its introduction would violate Fed.R.Ev. Rule 401 and 403.
**Exhibit 37q** is a clip from Fox News. It discusses those who support Arpaio. This is wholly irrelevant and its introduction would violate Fed.R.Ev. Rule 401 and 403.
**Exhibit 37r** is a clip from Fox News. It contains a statement that Arpaio is just enforcing the laws. This is wholly irrelevant and its introduction would violate Fed.R.Ev. Rule 401 and 403.
**Exhibit 37s** is a clip from Fox News. It contains a discussion regarding the media following Arpaio around. This is wholly irrelevant and its introduction would violate Fed.R.Ev. Rule 401 and 403.
**Exhibit 37t** is a clip from Fox News. It discusses immigration reform. This is wholly irrelevant and its introduction would violate Fed.R.Ev. Rule 401 and 403.

1 each clip was taken from.  Similarly, the government has not and cannot provide the unedited
2 footage that was used to create the video segment and resulting clip.  This alone makes any of
3 these clips wholly unreliable and inadmissible in a court of law.  It is impossible for Defendant
4 to know the context of any statement or verify that the editing process making the footage that
5 the clip was derived from did not alter the statements contained therein.  Because the
6 government did not, and cannot, disclose or provide the entire unaltered video from which these
7 clips were taken, they are not admissible.  Admitting these clips would be a clear violation of
8 Fed.R.Ev. 901, 106, 401, 403 and 801.

9      Furthermore, none of the clips are admissible pursuant to Rule 804(b)(3) which is limited
10 to statements that, in a real and tangible way, subject the declarant to criminal liability. *U.S. v.*
11 *Layton,* 720 F.2d 548, 557–60 (9th Cir. 1983) (overruled on other grounds by *U.S. v. W.R.*
12 *Grace,* 526 F.3d 499 (9th Cir. 2008)). A showing that the statements **solidly inculpate** the
13 declarant is required. *U.S. v. Hoyos,* 573 F.2d 1111, 1115 (9th Cir. 1978).  The government
14 simply cannot meet this burden as to any of the clips.  Not a single clip offered by the
15 government even remotely tends to inculpate—as the clips are wholly irrelevant—let alone
16 "solidly inculpate", as such none of the governments clips are an exception to the hearsay rule
17 and therefore must be excluded.  Indeed, even if the government had provided a single solidly
18 inculpatory statement—which they have not—non-self-inculpatory statements are inadmissible
19 even if they were made contemporaneously with other self-inculpatory statements. *See*
20 *Williamson v. United States,* 512 U.S. 594, 599, 114 S.Ct. 2431, 129 L.Ed.2d 476 (1994).  The
21 self-inculpatory statements, when offered by the government, are admissions by a party-
22 opponent and are therefore not hearsay, *see* Fed.R.Evid. 801(d)(2), but the non-self-inculpatory
23 statements are inadmissible hearsay. *See Williamson v. U.S.,* 512 U.S. 594, 599, 114 S.Ct. 2431
24 (1994).

25

26

Finally, the Confrontation Clause of the Sixth Amendment provides that, in criminal cases, the accused has the right to "be confronted with witnesses against him." The Confrontation Clause guarantees an opportunity for effective cross-examination, *United States v. Owens*, 484 U.S. 554, 559 (1988). Here, the video clips contain statements by numerous individuals none of which were named by the United States or called as witnesses—all of which are clearly barred by Fed.R.Ev. Rule 801. As well as being barred by Fed.R.Ev. Rule 801, the introduction of these video clips would necessarily include statements by individuals who the Defendant had no opportunity to cross-exam violating his rights under the Sixth Amendment.

## CONCLUSION

For the foregoing reasons, this Court should rule that Exhibits 37a - t are inadmissible.

**RESPECTFULLY SUBMITTED** July 5, 2017.

| **WILENCHIK & BARTNESS, P.C.** | **GOLDMAN & ZWILLINGER PLLC** |
|---|---|
| */s/ Dennis I. Wilenchik* | */s/ Vincent Rene Mayr* |
| Dennis I. Wilenchik, Esq. | Mark D. Goldman, Esq. |
| John D. Wilenchik, Esq. | Vincent Rene Mayr, Esq. |
| The Wilenchik & Bartness Building | Jeff S. Surdakowski, Esq. |
| 2810 North Third Street | 17851 North 85th Street, Suite 175 |
| Phoenix, Arizona 85004 | Scottsdale, AZ 85255 |
| admin@wb-law.com | E-mail: docket@gzlawoffice.com |

*Attorneys for Defendant Joseph M. Arpaio*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of July 2017, I electronically transmitted the foregoing Motion to the Clerk of Court through the CM/ECF System which will send a Notice of Electronic Filing to all CM/ECF registrants for this matter.

*/s/ Christine M. Ferreira*