AnnaLou Tirol
Acting Chief
Public Integrity Section, Criminal Division
U.S. Department of Justice

JOHN D. KELLER
Illinois State Bar No. 6293104
Deputy Chief
VICTOR R. SALGADO
DC Bar No. 975013
SIMON J. CATALDO
Massachusetts Bar No. 690879
Trial Attorneys
Public Integrity Section, Criminal Division
U.S. Department of Justice
1400 New York Ave, NW, 12th floor
Washington, D.C. 20005
Tel: (202) 514-1412
John.Keller2@usdoj.gov
Victor.Salgado@usdoj.gov
Simon.Cataldo@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Joseph M. Arpaio,<br><br>　　　　Defendant. | No. CR-16-01012-PHX-SRB<br><br>**UNITED STATES' MEMORANDUM OF LAW ON THE ELEMENTS OF CRIMINAL CONTEMPT** |

Criminal contempt under 18 U.S.C. § 401(3) has three elements: (1) that there was "a clear and definite order of the court," (2) that "the contemnor kn[ew] of the order," and (3) that "the contemnor willfully disobey[ed] the order." *United States v. Powers*, 629 F.2d 619, 627 (9th Cir. 1980).

### A. Clear and Definite Order

An order must be clear and definite[*] to alert the party to whom it is addressed that

---

[*] Other circuits use different formulations for the first element of criminal contempt, *see, e.g.*, *United States v. Hoover*, 240 F.3d 593, 596 (7th Cir. 2001) ("reasonably specific"); *United States v. Bernadine*, 237 F.3d 1279, 1282 (11th Cir. 2001) (same);

his conduct is prohibited. That is, the order must be "specific enough to have put the defendant on notice as to what actions the court was trying to prohibit." *United States v. Cable News Network, Inc.*, 865 F. Supp. 1549, 1552 (S.D. Fla. 1994); *see United States v. Young*, 107 F.3d 903, 907 (D.C. Cir. 1997) (first element met where order provided "sufficient notice of the illegality" of defendant's conduct).

To assess whether an order is clear and definite, the factfinder should consider the order's language and purpose. *See Young*, 107 F.3d at 907 (first element is an "objective standard" that focuses on order's language). If an order's language is plain and its purpose is clear, the first element is satisfied. *See, e.g.*, *United States v. Straub*, 508 F.3d 1003, 1012 (11th Cir. 2007) (finding order's plain language to be clear, and stating that "[t]he purpose of the order would have been undermined" were the court to accept the defendant's interpretation); *United States v. Hoover*, 240 F.3d 593, 596 (7th Cir. 2001) (rejecting defendant's "semantical argument" based on court's review of the relevant term's dictionary definitions and concluding that the defendant's interpretation would defeat the order's purpose). Where an order's language and purpose clearly identify the proscribed conduct, "twisted interpretations" or "tortured constructions" that are "at odds with the purpose and history of the order" do not undermine the order's clarity. *United States v. Greyhound Corp.*, 508 F.2d 529, 533–34, 536 (7th Cir. 1974); *see also* at 535–36 (rejecting a contempt defendant's "implausible interpretations" that would "render" an order "purposeless"); *Cable News*, 865 F. Supp. at 1554 (rejecting an interpretation of an order that would "ignore[] the order's stated purpose and the interests that the court was trying to protect"). In contrast, the "mere fact" that an order is "subject to reasonable interpretation" that takes account of the order's "background" and "purpose" does not render the order "so vague and ambiguous that a party cannot know what is expected of him." *Greyhound Corp.*, 508 F.2d at 537. A party's failure or decision not to seek further

---

*United States v. Rapone*, 131 F.3d 188, 192 (D.C. Cir. 1997) ("clear and reasonably specific"); *United States v. Twentieth Century Fox Film Corp.*, 882 F.2d 656, 659 (2d Cir. 1989) ("specific and definite"), but courts do not appear to make any meaningful distinction in how the standard is applied across circuits.

clarification of an order tends to establish that its language and purpose—and thus the order itself—was clear. *See United States v. Hill*, 420 F. App'x 407, 412 (5th Cir. 2011) ("The defendants' contention that the order is unclear is further weakened by their failure to suggest any changes to the district court after being given a draft of the order for review."); *see also Greyhound Corp.*, 508 F.2d at 532 ("[A] failure to [seek clarification] when combined with actions based upon a twisted or implausible interpretation of the order" supports criminal contempt); *cf. Int'l Longshoremen's Ass'n, Local 1291 v. Philadelphia Marine Trade Ass'n*, 389 U.S. 64, 70–71 (1967) (finding order unclear where, despite "repeated requests" for clarification, the district court "steadfastly refused to explain the meaning of the order").

Equally important to assessing whether an order is clear and definite is the context in which the order arises, including the contemnor defendant's conduct. *See Straub*, 508 F.3d at 1011 (first element "involves a factual inquiry that must consider the context in which the order was entered and the audience to which the order was addressed"); *see also Greyhound Corp.*, 508 F.2d at 537 (order must be understood "in light of" its "background"). For example, an order is clear where an experienced defendant's past words and actions show that he knew what the order required. *See United States v. McMahon*, 104 F.3d 638, 643 (4th Cir. 1997); *cf. Perfect Fit Indus., Inc. v. Acme Quilting Co.*, 646 F.2d 800, 808–09 (2d Cir. 1981) (defendant's own proposed language showed a familiarity with the subject matter sufficient to hold that the order was not "impermissibly vague"). Relatedly, a contemnor's prior admission that an order applied to him supports a finding that the order is sufficiently clear and definite. *United States v. Hodge*, 894 F. Supp. 648, 652 (S.D.N.Y. 1994) (stating that "defendant's own statements . . . preclude a finding that the applicability of the Freeze Order was vague and uncertain"). And a contemnor's "studied ignorance," *i.e.*, deliberate effort to postpone or avoid gaining detailed knowledge of an order, does not render the order insufficiently clear. *See McMahon*, 104 F.3d at 645 (citing *Perfect Fit*, 646 F.2d at 808).

Another contextual question is what, if anything, others communicate to the

defendant about the order. Thus, an order is clear and definite where others "specifically" inform the contemnor what the order requires. *See Young*, 107 F.3d at 908; *see also United States v. Trudell*, 563 F.2d 889, 892 (8th Cir. 1977) (analogizing first element to the constitutional vagueness doctrine, and finding it satisfied where Deputy Marshals repeatedly warned the contemnor that his conduct violated the court's standing order). That is particularly true where an attorney advises the contemnor concerning what the order requires. Accordingly, the Ninth Circuit has rejected a defendant's argument that a consent decree was too vague to support a Section 401(3) conviction where that defendant "had the benefit of counsel" when he signed the decree and subsequently violated it. *See United States v. Schafer*, 600 F.2d 1251, 1253 (9th Cir. 1979); *see also id.* ("[The order] is not written in terms so vague and uncertain that neither appellant nor his lawyer could understand it. . . . We find it impossible to believe that an operator in this highly competitive field with the help of his own counsel and with 14 years of experience would not know that he was treading on dangerous ground.").

Orders that lack detail, that are issued reflexively and without specifying critical information, or that do not clearly identify the relevant parties and required or proscribed conduct fail to satisfy the "clarity element." *See United States v. NYNEX Corp.*, 8 F.3d 52, 55 (D.C. Cir. 1993). For example, orders are not clear for criminal contempt purposes where they fail to specify the date by which a party must act, *Downey v. Clauder*, 30 F.3d 681, 686 (6th Cir. 1994), or provide only broad, unspecified directives such as not to "argue with me when I rule," *United States v. West*, 21 F.3d 607, 608–09 (5th Cir. 1994), or to make a "bonafide offer of settlement," *Hess v. N.J. Transit Rail Operations, Inc.*, 846 F.2d 114, 116 (2d Cir. 1988). An order that provides "no meaningful distinction" between permitted and prohibited conduct and which the government cannot understand also falls short. *See NYNEX Corp.*, 8 F.3d at 55–57; *see also United States v. Robinson*, 922 F.2d 1531, 1534 (11th Cir. 1991) (local rule that, "[i]n making objections counsel should state only the legal grounds for the objection," contained precatory rather than mandatory language and was not uniformly enforced in the district was not clear); *Matter of Betts*, 927

F.2d 983, 987 (7th Cir. 1991) (short docket entry that failed to require a lawyer to personally appear was not clear); *United States v. Turner*, 812 F.2d 1552, 1565–66 (11th Cir. 1987) (order to not "inject racial prejudice into the case" failed to identify the prohibited conduct and therefore was not clear).

The fact that a subsequent order is more detailed in some respects than an earlier order, however, does not mean that the earlier order was insufficiently clear. In *Young*, the defendant claimed that a preliminary injunction did not provide notice that her conduct was the type of "retaliatory action" proscribed and argued that only the later-issued permanent injunction provided an explicit definition of "retaliation." 107 F.3d at 907–08 & n.7. The D.C. Circuit disagreed, explaining that the permanent injunction did not "clarify ambiguous language" but instead "merely finalized" the preliminary injunction. *Id.* at 908 n.7.

When the contemnor and others are subject to the same order, it is the contemnor's—and not the others'—understanding of the order that is relevant. Two cases suggest that others' understanding of an order could show that an order is clear. *See United States v. Muncey*, No. 16-11921, 2017 WL 2591397, at *4 (11th Cir. June 15, 2017) (affirming a contempt conviction against a police chief for violating a sequestration order based in part on the facts that (1) the chief "had served as a police officer for over twenty years," and (2) that "[o]ther police officers . . . called as witnesses during the contempt hearing testified that they knew what a sequestration order meant and generally required"); *Young*, 107 F.3d at 908. But the government is unaware of a single case where misunderstanding by another leads to the conclusion that an order failed to satisfy element one with respect to the contemnor. Instead, courts have rejected the assertions of defendants' colleagues who claimed that they did not "have an understanding" of what the order meant, and that "the order was never explained to [them] in detail," by assessing the language, purpose, and context of the order itself. *Young*, 107 F.3d at 908; *see also Greyhound*, 508 F.2d at 534 n.13, 535 (rejecting company official's assertion that he believed the company to be in compliance with the order because the official's

interpretation of the order "would render it purposeless"). The question is not whether the order was sufficiently clear as to other people, but whether the contemnor himself was sufficiently put on notice by the order. *McMahon*, 104 F.3d at 643; *S.E.C. v. Am. Bd. of Trade, Inc.*, 830 F.2d 431, 440 (2d Cir. 1987) (concluding, in response to the defendant's argument that the order "only *appears* to be definite, clear, specific and to have left no doubt or uncertainty in the minds of those to whom it was addressed" that "[i]n view of [the defendant's] dominant role in the [company], he had to know the account in question contained assets from the notes program" (emphasis in original) (internal quotation marks omitted)).

### B. Knowledge of the Order

The second element of criminal contempt requires "knowledge or notice of the court order in question." *United States v. Rylander*, 714 F.2d 996, 1003 (9th Cir. 1983) (stating that "actual knowledge of the order is all that is required; neither formal notice nor personal service is necessary to support a conviction for criminal contempt").

### C. Willful Disobedience

The third element of contempt that the government must prove is that the defendant willfully disobeyed the order. The Ninth Circuit defines willfulness in the contempt context as "a volitional act done by one who knows or should reasonably be aware that his conduct is wrongful. It implies a deliberate or intended violation, as distinguished from an accidental, inadvertent, or negligent violation of an order." *United States v. Armstrong*, 781 F.2d 700, 706 (9th Cir. 1986) (internal quotation marks and citations omitted); *see also United States v. Baker*, 641 F.2d 1311, 1317 (9th Cir. 1981).

A number of factors tend to establish willfulness. First, indifference to an order demonstrates willfulness. *See Rylander*, 714 F.2d at 1003 ("While a good faith effort to comply with the order is a defense to a charge of contempt, delaying tactics or indifference to the order are not." (internal quotation marks omitted)); *Greyhound*, 508 F.2d at 532 ("[D]elaying tactics, indifference to the order, or mere 'paper compliance' will support a finding of willfulness."); *id.* ("The very issuance of the order puts the party on notice that

his past acts have been wrongful."). Further, direction or facilitation of subordinates' noncompliance with a court order by a supervisor constitutes willful disobedience. *See United States v. Twentieth Century Fox Film Corp.*, 882 F.2d 656, 658–59, 666 (2d Cir. 1989) (affirming Section 401(3) conviction of a branch office manager for instructing her subordinates to violate a consent decree's prohibition of unlawful business practices); *In re Holland Furnace Co.*, 341 F.2d 548, 551–52 (7th Cir. 1965), *aff'd sub nom. Cheff v. Schnackenberg*, 384 U.S. 373 (1966) (affirming contempt conviction of the "dominant head" of a company for "knowingly, wil[l]fully and intentionally" causing and aiding and abetting in causing the company to violate a court order, where defendant delegated compliance enforcement to employees he knew would be ineffective in such a role); *see also United States v. Hochschild*, Nos. 96-3517, 97-3403, 1997 WL 705089, at *1–2 (6th Cir. 1997) (affirming Section 401(3) conviction of company president for failure to bring his business into compliance with an order of the National Labor Relations Board).

Finally, it is no defense that the defendant is unaware that his contumacious conduct could result in criminal (rather than civil) liability. *See Armstrong*, 781 F.2d at 707 ("[Defendants'] claim that they did not understand that their conduct amounted to criminal contempt . . . . is no defense. The critical inquiry is whether the [defendants] were aware that they were disobeying a lawful court order, not whether they realized the nature of the punishment they could receive for disobeying that order."). And similarly, belief that an order is invalid does not relieve a defendant of the obligation to obey it. *Maness v. Meyers*, 419 U.S. 449, 458 (1975) ("Persons who make private determinations of the law and refuse to obey an order generally risk criminal contempt even if the order is ultimately ruled incorrect."); *United States v. Chapman*, 613 F.2d 193, 197 (9th Cir. 1979).

Respectfully Submitted,

ANNALOU TIROL
Acting Chief, Public Integrity Section

By: */s/ John D. Keller*

| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

John D. Keller
Deputy Chief
Victor R. Salgado
Simon J. Cataldo
Trial Attorneys
United States Department of Justice
Public Integrity Section
1400 New York Ave. NW
Washington, DC  20005
(202) 514-1412
John.Keller2@usdoj.gov
Victor.Salgado@usdoj.gov
Simon.Cataldo@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing via the CM/ECF system on today's date which will provide notice to counsel of record for the defendant.

*/s/ John D. Keller*
John D. Keller
Deputy Chief