**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**
**CRIMINAL TRIAL MINUTES**

Phoenix Division

CR 16 / 01012/ 1 PHX SRB     DATE: 8-3-17
 Year   Case No.  Dft #

HON: SUSAN R. BOLTON

USA  v.    Arpaio, Joseph M.
          Last Name       First Name     Middle Initial

DEFENDANT: X Not Present

Deputy Clerk: Maureen Williams    Court Reporter:   Liz Lemke

U.S. Attorney: John Keller, Victor Salgado and Simon Cataldo [all appearing telephonically]

Defense Attorney: Dennis Wilenchik, John Wilenchik and Mark Goldman [all appearing telephonically]
 __ AFPD  _ Appointed  X  Retained

Interpreter:_  Language:_

This is the time set for Telephonic Conference regarding procedural matters concerning sentencing.  The Court advises counsel that the courtroom is open and there are some spectators in the courtroom.  The Court notes that before this matter was set for a Telephonic Conference counsel were advised that Defendant Joseph Arpaio was invited to participate telephonically in the hearing. Defense counsel Goldman responded by e-mail that the Defendant would be participating telephonically.  However, when the case was called for hearing and counsel made their appearances the Defendant was not present.  Discussion held.  Defense counsel Goldman advises Defendant waives his presence at this telephonic hearing.

Regarding the preparation of a presentence investigation report, Government's counsel requests that a report be prepared.  Defense counsel Dennis Wilenchik responds that because it is a petty offense a full blown presentence investigation report would be a waste of time and money.  Defense counsel Goldman stated his desire to consult with Defendant about waiving the presentence investigation report.  Discussion held. If Defendant wishes to waive the presentence investigation report,

IT IS ORDERED that a waiver, signed by both counsel and Defendant, shall be filed no later than **August 10, 2017**.  If no waiver is filed, the presentence investigation report process will proceed.

The parties are advised of General Order 15-12, which states that no more than 10 character letters shall be submitted by defense counsel in a criminal case,

IT IS ORDERED that if the Government was intending to offer letters for sentencing the Government is also limited to 10 letters.  All letters shall be submitted to the Court [not filed electronically] by **September 29, 2017.**

CR 16-01012-1-PHX-SRB
USA v. Arpaio
Page 2

IT IS FURTHER ORDERED that any motions for upward departure or downward departure and any sentencing memoranda shall be filed no later than **September 29, 2017.**

Government's counsel inquires about the length of time set aside for sentencing. Discussion held.

IT IS ORDERED that not later than **September 29, 2017,** the following information shall be filed with the Court: the name(s) of the witness(es) either party intends to call at sentencing and the number of other individuals each party intends to have make a statement at sentencing. Each party is limited to 10 individuals who will address the Court either by a statement or through testimony at sentencing.

If a presentence investigation report is prepared, counsel are reminded that Fed. R. Crim. Pro. 32 sets forth the procedure for disclosure of the draft presentence investigation report and the time to object.

Defense counsel Goldman requests to address the Court regarding the verdict not being read to the Defendant in open court. Because Defendant is not present, the Court will not allow discussion of this substantive matter. Defense counsel may request to convene a hearing with the Defendant present to discuss the issue or counsel may submit something in writing.