

Dennis I. Wilenchik, #005350
John D. Wilenchik, #029353
admin@wb-law.com

Mark Goldman, #012156
Vincent R. Mayr, #013954
Jeff S. Surdakowski, #030988
17851 North 85th Street, Suite 175
Scottsdale, AZ 85255
Main: (480) 626-8483
Facsimile: (480) 502-7500
docket@gzlawoffice.com
*Attorneys for Defendant Joseph M. Arpaio*

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | Case No.: 2:16-cr-01012-SRB-1 |
| Plaintiff, | **DEFENDANT'S MOTION FOR VACATUR AND DISMISSAL WITH PREJUDICE** |
| v. | |
| Joseph M. Arpaio, | (Oral Argument Requested) |
| Defendant. | (Assigned to the Honorable Susan R. Bolton) |

Pursuant to Fed.R.Crim.P. 48 *inter alia*, Defendant Joseph M. Arpaio ("Defendant") respectfully moves to vacate the verdict and all other orders in this matter, as well as the

Sentencing on October 5th, and to dismiss this matter with prejudice. This Motion is made on the grounds that on August 25th, 2017, the President of the United States of America issued a full and unconditional pardon of Defendant. A copy of the Executive Grant of Clemency is submitted to the Court as Exhibit "A" hereto, and incorporated as if set forth herein. The President's pardon moots the case, and it warrants an automatic vacatur of all opinions, judgments, and verdicts related to the criminal charge. This Motion is supported by the following Memorandum of Points and Authorities, and a proposed form of Order is submitted herewith.

Defendant respectfully requests that the Court rule on the instant Motion promptly, in order to enable the Defendant to update the United States Supreme Court as to the "final" status of this case before its scheduled conference on September 25th, 2017 (and/or to take action to withdraw the Petition to that Court, as appropriate).

**RESPECTFULLY SUBMITTED** August 28, 2017.

| **WILENCHIK & BARTNESS, P.C.** | **GOLDMAN & ZWILLINGER PLLC** |
|---|---|
| /s/ Dennis and Jack Wilenchik | /s/ Mark D. Goldman |
| Dennis I. Wilenchik, Esq. | Mark D. Goldman, Esq. |
| John D. Wilenchik, Esq. | Vincent R. Mayr, Esq. |
| The Wilenchik & Bartness Building | Jeff S. Surdakowski, Esq. |
| 2810 North Third Street | 17851 North 85th Street, Suite 175 |
| Phoenix, Arizona 85004 | Scottsdale, AZ 85255 |
| admin@wb-law.com | docket@gzlawoffice.com |

*Attorneys for Defendant Joseph M. Arpaio*

**MEMORANDUM OF POINTS AND AUTHORITIES**

"[T]he vacatur of all opinions, judgments, and verdicts related to a criminal charge against the defendant is appropriate when the presidential pardon is granted during the pendency of the appeals process, which has the effect of rendering moot all the ongoing appeals; the efficacy of the verdict finding the defendant guilty of the charge is lost to the same mootness." 67A C.J.S. Pardon & Parole § 33; *citing U.S. v. Schaffer*, 240 F.3d 35 (D.C. Cir. 2001)(vacating guilty verdict where pardon was issued before conclusion of appeals). In

1

*Schaffer*, the defendant (Schaffer) was pardoned while his appeal of the conviction was still pending. *Id.* Schaffer filed a motion to dismiss, which was unopposed; but "the prosecutor advance[d] the odd suggestion that Schaffer's conviction is established as a matter of law." *Schaffer*, 240 F.3d at 38. The D.C. Circuit Court disagreed and held that because "[f]inal judgment never ha[d] been reached," and "the appeals process was terminated prematurely," then "[f]inality was never reached on the *legal question* of Schaffer's guilt." *Id.* (emphasis original). "When a case becomes moot on appeal…this court generally vacates the District Court's judgment, vacates any outstanding panel decisions, and remands to the District Court with direction to dismiss." *Id.* "Because the present mootness results not from any voluntary acts of settlement or withdrawal by Schaffer, but from the unpredictable grace of a presidential pardon, vacatur is here just and appropriate." *Id.* The D.C. Circuit then vacated "all opinions, judgment, and verdicts" of the district court (on the grounds that the defendant's claim of innocence "will never again be tried"), and it remanded the case to the district court, with directions to dismiss the case as moot. *Id.* The Ninth Circuit also has a clearly "established practice" of vacatur whenever mootness prevents appellate review. *See Dilley v. Gunn*, 64 F.3d 1365, 1369 (9th Cir. 1995)(Section "IV," subsection "A" of the Opinion). The only exception (which was also addressed in *Schaffer*) is when the defendant has caused the mootness that results in dismissal by "his own voluntary act," e.g. by entering into a plea agreement, or voluntarily ceasing the conduct that forms the basis for litigation. *See id.* (finding that rule of automatic vacatur is "inapplicable" if mootness results from the parties' voluntary settlement of the case, because in such event "the judgment is not unreviewable, but simply unreviewed by the appellant's own choice")(internal bracketing omitted). But as the D.C. Circuit Court found in *Schaffer*, *supra*, "the unpredictable grace of a presidential pardon" does not fall into such a category of "voluntary act[s]." *Schaffer*, 240 F.3d at 38. This is strikingly true for the case at bar in which the Defendant did not even ask the President for a pardon before it was granted.

. . .

Because the President issued a pardon before sentencing and judgment—and clearly, before the conclusion of any appeals—the Court is obligated to vacate its verdict and all other orders in this matter, and to dismiss the case with prejudice. Because Defendant will never have the benefit or opportunity to seek a reversal of the court's verdict through appeal (and a re-trial by jury), it is only fair that the Court vacate its verdict and all other rulings in the case. Further, as a practical matter, if the Court does not vacate its orders then it will have the certain effect of causing Defendant to maintain his appeal to the United States Supreme Court for a trial by jury, and to pursue a direct appeal, because of the collateral consequences of a standing conviction. Vacating the verdict would therefore achieve judicial economy, and save taxpayer expense.

In *Robson v. United States*, 526 F.2d 1145 (1st Cir. 1975), the defendant received an unconditional pardon from the President soon after his conviction; but when the defendant filed a Motion to Vacate the sentence, the district court denied the Motion and the defendant appealed. *Id.* at 1146, 1147, n.2. The First Circuit held that because the district court declined to vacate the sentence, then the appeal was not moot, because "the fact that petitioner has been pardoned does not relieve him from all the disabilities of a conviction. His conviction may be considered at sentencing in any subsequent criminal proceeding,[1] and may result in heavier penalties,[2] or may be introduced to impeach credibility.[3] In light of these adverse collateral consequences, the termination of petitioner's custody does not moot an action to review the validity of his criminal conviction."[4] *Id.* (internal citations omitted for readability, see footnotes). Accordingly, the First Circuit proceeded to review the case, and it reversed the

---

[1] *Citing Carlesi v. New York*, 233 U.S. 51, 34 S.Ct. 576, 58 L.Ed. 843 (1914).

[2] *Citing United States v. Morgan*, 346 U.S. 502, 512-13, 74 S.Ct. 247, 98 L.Ed. 248 (1954).

[3] *Citing Richards v. United States*, 89 U.S.App.D.C. 354, 192 F.2d 602 (1951), *cert. denied*, 342 U.S. 946, 72 S.Ct. 560, 96 L.Ed. 703, *rehearing denied*, 343 U.S. 921, 72 S.Ct. 676, 96 L.Ed. 1334 (1952).

[4] *Citing Carafas v. LaBallee*, 391 U.S. 234, 237-38, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968); *see also Gosa v. Mayden*, 413 U.S. 665, 670 n. 3, 93 S.Ct. 2926, 37 L.Ed.2d 873 (1973).

district court's order and remanded. *Id. See also People v. Chiappa*, 53 Ill. App. 3d 639, 368 N.E.2d 925 (1977)(finding that governor's pardon of police officer did not render case moot, where trial court apparently did not vacate the conviction). Likewise, if the Court does not vacate the Defendant's conviction, then Defendant will certainly pursue his appeals to achieve that, which would be—to put it bluntly—a waste of everyone's time and money, and patently contrary to the rule of automatic vacatur that applies in these situations. Further, the appellate courts would reverse the conviction on the grounds that Defendant was clearly entitled to a trial by jury under 18 U.S.C. § 402, ending the case in more needless effort and a reversal.

## CONCLUSION

For the foregoing reasons, Defendant moves the Court to vacate its verdict and other orders in this matter, including the order setting a hearing for sentencing, and to dismiss the case with prejudice. A proposed form of Order is submitted herewith.

**RESPECTFULLY SUBMITTED** August 28, 2017.

| **WILENCHIK & BARTNESS, P.C.** | **GOLDMAN & ZWILLINGER PLLC** |
|---|---|
| */s/ Dennis and Jack Wilenchik* | */s/ Mark D. Goldman* |
| Dennis I. Wilenchik, Esq. | Mark D. Goldman, Esq. |
| John D. Wilenchik, Esq. | Vincent R. Mayr, Esq. |
| The Wilenchik & Bartness Building | Jeff S. Surdakowski, Esq. |
| 2810 North Third Street | 17851 North 85th Street, Suite 175 |
| Phoenix, Arizona 85004 | Scottsdale, AZ 85255 |
| admin@wb-law.com | docket@gzlawoffice.com |

*Attorneys for Defendant Joseph M. Arpaio*

### CERTIFICATE OF SERVICE

I hereby certify that on August 28, 2017, I electronically transmitted the foregoing Notice to the Clerk of the Court through the CM/ECF system, which will send a Notice of Electronic Filing to all CM/ECF registrants for this matter.

*/s/Wendy L. Echols*

# EXHIBIT A



# EXECUTIVE GRANT OF CLEMENCY

# DONALD J. TRUMP

*President of the United States of America*

TO ALL TO WHOM THESE PRESENTS SHALL COME, GREETING:

BE IT KNOWN, THAT THIS DAY, I, DONALD J. TRUMP, PRESIDENT OF THE UNITED STATES, PURSUANT TO MY POWERS UNDER ARTICLE II, SECTION 2, CLAUSE 1, OF THE CONSTITUTION, HAVE GRANTED UNTO

## JOSEPH M. ARPAIO

### A FULL AND UNCONDITIONAL PARDON

**FOR HIS CONVICTION** of Section 401(3), Title 18, United States Code (Docket No. 2:16-CR-01012-SRB) in the United States District Court for the District of Arizona, of which he was convicted on July 31, 2017, and for which sentencing is currently set for October 5, 2017; and

**FOR ANY OTHER OFFENSES** under Chapter 21 of Title 18, United States Code that might arise, or be charged, in connection with *Melendres v. Arpaio* (Docket No. 2:07-CV-02513-GMS) in the United States District Court for the District of Arizona.

**IN TESTIMONY WHEREOF,** I have hereunto signed my name and caused the seal of the Department of Justice to be affixed.



*Done at the City of Washington this twenty-fifth day of August, in the year of our Lord two thousand and seventeen and of the Independence of the United States of America the two hundred and forty-second.*

**DONALD J. TRUMP**
**PRESIDENT**