1  AnnaLou Tirol
Acting Chief
2  Public Integrity Section, Criminal Division
U.S. Department of Justice
3
JOHN D. KELLER
4  Illinois State Bar No. 6293104
Deputy Chief
5  VICTOR R. SALGADO
DC Bar No. 975013
6  SIMON J. CATALDO
Massachusetts Bar No. 690879
7  Trial Attorneys
Public Integrity Section, Criminal Division
8  U.S. Department of Justice
1400 New York Ave, NW, 12th floor
9  Washington, D.C. 20005
Tel: (202) 514-1412
10  John.Keller2@usdoj.gov
Victor.Salgado@usdoj.gov
11  Simon.Cataldo@usdoj.gov

12
IN THE UNITED STATES DISTRICT COURT
13
FOR THE DISTRICT OF ARIZONA
14
15   United States of America,                    No. CR-16-01012-PHX-SRB

16            Plaintiff,                           GOVERNMENT'S RESPONSE TO
                                                   DEFENDANT'S MOTION FOR VACATUR AND
17   v.                                            DISMISSAL WITH PREJUDICE

18   Joseph M. Arpaio,

19            Defendant.

20

21        The President issued a "Full and Unconditional Pardon" to defendant Joseph M.

22   Arpaio ("Defendant"), whom this Court found guilty of criminal contempt for willfully

23   disobeying a preliminary injunction issued in a civil case.  Having accepted the presidential

24   pardon, Defendant now moves to vacate the verdict and all other orders and to dismiss this

25   case with prejudice.  ECF 220.  A pardon issued before entry of final judgment moots a

26   criminal case because the defendant will face no consequences that result from the guilty

27   verdict.  Accordingly, the government agrees that the Court should vacate all orders and

28   dismiss the case as moot.

**THE PROCEEDINGS**

From 1993 until 2016, Defendant was the sheriff of the Maricopa County Sheriff's Office ("MCSO").  In December 2007, a group of private plaintiffs filed a class-action lawsuit alleging that Defendant and the MCSO engaged in "illegal, discriminatory, and unauthorized enforcement of federal immigration laws against Hispanic persons." *Melendres v. Arpaio*, No. 2:07-cv-02513, (D. Ariz. Dec. 12, 2007), ECF No. 1.  Following years of litigation, the district court (Snow, J.) entered a preliminary injunction in December 2011 enjoining "MCSO and all of its officers . . . from detaining any person based on knowledge, without more, that the person is unlawfully present within the United States." *Id.*, ECF No. 494 at 38.  More litigation followed, and in May 2016, following twenty-one days of evidentiary hearings, the court held Defendant and others in civil contempt for "intentionally fail[ing] to implement" the preliminary injunction.  *Id.*, ECF No. 1677 at 1.

In August 2016, the *Melendres* court entered an order under 18 U.S.C. § 401 and Federal Rule of Criminal Procedure 42 referring Defendant to another judge for a determination of whether he should be held in criminal contempt of court for his failure to implement the preliminary injunction.  ECF No. 1 at 1.  After the government informed the newly assigned district court judge that it agreed to prosecute Defendant, on October 2, 2016, this Court issued an Order to Show Cause under 18 U.S.C. § 401(3) as to whether Defendant should be held in criminal contempt for willfully disobeying the *Melendres* preliminary injunction.  ECF No. 36.

The Court heard evidence during a five-day bench trial that concluded on July 6, 2017. On July 31, 2017, the Court found Defendant guilty.  ECF No. 210.

On August 25, 2017, the President granted Defendant a full and unconditional pardon.  ECF No. 221.  The pardon applied to Defendant's "conviction" under Section 401(3).  *Id.*  The pardon also encompassed "any other offenses" under Chapter 21 in Title 18 of the U.S. Code, which covers criminal contempt, that "might arise, or be charged, in connection with" the *Melendres* litigation.  *Id.*  Defendant accepted the pardon and now

1    moves the Court to vacate all orders and dismiss his case with prejudice.  ECF No. 220 at

2    1–4.

3                                                    DISCUSSION

4          The Constitution authorizes the President to "grant Reprieves and Pardons" for

5    federal offenses "except in Cases of Impeachment."  U.S. Const. art. II, § 2.  Chief Justice

6    Marshall described the presidential pardon as "an act of grace" that "exempts the

7    individual, on whom it is bestowed, from the punishment the law inflicts for a crime he has

8    committed."  *United States v. Wilson*, 32 U.S. (7 Pet.) 150, 160 (1833); *see also United*

9    *States v. Schaffer*, 240 F.3d 35, 38 (D.C. Cir. 2001).  A pardon is a "private, though official

10   act of the executive magistrate, delivered to the individual for whose benefit it is intended,

11   and not communicated officially to the court."  *Wilson*, 32 U.S. at 160–61.

12         The President's decision to grant Defendant a "[f]ull and [u]nconditional [p]ardon

13   [f]or [h]is [c]onviction"—and Defendant's decision to accept it—ends this prosecution.

14   ECF No. 221.  The presidential pardon removes any punitive consequences that would

15   otherwise flow from Defendant's non-final conviction and therefore renders the case moot.

16   *See Schaffer*, 240 F.3d at 38; *cf. United States v. Surratt*, 855 F.3d 218, 219 (4th Cir. 2017)

17   (en banc) (Wilkinson, J., concurring) (explaining, in case where commutation by the

18   President mooted defendant's appeal, that "[a]bsent some constitutional infirmity," an

19   exercise of the President's pardon power "simply closes the judicial door").  The pardon

20   moots the case because Defendant faces no punishment or legal disabilities as a result of

21   the Court's finding of guilt.*  Because the presidential pardon moots Defendant's case,

22

23         *  This Court need not determine whether any potential "collateral consequences"
24   flowing from the guilty verdict defeat mootness in light of the case's unique procedural
     posture.  *Compare Bjerkan v. United States*, 529 F.2d 125, 126–29 (7th Cir. 1975)
     (presidential pardon moots further appeal because it "do[es] away" with all "collateral
25   consequences" of the conviction (internal quotation marks omitted)), *with Robson v. United*
     *States*, 526 F.2d 1145, 1147 (1st Cir. 1975) (presidential pardon did not moot further appeal
26   because, notwithstanding the pardon, the defendant's conviction "may be considered at
     sentencing in any subsequent criminal proceeding") (citing *Carlesi v. New York*, 233 U.S.
27   51 (1914)); *see also Sibron v. New York*, 392 U.S. 40, 57 (1968) (defendant's appeal of
     criminal convictions moot where "there is no possibility that any collateral legal
28   consequences will be imposed on the basis of the challenged conviction").  Unlike in
     *Bjerkan* and *Robson*, there is no final conviction here because this Court never entered

                                                    - 3 -

1    vacatur of the relevant orders is appropriate.  *See Schaffer*, 240 F.3d at 38; *see also Camreta*

2    *v. Greene*, 563 U.S. 692, 712 (2011) (noting the "established" practice in cases that have

3    become moot "to vacate the judgment below") (citing *United States v. Munsingwear, Inc.*,

4    340 U.S. 36, 39 (1950)).  Where, as here, mootness results "not from any voluntary acts of

5    settlement or withdrawal" by Defendant, "but from the unpredictable grace of a presidential

6    pardon," vacatur is "just and appropriate."  *Schaffer*, 240 F.3d at 38.

7                                            CONCLUSION

8           For the foregoing reasons, the government agrees that the Court should vacate all

9    orders and dismiss the case as moot.

10

11                                                    Respectfully Submitted,

12                                                    ANNALOU TIROL
                                                      Acting Chief, Public Integrity Section
13

14                                            By: */s/ John D. Keller*
                                                      John D. Keller
15                                                    Deputy Chief
                                                      Victor R. Salgado
16                                                    Simon J. Cataldo
                                                      Trial Attorneys
17                                                    United States Department of Justice
                                                      Public Integrity Section
18                                                    1400 New York Ave. NW
                                                      Washington, DC  20005
19                                                    (202) 514-1412
                                                      John.Keller2@usdoj.gov
20                                                    Victor.Salgado@usdoj.gov
                                                      Simon.Cataldo@usdoj.gov
21

22

23

24

25

26

27    _____
      judgment, and no appellate review has occurred.  The timing of Defendant's presidential
28    pardon means that "the efficacy of the [Court's] verdict against [him] remains only an
      unanswered question lost to . . . mootness."  *Schaffer*, 240 F.3d at 38

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I electronically filed the foregoing via the CM/ECF system on today's date which will provide notice to counsel of record for the defendant.


*/s/ John D. Keller*
John D. Keller
Deputy Chief