**WILENCHIK & BARTNESS**
A PROFESSIONAL CORPORATION

ATTORNEYS AT LAW
The Wilenchik & Bartness Building
2810 North Third Street  Phoenix, Arizona 85004

Telephone: 602-606-2810    Facsimile: 602-606-2811

Dennis I. Wilenchik, #005350
John D. Wilenchik, #029353
admin@wb-law.com



Mark Goldman, #012156
Vincent R. Mayr, #013954
Jeff S. Surdakowski, #030988
17851 North 85th Street, Suite 175
Scottsdale, AZ 85255
Main: (480) 626-8483
Facsimile: (480) 502-7500
docket@gzlawoffice.com
*Attorneys for Defendant Joseph M. Arpaio*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>                              Plaintiff,<br><br>v.<br><br>Joseph M. Arpaio,<br><br>                              Defendant. | Case No.: 2:16-cr-01012-SRB-1<br><br>**DEFENDANT'S RESPONSE TO MOTIONS FOR LEAVE, OR IN THE ALTERNATIVE, MOTION TO STRIKE**<br><br>(Assigned to the<br>Honorable Susan R. Bolton)<br><br>**(Oral Argument Requested)** |

Defendant hereby responds to and opposes, and/or moves to strike, the various and redundant Motions for Leave to File "Amicus Curiae" Briefs that have been filed in this matter

(Doc. 223, 226, 227, 228, 229, 230, 231), and requests that the Court deny them (or strike them, as appropriate). The general rule in American jurisprudence is that private citizens lack a judicially cognizable interest in the prosecution of another. *See, e.g., Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). Even crime victims, who enjoy various statutory rights of participation, have limited rights to be heard in *their own* criminal case. *United States v. Laraneta*, 700 F.3d 983, 985–86 (7th Cir.2012). While the decision whether to allow amicus briefs is generally in the discretion of the Court, "a district court lacking joint consent of the parties should go slow in accepting…an amicus brief unless…the amicus has a special interest that justifies his having a say, or unless the court feels that existing counsel may need supplementing assistance." *Strasser v. Doorley*, 432 F.2d 567, 569 (1st Cir. 1970). Allowing numerous unsolicited amicus briefs in a criminal case is improper because "[a]t a minimum, reply poses a burden on the [defendant], who may, in addition, feel that he is outnumbered." *Id.* Further, at least one amicus filer urges factual[1] arguments to the Court; and "an amicus who argues facts should rarely be welcomed." *Id.* Finally, and without conducting an exhaustive review of the amicus filings (for obvious reasons of economy), the filers are groups and/or persons who are outspokenly opposed to the President, or who are anti-law enforcement, and/or who are not specially qualified or interested in the outcome of this case so as to merit either

---

[1] One filer tries to claim that the conviction should not be vacated because Defendant Arpaio voluntarily "caused" the pardon. After the President made an announcement (unilaterally) promising a pardon ("he's going to be just fine," "I don't want to do it [pardon him] tonight because I don't want to cause any controversy"), the press reported that White House Counsel was advising the President to delay a pardon until after sentencing. This prompted Defendants' counsel to write the White House counsel a letter indicating that to delay any pardon until after sentencing would have an (iatrogenic) effect on sentencing, because the court would be aware of the potential pardon and may react to it; and therefore there would no reason to delay any pardon. Even so, the letter did not expressly demand a pardon, and merely indicated that to delay one until after sentencing would be unwise. Pardons remain something that is not in the control of the Defendant, and that are subject only to the "grace" of the President of the United States; and so Defendant did not proximately cause the mootness in this case, by any means. (No doubt the defendant in *Schaffer* actually even applied for a pardon, which Defendant did not; and even this was insufficient for the First Circuit to find in that case that the defendant "caused" the mootness, for purposes of the rule of automatic vacatur. *U.S. v. Schaffer*, 240 F.3d 35 (D.C. Cir. 2001).)

1

intervention or filing an amicus brief. In addition, for the court to accept an amicus "whose point of view is well known" is "particularly questionable," where the legal issues have already been well and fully briefed. *Id.*

At least one amicus filer urges the Court to unilaterally reverse clear and well-established Supreme Court precedent and find that criminal contempt is not pardonable. This flies in the face of both *Bloom v. Illinois*, 391 U.S. 194, 201 (1968)(finding that "[c]riminal contempt is a crime in the ordinary sense"); as well as *Ex parte Grossman*, 267 U.S. 87 (1925) (Taft, C.J.)(unanimous), which *specifically found that criminal contempt is pardonable*, because of the "the importance of the co-ordinating checks and balances of the Constitution." *Id.* at 122. In fact, the Supreme Court's Opinion in *Grossman* found that the President has the power to pardon criminal contempt *precisely because* of the danger of a judge refusing the give the defendant a jury,[2] and that is *exactly why* the President's pardon criminal contempt is one of the "checks and balances of the Constitution." *Id.* Further, *Ex Parte Grossman* specifically said that the President's power to pardon exists not just to afford relief from "undue harshness," but also to afford relief from an "evident mistake" in the operation of the law – i.e., from a wrongful conviction for criminal contempt, such as this was. Amicus' arguments to the contrary are a bitter soup that is too hard to swallow, being mixed with one part irrelevant English history, one part political bile, and a broth of "Chicken Little syndrome," to taste. Finally, any other disputes about the pardon fall squarely into the territory of a non-justiciable political question that is unreviewable by this or any Court.

At least one amicus asks the Court to appoint *another* special prosecutor to prosecute amicus' outlandish arguments about the unconstitutionality of the pardon. Clearly, this "room" already has enough lawyers in it, and amici's arguments have already been briefed to beyond (anyone's) satisfaction.

---

[2] The Court erroneously refused a trial by jury in this matter, under 18 U.S.C. § 3691 *inter alia*.

2

In the event that the Court chooses to entertain or consider any of the amicus briefs, then Defendant requests a full and fair notice and opportunity to respond to any genuine issue raised therein (of which there should be none).

**RESPECTFULLY SUBMITTED** September 12, 2017.

| **WILENCHIK & BARTNESS, P.C.** | **GOLDMAN & ZWILLINGER PLLC** |
|---|---|
| */s/ Dennis and Jack Wilenchik* | */s/ Mark D. Goldman* |
| Dennis I. Wilenchik, Esq. | Mark D. Goldman, Esq. |
| John D. Wilenchik, Esq. | Vincent R. Mayr, Esq. |
| The Wilenchik & Bartness Building | Jeff S. Surdakowski, Esq. |
| 2810 North Third Street | 17851 North 85th Street, Suite 175 |
| Phoenix, Arizona 85004 | Scottsdale, AZ 85255 |
| admin@wb-law.com | docket@gzlawoffice.com |

*Attorneys for Defendant Joseph M. Arpaio*

### CERTIFICATE OF SERVICE

I hereby certify that on September 12, 2017, I electronically transmitted the foregoing Notice to the Clerk of the Court through the CM/ECF system, which will send a Notice of Electronic Filing to all CM/ECF registrants for this matter.

*/s/Christine M. Ferreira*