| | |
|---|---|
| Cecillia D. Wang* | Kathleen E. Brody |
| Katrina L. Eiland* | Brenda Muñoz Furnish |
| ACLU Foundation | ACLU Foundation of Arizona |
| 39 Drumm Street | 3707 N. 7th Street, Suite 235 |
| San Francisco, CA 94111 | Phoenix, AZ 85014 |
| Telephone: (415) 343-0775 | Telephone: (602) 650-1854 |
| cwang@aclu.org | |
| | |
| Stanley Young* | Julia Gomez* |
| Covington & Burling LLP | Mexican American Legal Defense and |
| 333 Twin Dolphin Drive, Suite 700 |   Educational Fund |
| Redwood Shores, CA 94065 | 634 South Spring Street, 11th Floor |
| Telephone: (650) 632-4700 | Los Angeles, CA 90014 |
| syoung@cov.com | Telephone: (213) 629-2512 |
| | jgomez@maldef.org |

*Attorneys for Amici Curiae*
*\* Application for admission pro hac vice forthcoming*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| United States of America, ) | CR-16-01012-001-PHX-SRB |
| ) | |
| Plaintiff, ) | **BRIEF OF *AMICI CURIAE* THE** |
| ) | ***ORTEGA MELENDRES* PLAINTIFFS** |
| v. ) | |
| ) | |
| Joseph M. Arpaio, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |
| ) | |
| ) | |

**I.  Introduction**

The defendant in this criminal action, Joseph M. Arpaio ("Defendant" or "Arpaio"), has moved for vacatur of this Court's verdict of conviction for criminal contempt of court, the Court's findings of fact and conclusions of law, and "all verdicts, orders and rulings," following his acceptance of a presidential pardon. *See* Proposed Order, Doc. 220-1. Arpaio seeks to erase the past record of his criminal conduct in the litigation before this Court. This is an extraordinary request and the Court should deny it.

Arpaio argues that this case is now moot and that all of the Court's orders should therefore be vacated. But to the extent this case is now moot, it is solely because he accepted the President's pardon—an action that, as set forth below, acknowledges guilt. As Arpaio has been found guilty of criminal contempt by this Court, based on the trial record, and has now admitted his guilt by acceptance of the pardon, there is no reason to vacate the Court's findings and other orders. Those orders constitute the record of Arpaio's criminal conduct, which violated the order of the U.S. District Court in *Ortega Melendres v. Arpaio*,[1] Case No. 2:07-cv-02513-GMS (D. Ariz.), Doc. 494, and the Fourth Amendment rights of *amici*, the Plaintiff class in that civil case. Under these circumstances, Arpaio has set forth no valid grounds for the extraordinary equitable remedy of vacatur, and such an order would fundamentally impair the public's interest in ensuring a full and accurate record in the instant case.

Arpaio's requested vacatur would gravely harm the principle of rule of law which the court in *Ortega Melendres* sought to protect when it recommended criminal prosecution for Defendant's contempt. *Ortega Melendres v. Arpaio*, Case No. 2:07-cv-02513-GMS (D. Ariz.), Doc. 1792, September 19, 2016 Order re Criminal

---

[1] Since those orders issued, Sheriff Paul Penzone has been substituted as the defendant in the civil case pursuant to Federal Rule of Civil Procedure 25(d).

Contempt. Criminal prosecution is an important safeguard against lawless disobedience of court orders. This Court's July 31, 2017 findings therefore should not be vacated. Rather, this Court's findings should remain in place and citable as the plain record of the instant litigation, as a rebuke to Defendant's contempt-of-court in continuing an unconstitutional detention policy, and as a deterrent to others in the future who might defy lawful court orders in pursuit of personal gain. As the *Ortega Melendres* court noted, "The Sheriff's defiance has been at the expense of the Plaintiff class" in that case. *Id.* at 11:11-12. As victims of that defiance and Defendant's trampling on the Constitution, the *Ortega Melendres* Plaintiff class requests that this Court deny Arpaio's vacatur request.

## II.   Argument

A litigant seeking vacatur of a district court judgment based on mootness bears the burden of showing "equitable entitlement to the extraordinary remedy of vacatur." *U.S. Bancorp Mortg. Co.* v. *Bonner Mall P'ship*, 513 U.S. 18, 26 (1994); *see also Cammermeyer v. Perry*, 97 F.3d 1235, 1239 (9th Cir. 1996) (a court's decision to vacate a judgment "is not to be made mechanically, but should be based on equitable considerations"); *Dilley v. Gunn*, 64 F.3d 1365, 1370 (9th Cir. 1995) ("*U.S. Bancorp* makes clear that the touchstone of vacatur is equity."). Courts must "take account of the public interest" in evaluating the equities. *U.S. Bancorp Mortg. Co.*, 513 U.S. at 26. As the Ninth Circuit observed in *United States v. Tapia-Marquez*, 361 F.3d 535, 537-38 (9th Cir. 2004), the Supreme Court has never applied the vacatur doctrine, which was developed in the context of civil appeals, in a criminal case like this one. However, even assuming that vacatur is permissible in a criminal case, it is not appropriate here.

## III.   The Court Should Not Vacate Its Orders in Light of Defendant's Pardon.

Arpaio has failed to show that the equities support vacatur of the Court's orders. To the contrary, granting his request would harm the public interest in ensuring that

federal court orders are obeyed and that willful contemnors—particularly those who have violated others' constitutional rights while holding a position of public trust—are held to account.

### A. Any Mootness Is the Result of Defendant's Voluntary Action.

Arpaio argues that the Court's orders should be vacated because he accepted a pardon "during the pendency of the appeals process, which has the effect of rendering moot all the ongoing appeals." Def.'s Mot. at 2. But any mootness of Defendant's appeal from his conviction would be due to his own voluntary actions—not to the kind of intervening "vagaries of circumstance" that could support vacatur to prevent unfairness. *Camreta v. Greene*, 563 U.S. 692, 712 (2011) (quotation marks omitted). Equitable vacatur is designed to protect a litigant who is stymied in his effort to overturn an adverse ruling when his appeal from the judgment becomes moot through the result of "external happenstance" beyond his control. *See United States v. Payton*, 593 F.3d 881, 885 (9th Cir. 2010) (quotation marks omitted) (declining to vacate due to happenstance where the reason for mootness "c[ould] hardly be deemed external to the case"). But that is not the situation here; Arpaio has voluntarily accepted a pardon, thus acknowledging his guilt. Indeed, the Defendant actively petitioned for the pardon.[2]

By accepting that pardon, Defendant "voluntarily forfeited his legal remedy by the ordinary processes of appeal or certiorari, thereby surrendering his claim to the equitable remedy of vacatur." *U.S. Bancorp Mortg. Co.*, 513 U.S. at 25; *see also Marino v. Immigration & Naturalization Serv., U. S. Dep't of Justice*, 537 F.2d 686, 692 (2d Cir. 1976) ("An unsolicited pardon or amnesty issued by the executive does not become effective automatically. It must be accepted by the one to whom it is

---

[2] *A letter from Joseph Arpaio's lawyer to White House Counsel Donald F. McGahn II*, The Washington Post, https://apps.washingtonpost.com/g/documents/politics/a-letter-from-joseph-arpaios-lawyer-to-white-house-counsel-donald-f-mcgahn-ii/2540/.

issued before it can operate as a waiver of his right to contest his guilt.") (citing *United States v. Burdick*, 236 U.S. 79, 91 (1915); *United States v. Wilson*, 32 U.S. 150, 161 (1833) (a pardon "may . . . be rejected by the person to whom it is tendered; and if it be rejected, we have discovered no power in a court to force it on him.")). In sum, Defendant was not unfairly prevented from seeking review of his conviction; it is "simply unreviewed by his own choice." *U.S. Bancorp Mortg. Co.*, 513 U.S. at 25.

Defendant cites only one out-of-circuit case,[3] *United States v. Schaffer*, 240 F.3d 35, 38 (D.C. Cir. 2001) (en banc), in which the court granted vacatur when a presidential pardon mooted a case with an appeal pending. This decision is unpersuasive, however, as its analysis is conclusory and it fails to evaluate the equities as required by Supreme Court precedent. First, *Schaffer*'s conclusion rests on the unexamined assumption that a presidential pardon is an act of "unpredictable grace" over which a recipient has no control. *Id.* As explained above, however, a defendant may choose not to accept a pardon and thereby maintain his right to contest guilt. And in this case, Arpaio actively sought a pardon and affirmed in response to a White House inquiry that he would accept a pardon if offered one.[4] Second, the *Schaffer* court entirely failed to consider the interests of the public. As explained below, the public interest strongly disfavors vacating the Court's findings here.

### B. Vacatur Would Fundamentally Impair the Public Interest.

Vacatur of the Court's findings would be unjust to the members of the Plaintiff class in *Ortega Melendres v. Arpaio*—the direct victims of Defendant's unlawful conduct—and detrimental to the public interest. The public interest in preserving the Court's July 31, 2017 findings arises out of Defendant's history of violating the

---

[3] In contrast, as noted above, the Ninth Circuit has noted that the Supreme Court has never applied this vacatur doctrine in a criminal case. *Tapia-Marquez*, 361 F.3d at 538.

[4] *See* note 2, *supra*.

constitutional rights of the plaintiff class and "of obfuscation and subversion of th[e *Ortega Melendres*] Court's orders that is as old as th[at] case and did not stop after [Defendant himself] became the subject[] of civil contempt." *Ortega Melendres v. Arpaio*, Case No. 2:07-cv-02513-GMS (D. Ariz.), Doc. 1792 at 8:15-17. The *Ortega Melendres* court found that the civil contempt remedies in that case were insufficient to address Defendant's willful disobedience: "The [civil] remedies are at the expense of the citizens of Maricopa County. Little to no personal consequence results to the Sheriff. . . . This lack of personal consequence only encourages his continued non-compliance." *Id.* at 11:11-20. The *Ortega Melendres* court therefore concluded that a criminal referral was needed to ensure future compliance with its orders: "If this Court had the luxury of merely entering what orders were necessary to cure a one-time obstruction, or if the Sheriff had evidenced a genuine desire to comply with the orders of this Court, it would be a different matter. The Court has exhausted all of its other methods to obtain compliance." *Id.* at 12:2-5. This Court's July 31, 2017 findings will help ensure that similar defiance by others will not recur in the future.

In deciding that it was not in the public interest to vacate a court's judgment merely based on the parties' settlement, the Supreme Court noted that "[j]udicial precedents are presumptively correct and valuable to the legal community as a whole. They are not merely property of private litigants and should stand unless a court concludes that the public interest would be served by a vacatur." *U.S. Bancorp Mortg. Co.*, 513 U.S. at 26 (quoting *Izumi Seimitsu Kogyo Kabushiki Kaisha v. U.S. Phillips Corp.*, 510 U.S. 27, 40 (1993) (Stevens, J., dissenting)) (quotation marks omitted). Leaving this Court's July 31, 2017 findings in place would preserve for public citation the work that this Court did in weighing the evidence presented in this case and reaching the decision set forth in its July 31, 2017 order; the "public interest in preserving the work product of the judicial system should always at least be weighed in the balance." *Izumi*, 510 U.S. at 41 (Stevens, J., dissenting). This Court's findings should stand as a warning to others who might in the future harm the constitutional

rights of the *Ortega Melendres* class, or anyone else, by willfully disregarding the lawful orders of a court. As the Ninth Circuit reaffirmed in upholding the preliminary injunction that Defendant willfully violated, "it is always in the public interest to prevent the violation of a party's constitutional rights." *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) (quotation marks omitted). The public also has a strong interest in ensuring that court orders are followed, *see In re Mem'l Hosp. of Iowa Cty., Inc.*, 862 F.2d 1299, 1302-03 (7th Cir. 1988), especially by governmental actors, *see Cooper v. Aaron*, 358 U.S. 1, 18-19 (1958). Defendant's voluntary decision to seek and accept a pardon should not be allowed to erase the Court's work or impair the public benefit resulting from its decision.

On the other hand, Defendant's acceptance of a pardon effectively constitutes an acceptance of guilt, and so preservation of the Court's findings reaching that conclusion works no unfairness on Defendant. *See Burdick*, 236 U.S. at 94 (a pardon "carries an imputation of guilt; acceptance a confession of it").

**IV.     Conclusion**

In sum, the Court should not vacate the Court's orders based on Defendant's acceptance of a presidential pardon because it would be inequitable under these circumstances.

By: /s/ Kathleen E. Brody

Kathleen E. Brody
Brenda Muñoz Furnish
ACLU Foundation of Arizona

Cecillia D. Wang*
Katrina L. Eiland*
ACLU Foundation

Stanley Young*
Covington & Burling LLP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Julia Gomez*
Mexican American Legal Defense
and Educational Fund

*Attorneys for Amici Curiae Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr., David Rodriguez, Jessica Quitugua Rodriguez, and Somos America*

*\* Application for admission pro hac vice forthcoming*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 13, 2017, I electronically transmitted the attached document to the Clerk's office using the CM/ECF System for filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail as indicated on the Notice of Electronic Filing.

Dated this 13th day of September, 2017.

/s/ Kathleen E. Brody