**WILENCHIK & BARTNESS**
— A PROFESSIONAL CORPORATION —

ATTORNEYS AT LAW

The Wilenchik & Bartness Building
2810 North Third Street  Phoenix, Arizona  85004

Telephone: 602-606-2810    Facsimile: 602-606-2811

Dennis I. Wilenchik, #005350
John D. Wilenchik, #029353
admin@wb-law.com



Mark Goldman, #012156
Vincent R. Mayr, #013954
Jeff S. Surdakowski, #030988
17851 North 85th Street, Suite 175
Scottsdale, AZ 85255
Main: (480) 626-8483
Facsimile: (480) 502-7500
docket@gzlawoffice.com
*Attorneys for Defendant Joseph M. Arpaio*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | Case No.: 2:16-cr-01012-SRB-1 |
| Plaintiff, | **DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR VACATUR AND DISMISSAL WITH PREJUDICE** |
| v. | |
| Joseph M. Arpaio, | (Assigned to the Honorable Susan R. Bolton) |
| Defendant. | |
| | **(Oral Argument Requested)** |

Defendant hereby files this Reply to the "Government's Supplemental Response to Defendant's Motion for Vacatur and Dismissal with Prejudice" (Doc. 236), which in turn responded to this Court's Order filed September 14, 2017 (Doc. 234).

The Court's Order stated that "Defendant argues that vacatur should encompass the Court's 'verdict and other orders in this matter.' The Government appears to agree with Defendant, but furnishes no authority conferring so broad a scope to orders of vacatur issued under similar circumstances."

In fact, the *only* published Circuit case concerning an "order of vacatur issued under similar circumstances" (*U.S. v. Schaffer*, 240 F.3d 35 (D.C. Cir. 2001), which Defendant cited in his original Motion) explicitly vacated "all underlying judgments, **verdicts, and decisions of the District Court**," as the result of a Presidential pardon issued prior to the conclusion of appeals. *Id.* at 36 (emphasis added). From *Schaffer*: "The parties agree that the pardon rendered moot the ongoing appeals. They are quite right on this point. Accordingly, under **well-established principles** governing the disposition of cases rendered moot during the pendency of an appeal, we hereby vacate the disputed panel decision in this case and all underlying judgments, verdicts, and decisions of the District Court." *Id.* (emphasis added). "Given this posture of the case, the efficacy of the jury verdict against Schaffer remains only an unanswered question lost to [mootness]. The same is true of Schaffer's claim of innocence. That claim will never again be tried. We hereby vacate **all opinions, judgments, and verdicts** of this court and the District Court…" *Id.* at 38 (emphasis added). The Court articulates no reason for why the mere fact that a judgment has not yet been entered (and appeals have not yet begun) would require anything less than the complete form of vacatur described in *Schaffer*. If anything, the fact that appeals have not yet begun counsels even more strongly in favor of complete vacatur, since the "efficacy" of the Court's verdict will never even "begin" to be tested.

The Court's Order raised other cases in which a pardon was *not* issued prior to the conclusion of appeals (or that had nothing to even do with a pardon being issued, and contained mere *dicta* about pardons in general).[1] Defendant's original Motion made it clear that the basis for vacatur is that the pardon was granted *prior to the conclusion of appeals*. The Government does an admirable job of pointing this out to the Court again.

The related principle of abatement, which occurs when a defendant dies prior to or during appeal, has also clearly been embraced in the Ninth Circuit, and patently counsels for the same result. *See also* Defendant's Response to Motion for Leave by *Ortega Melendres* Plaintiffs (Doc. 235, Section 1, pages 1-2). "Death pending appeal of a criminal conviction abates not only the appeal but all proceedings in the prosecution from its inception." *United States v. Oberlin*, 718 F.2d 894, 895 (9th Cir. 1983)(*citing Durham v. United States*, 401 U.S. 481, 483 (1971)). "[T]he interests of justice ordinarily require that [the defendant] not stand convicted without resolution of the merits of his appeal, which is an integral part of our system for finally adjudicating his guilt or innocence." *Id.* at 869 (*quoting Griffin v. Illinois*, 351 U.S. 12, 18 (1956), internal bracketing and quotation marks omitted).

## **CONCLUSION**

The proper role of a court in a criminal contempt case is not to serve as a prosecutor, trying to vindicate its own authority and challenge law that favors the accused. The court's role

---

[1] In *Hirschberg v. CFTC*, the defendant was pardoned nine years after his conviction, and doubtless after the end of any appeals. *Hirschberg v. Commodity Futures Trading Comm'n*, 414 F.3d 679, 680 (7th Cir. 2005). The defendant in *U.S. v. Crowell* was likewise seeking relief eleven years after her conviction. *United States v. Crowell*, 374 F.3d 790, 792 (9th Cir. 2004). More importantly, her case had absolutely nothing to do with a pardon, much less a pardon before appeal; and the panel's comments about pardons were pure *dicta*. *Id.* at 794. *Nixon v. United States* likewise had nothing to do with a defendant being pardoned, much less a pardon before the end of appeals. *Nixon v. United States*, 506 U.S. 224, 226 (1993). It merely referenced the Pardon Clause (Art. II, § 2, cl. 1) in an offhand contextualist argument about how to interpret the Constitution's clause about impeachment of federal judges, and in doing so noted that a pardon does not in and of itself overturn a final judgment, without more.

1  is the same as in any other case, which is to dispassionately apply the law in service of the truth
2  and lenity. Courts are strongest when they honor precedent, and the will of the other branches
3  of government, and not when they ignore them. "It goes without saying that nowhere is there a
4  more earnest will to maintain the independence of federal courts and the preservation of every
5  legitimate safeguard of their effectiveness afforded by the Constitution than in this [the United
6  States Supreme] court. But the qualified independence which they fortunately enjoy is not
7  likely to be permanently strengthened by ignoring precedent and practice and minimizing the
8  importance of the co-ordinating checks and balances of the Constitution." *Ex Parte Grossman*,
9  267 U.S. 87, 122 (1925). "The power of a court to protect itself and its usefulness by punishing
10 contemnors is of course necessary, but it is one exercised without the restraining influence of a
11 jury and without many of the guaranties which the bill of rights offers to protect the individual
12 against unjust conviction. Is it unreasonable to provide for the possibility that the personal
13 element may sometimes enter into a summary judgment pronounced by a judge who thinks his
14 authority is flouted or denied? May it not be fairly said that in order to avoid possible mistake,
15 undue prejudice or needless severity, the chance of pardon should exist at least as much in
16 favor of a person convicted by a judge without a jury as in favor of one convicted in a jury
17 trial?" *Id.* The only true way for a court to vindicate its authority is by humbling itself, and by
18 serving the law. In service of the law, which is grounded in lenity; in service of the Defendant's
19 right to prove his innocence before a jury of his peers, which is now and forever lost; and in
20 service of the importance of checks and balances under our Constitution; the Court must vacate
21 the Defendant's conviction.
22
23
24 . . .
25 . . .
26 . . .

**RESPECTFULLY SUBMITTED** this September 25, 2017.

| | |
|---|---|
| **WILENCHIK & BARTNESS, P.C.** | **GOLDMAN & ZWILLINGER PLLC** |
| */s/ Dennis and Jack Wilenchik* | */s/ Mark D. Goldman* |
| Dennis I. Wilenchik, Esq. | Mark D. Goldman, Esq. |
| John D. Wilenchik, Esq. | Jeff S. Surdakowski, Esq. |
| The Wilenchik & Bartness Building | 17851 North 85th Street, Suite 175 |
| 2810 North Third Street | Scottsdale, AZ 85255 |
| Phoenix, Arizona 85004 | E-mail: docket@gzlawoffice.com |
| admin@wb-law.com | |

*Attorneys for Defendant Joseph M. Arpaio*

### CERTIFICATE OF SERVICE

I hereby certify that on September 25, 2017, I electronically transmitted the foregoing Notice to the Clerk of the Court through the CM/ECF system, which will send a Notice of Electronic Filing to all CM/ECF registrants for this matter.

*/s/Christine M. Ferreira*