IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>v.<br><br>Joseph M. Arpaio,<br><br>    Defendant. | No. CR-16-01012-001-PHX-SRB<br><br>**ORDER** |

On October 4, 2017, the Court dismissed this matter with prejudice while reserving on Defendant Joseph M. Arpaio ("Defendant")'s additional request for vacatur of all orders, which was made pursuant to Defendant's Motion for Vacatur and Dismissal with Prejudice ("Mot.") (Doc. 220). The Court now considers that request.

**I.    BACKGROUND**

This case started with a civil contempt finding by Judge G. Murray Snow in the matter of *Melendres v. Arpaio*, 2:07-cv-02513-GMS. Judge Snow referred Defendant for criminal contempt on August 19, 2016. (Doc. 1, Aug. 19, 2016 Order.) The Government agreed to prosecute Defendant, and the Court issued an Order to Show Cause (Doc. 36) on October 2, notifying Defendant of the charges against him and setting the matter for trial. The Court conducted a five-day bench trial, commencing on June 26, 2017, and concluding on July 6. (*See* Docs. 177, 179, 187, 190, and 199.) On July 31, the Court found Defendant guilty of criminal contempt and scheduled sentencing for October 5. (Doc. 210, July 31, 2017 Order.)

On August 25, the President granted Defendant a full and unconditional pardon for his "conviction" in this matter and for "any other offenses . . . that might arise, or be charged" with respect to the *Melendres* case. (Doc. 221, Executive Grant of Clemency.) Defendant accepted the pardon and subsequently moved to vacate all orders and dismiss his case with prejudice. (Mot. at 1-4.) During the motion's pendency, several third parties moved to file briefs as *amici curiae*. (*See* Docs. 223, 227, 228, 229, 231, 233, and 238.) The Court heard oral argument on October 4. (*See* Doc. 243, Minute Entry.) At the hearing, the Court granted all motions to file briefs as *amici curiae*, found the pardon to be valid, and dismissed the criminal contempt action against Defendant with prejudice. (*Id.*) The Court then took under advisement whether to issue any further orders. (*Id.*)

## II.   LEGAL STANDARD AND ANALYSIS

Article II recognizes the power of the President to "grant Reprieves and Pardons for offenses against the United States, except in Cases of Impeachment." U.S. Const., Art. II, § 2, cl. 1. Criminal contempt is included among those pardonable offenses. *Ex Parte Grossman*, 267 U.S. 87, 121-22 (1925). A presidential pardon must be accepted to be effective. *Burdick v. United States*, 236 U.S. 79, 94 (1915). Once accepted, a full and absolute pardon "releases the wrongdoer from punishment and restores the offender's civil rights without qualification." *Absolute Pardon*, Black's Law Dictionary (10th ed. 2014); *accord United States v. Wilson*, 32 U.S. (7 Pet.) 150, 160 (1833) ("A pardon is an act of grace, proceeding from the power intrusted with the execution of the laws, which exempts the individual, on whom it is bestowed, from the punishment the law inflicts for a crime he has committed."). It does not erase a judgment of conviction, or its underlying legal and factual findings. *United States v. Crowell*, 374 F.3d 790, 794 (9th Cir. 2004); *see also In re North*, 62 F.3d 1434, 1437 (D.C. Cir. 1994) (noting that "a pardon does not blot out guilt or expunge a judgment of conviction").[1] Indeed, a pardon "carries an

---

[1] The United States Supreme Court originally signaled in dicta that a presidential pardon may have an expunging effect. *See Ex Parte Garland*, 71 U.S. (4 Wall.) 333, 380-81 (1866) ("A pardon reaches both the punishment prescribed for the offence and the guilt of the offender; and when the pardon is full, it releases the punishment and blots out of existence the guilt, so that in the eye of the law the offender is as innocent as if he had

imputation of guilt; acceptance a confession of it." *Burdick*, 236 U.S. at 94.

Defendant accepted the pardon before a judgment of conviction was entered. Defendant insists that "it is only fair that the Court vacate its verdict and all other rulings in this case." (Mot. at 3.) Defendant relies on *United States v. Schaffer*, wherein an *en banc* D.C. Circuit vacated "all opinions, judgments, and verdicts" when a presidential pardon rendered the case moot on appeal. *See* 240 F.3d 35, 38 (D.C. Cir. 2001) (en banc) (per curiam). But *Schaffer* addressed a situation much different from the present one. The legal question of Schaffer's guilt was never reached. *Id.* at 38. This was due, not only to the pendency of an appeal when the pardon was issued, but also to the unique procedural posture of the case at that time. *See id.* Following Schaffer's conviction, the district court ordered a new trial, from which the prosecutor appealed. *Id.* The appellate court reversed and remanded for sentencing; however, after Schaffer was sentenced, his petition for *en banc* review was granted and the sentencing order recalled. *Id.* "It was at that uncertain juncture that then President Clinton pardoned Schaffer, thus rendering the case moot." *Id.*

The issue on appeal in *Schaffer* was the district court's grant of a new trial, which had effectively left Schaffer "in the same situation as if no trial had ever taken place." *See United States v. Ayres*, 76 U.S. (9 Wall.) 608, 610 (1869); *United States v. Recio*, 371 F.3d 1093, 1105 n.11 (9th Cir. 2004). As far as the law was concerned, no findings concerning Schaffer's guilt or innocence had been made at the time he accepted the pardon. Thus, the D.C. Circuit's seemingly broad order of vacatur in *Schaffer* actually asked very little of the district court, which was already poised to try Schaffer anew when the pardon issued. *See* 240 F.3d at 38 ("The matter will be remanded to the District Court with directions to dismiss the case as moot."). The same cannot be said here. No appeal

---

never committed the offence."). The Court later rejected this view. *See Burdick v. United States*, 236 U.S. 79, 94 (1915) ("[A pardon] carries an imputation of guilt; acceptance a confession of it."). Other courts have followed suit. *See, e.g.*, *In re North*, 62 F.3d 1434, 1436-37 (D.C. Cir. 1994) (finding *Garland* dicta not controlling); *United States v. Noonan*, 906 F.2d 952, 958-59 (3d Cir. 1990) (same); *Bjerkan v. United States*, 529 F.2d 125, 128 n.2 (7th Cir. 1975) (same).

- 3 -

was pending.[2] No new trial was ordered. And unlike Schaffer, who elected to accept a pardon before the legal question of his guilt could be retried, Defendant accepted the pardon after that question was resolved, but before a judgment of conviction was entered. Therefore, the only matter mooted by the pardon was Defendant's sentencing and entry of judgment, the hearing for which was duly vacated. (Doc. 222, Aug. 29, 2017 Order.) With nothing left to vacate, dismissal with prejudice was all that remained to be ordered.[3] Having already done so, the Court declines to order any further relief.

### III.  CONCLUSION

"The power to pardon is an executive prerogative of mercy, not of judicial record-keeping." *United States v. Noonan*, 906 F.2d 952, 955 (3d Cir. 1990). To vacate all rulings in this case would run afoul of this important distinction. The Court found Defendant guilty of criminal contempt. The President issued the pardon. Defendant accepted. The pardon undoubtedly spared Defendant from any punishment that might otherwise have been imposed. It did not, however, "revise the historical facts" of this case. *See* 67A C.J.S. *Pardon & Parole* § 33.

**IT IS ORDERED** denying Defendant's Motion for Vacatur and Dismissal with Prejudice (Doc. 220) insofar as it seeks relief beyond dismissal with prejudice.

Dated this 19th day of October, 2017.

_____
Susan R. Bolton
United States District Judge

---

[2] Defendant's petition for writ of mandamus to require a jury trial of the criminal contempt charge was summarily denied. *In re Arpaio*, --- S. Ct. ---, 2017 WL 2340260, at *1 (2017).

[3] At oral argument, Defendant raised the possible preclusive effect of the Court's rulings as an additional reason to vacate all orders in this case. The speculative nature of this concern notwithstanding, the law actually counsels against further nullification on this basis. *See Bjerkan*, 529 F.2d at 128 n.2 ("[T]he fact of conviction after a pardon cannot be taken into account in subsequent proceedings. However, the fact of the commission of the crime may be considered. Therefore, although the effects of the commission of the offense linger after a pardon, the effects of the conviction are all but wiped out."); *accord Noonan*, 906 F.2d at 958-59.