Jean-Jacques Cabou (Bar No. 022835)
Shane R. Swindle (Bar No. 011738)
Katherine E. May (Bar No. 032335)
**PERKINS COIE LLP**
2901 North Central Avenue, Suite 2000
Phoenix, Arizona 85012-2788
Telephone:  602.351.8000
Email: JCabou@perkinscoie.com
        SSwindle@perkinscoie.com
        KMay@perkinscoie.com
        DocketPHX@perkinscoie.com

Ian Bassin*
Justin Florence*
**THE PROTECT DEMOCRACY PROJECT, INC.**
2020 Pennsylvania Avenue NW, #163
Washington, DC 20006
Telephone: 202.831.2837
Email: Ian.Bassin@protectdemocracy.org
        Justin.Florence@protectdemoncracy.org

Noah Messing*
**MESSING & SPECTOR LLP**
333 E. 43rd Street, Suite 1
New York, New York 10017
Telephone:  212.960.3720
Email: nm@messingspector.com

Phil Spector*
**MESSING & SPECTOR LLP**
1200 Steuart Street, # 2112
Baltimore, Maryland  21230
Telephone:  202.277.8173
Email: ps@messingspector.com

*Attorneys for The Protect Democracy Project, Inc.*

(Additional counsel listed on following page)

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| United States of America, | No. CR-16-01012-001-PHX-SRB |
|---|---|
| Plaintiff, | |
| v. | **[PROPOSED] BRIEF OF *AMICI CURIAE* IN SUPPORT OF APPOINTMENT OF RULE 42 ATTORNEY TO PROSECUTE APPEAL** |
| Joseph M. Arpaio, | |
| Defendant. | |

1  Locke E. Bowman* (IL Bar No. 6184129)

2  David M. Shapiro* (IL Bar No. 6287364)

3  **RODERICK AND SOLANGE MACARTHUR JUSTICE CENTER**

4  Northwestern Pritzker School of Law
375 East Chicago Avenue

5  Chicago, Illinois 60611
Telephone: 312.503.0711

6  locke.bowman@law.northwestern.edu
david.shapiro@law.northwestern.edu

7  *Attorneys for Roderick and Solange*
*MacArthur Justice Center*

8

Ronald Fein* (MA Bar No. 657930)
Shanna M. Cleveland* (MA Bar No. 647795)
**FREE SPEECH FOR PEOPLE**
1340 Centre St. #209
Newton, MA 02459
Telephone: 617.244.0234
rfein@freespeechforpeople.org
scleveland@freespeechforpeople.org

Dennis Aftergut* (CA Bar No. 75656)
Louise H. Renne* (CA Bar No. 36508)
**COALITION TO PRESERVE, PROTECT, AND DEFEND**
350 Sansome Street, Suite 00
San Francisco, CA 94104
dal.cppd@gmail.com
lrenne@publiclawgroup.com

*Attorneys for Free Speech for People and*
*Coalition to Preserve, Protect and Defend*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## I.      INTRODUCTION AND BACKGROUND

During the October 4, 2017, hearing on Defendant's Vacatur Motion, this Court concluded that it was "bound by the Supreme Court's decision in *Grossman* that a criminal contempt of a court order is an offense against the United States." [Transcript of 10/4/17 Motion Hearing ("Hrg. Tr."), at 5:6-8] The Court agreed with *Amici* that "the criminal contempt pardoned here is for a willful violation of a preliminary injunction that affected constitutional rights, a more significant issue than the willful violation of the injunction against selling alcohol in *In re Grossman*." [*Id.* at 6:11-15] While the Court recognized this potential basis for distinguishing *Grossman*, the Court concluded that it was nonetheless bound by that decision. The Court therefore found the Pardon valid, and held that the Pardon required this action for criminal contempt be dismissed with prejudice.  [*Id.* at 6:19-20; *see also* Doc. 243 at 1]

While *Amici* respectfully disagree with the Court's conclusions, they do not ask the Court to revisit its decisions. *Amici* understand that the Court had before it the benefit of briefing on the issue, and that the Court determined that it was bound by appellate precedent—albeit precedent that it agreed can be distinguished from this case. *Amici* submit this short supplemental brief to ask that the Court take a modest action to provide for appellate consideration of this issue, by appointing a private attorney—as the Federal Rules of Criminal Procedure command—who can then prosecute an appeal.

## II.     ARGUMENT

To begin, as this Court's assessment reflects, the question of the Pardon's validity implicates considerations beyond those at issue in *Grossman*, for this case involves private constitutional rights—a more significant issue than did *Grossman*. Under these circumstances, this Court's ruling should not be insulated from appellate review by the Ninth Circuit, which could reasonably deem *Grossman* distinguishable, or ultimately by the Supreme Court, which is free to reconsider *Grossman* itself.

Providing for appellate review in this case is all the more necessary because the core power of the judiciary is at stake. The "fundamental purpose [of criminal contempt

1    proceedings] is to preserve respect for the judicial system itself." *Young v. U.S. ex rel.*

2    *Vuitton et Fils S.A.*, 481 U.S. 787, 800 (1987). For this reason, the Supreme Court has

3    instructed that the appellate courts play an important role in criminal contempt matters:

4    "The exercise of supervisory authority [by the appellate courts] is especially appropriate

5    in the determination of the procedures to be employed by courts to enforce their orders, a

6    subject that directly concerns the functioning of the Judiciary." *Id.* at 809. This Court

7    should not limit the appellate courts' opportunity to consider the important question raised

8    here concerning the judiciary's authority to enforce constitutional rights.

9         Appointing a private attorney who can prosecute an appeal is not only important to

10   the Judicial Branch as a whole—it is also mandated by the Federal Rules of Criminal

11   Procedure.  Rule 42(a)(2) directs that in a prosecution for criminal contempt, "[t]he court

12   *must* request that the contempt be prosecuted by an attorney for the government," and "[i]f

13   the government declines the request, the court *must* appoint another attorney to prosecute

14   the contempt." Fed. R. Crim. P. 42(a)(2) (emphasis added). Every court that has

15   considered the issue has held that Rule 42(a)(2)'s requirement that a private attorney be

16   appointed if the government declines to prosecute the contempt is "mandatory." *See*

17   *United States v. Struckman*, 611 F.3d 560, 580 n.1 (9th Cir. 2010) (Benzon, J. concurring)

18   ("If criminal contempt is pursued, a prosecutor, either for the government or appointed

19   specially by the court, would be *mandatory* as to conduct occurring outside the court's

20   presence." (citing Rule 42(a)(2)) (emphasis added)); *In re Troutt*, 460 F.3d 887, 894 (7th

21   Cir. 2006) ("The requirement in Rule 42(a)(2) to appoint a prosecutor is spelled out in

22   mandatory language[.]"); *e.g.*, *United States v. Peoples*, 698 F.3d 185, 193 (4th Cir. 2012)

23   (reversing contempt conviction because district court violated Rule 42(a)(2) in failing to

24   appoint a prosecutor for second contempt trial).

25        In this case, although the Government obtained a conviction, it then abandoned any

26   efforts to prosecute the contempt. The Government has argued in its briefing and in oral

27   argument that "this prosecution is over," that "[t]here will be no sentencing," "[t]here will

28   be no judgment," and there will be no appeals. [Hrg. Tr. at 14:10-23; *see also* Doc. 225 at

3] Under these circumstances, where the government has abandoned the prosecution, Rule 42(a)(2) requires that the Court "appoint another attorney to prosecute the contempt."[1]

A criminal case is not final until it is resolved by direct appeal. The Supreme Court has explicitly held that criminal appeals are an "integral part of (our) system for finally adjudicating [a criminal defendant's] guilt or innocence." *Griffin v. Illinois*, 351 U.S. 12, 18 (1956); *see United States v. Oberlin*, 718 F.2d 894, 896 (9th Cir. 1983). Nothing in Rule 42 even suggests that a private attorney could only prosecute a contempt in district court and not on appeal. *E.g.*, *In re Special Proceedings*, 373 F.3d 37, 39-40 (1st Cir. 2004) (Rule 42 prosecutor representing United States on appeal); *United States v. Cutler*, 58 F.3d 825, 828 (2d Cir. 1995) (same). Thus, the duty to prosecute set forth in Rule 42 includes the duty to prosecute an appeal where, as here, valid grounds for appeal exist.

Rule 42 reflects the judgment of the Supreme Court and Congress that, when the Justice Department fails to pursue a contempt prosecution, the integrity of the Judicial Branch requires appointment of another attorney to serve that function. Because this Court believed itself bound by appellate precedent (and had before it *amici* briefs presenting arguments that a private attorney might have made), it may have concluded it did not need a private attorney for its own consideration of the issue. But, now that this Court has dismissed the contempt charge, failure to appoint a private attorney could allow the President and his Justice Department to effectively block appellate consideration of a constitutional issue of critical importance to the Judicial Branch as a whole.

**III.   CONCLUSION**

For the foregoing reasons, *Amici* respectfully request that the Court appoint a private attorney to prosecute an appeal of this case.

---

[1] Rule 42(a)(2) is not limited to situations where the government declines to prosecute before charges are brought. *See, e.g.*, *In re Grogan*, 972 F. Supp. 992, 1008 n.22 (E.D. Va. 1997) (denying government's motion to dismiss criminal contempt charge and appointing a private attorney to continue the prosecution).

Dated:  October 16, 2017

**PERKINS COIE LLP**

By: *s/ Jean-Jacques Cabou*
    Jean-Jacques Cabou
    Shane R. Swindle
    Katherine E. May
    2901 North Central Avenue, Suite 2000
    Phoenix, Arizona 85012-2788

    Ian Bassin*
    Justin Florence*
    2020 Pennsylvania Avenue NW #163
    Washington, DC 20006

    Noah Messing*
    MESSING & SPECTOR LLP
    333 E. 43rd Street, Suite 1
    New York, New York 10017

    Phil Spector*
    MESSING & SPECTOR LLP
    1200 Steuart Street # 2112
    Baltimore, Maryland  21230

*Attorneys for The Protect Democracy Project, Inc.*

**RODERICK AND SOLANGE MACARTHUR JUSTICE CENTER**

By: *s/ David M. Shapiro (with permission)*
    Locke E. Bowman* (IL Bar No. 6184129)
    David M. Shapiro* (IL Bar No. 6287364)
    Northwestern Pritzker School of Law
    375 East Chicago Avenue
    Chicago, Illinois 60611
    Telephone: 312.503.0711
    Email: locke.bowman@law.northwestern.edu
    david.shapiro@law.northwestern.edu

*Attorneys for Roderick and Solange MacArthur Justice Center*

1

**FREE SPEECH FOR PEOPLE**

2

By: *s/ Ronald Fein (with permission)*
    Ronald Fein* (MA Bar No. 657930)

3

4
    Shanna M. Cleveland* (MA Bar No. 647795)
    1340 Centre St. #209

5
    Newton, MA 02459
    Telephone: 617.244.0234

6
    rfein@freespeechforpeople.org

7
    scleveland@freespeechforpeople.org

8

**COALITION TO PRESERVE, PROTECT,**
**AND DEFEND**

9

10

11
By: *s/ Dennis Aftergut (with permission)*
    Dennis Aftergut* (CA Bar No. 75656)

12
    Louise H. Renne* (CA Bar No. 36508)
    350 Sansome Street, Suite 00

13
    San Francisco, CA 94104
    dal.cppd@gmail.com

14
    lrenne@publiclawgroup.com

15
*Attorneys for Free Speech for People and*

16
*Coalition to Preserve, Protect and Defend*

17
*Application for Admission *Pro Hac Vice* Forthcoming

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

☒      I hereby certify that on October 16, 2017, I electronically transmitted the attached documents to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants for this matter.

s/ Stephanie J. Lawson